# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE, A MINOR, by her** | : | |
| **Mother and Natural Guardian,** | : | **CIVIL ACTION NO.:** |
| **JENNIFER NIED, and JENNIFER NIED,** | : | |
| **Individually** | : | |
| 709 Minooka Avenue | : | _____ |
| Moosic, Pennsylvania 18507 | : | |
| | : | |
| **Plaintiffs,** | : | (Judge _____) |
| | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **RIVERSIDE SCHOOL DISTRICT d/b/a** | : | |
| **RIVERSIDE JUNIOR/SENIOR** | : | |
| **HIGH SCHOOL,** | : | |
| 300 Davis Street | : | |
| Taylor, Pennsylvania 18517 | : | |
| | : | |
| **and** | : | |
| | : | |
| **RIVERSIDE SCHOOL DISTRICT BOARD** | : | |
| **OF EDUCATION,** | : | |
| 601 South Main Street | : | |
| Taylor, Pennsylvania 18517 | : | |
| | : | |
| **and** | : | |
| | : | |
| **ROBERT PRESLEY, in his individual and** | : | |
| **official capacity,** | : | |
| 1100 Center Street | : | |
| Jim Thorpe, Pennsylvania 18229 | : | |
| | : | |
| **and** | : | |
| | : | |
| **CHRISTOPHER LAZOR,** | : | |
| **in his individual and official capacity,** | : | |
| 300 Davis Street | : | |
| Taylor, Pennsylvania 18517 | : | |
| | : | |
| **and** | : | |
| | : | |
| **PAUL M. BRENNAN, in his individual and** | : | |
| **official capacity,** | : | |

1

601 South Main Street                                        :
Taylor, Pennsylvania 18517                                   :
                                                             :
**and**                                                      :
                                                             :
**BRYAN PICA & NICOLE**                                      :
**PICA, as the Parents and Natural Guardians**               :
**of A.P., a minor**                                         :
1236 Loomis Avenue                                           :
Taylor, Pennsylvania 18517                                   :
                                                             :
                                    **Defendants.**  :
                                                             :

## COMPLAINT

**AND NOW**, come the Plaintiffs, Jane Doe, a minor, by her Parent and Natural Guardian, Jennifer Nied, and Jennifer Nied individually, by and through Counsel, Ryan P. Campbell, Esquire, Dave W. Rothenberg, Esquire, and Leah K. Popple, Esquire of Rothenberg & Campbell, by way of Complaint against the Defendants, Riverside School District d/b/a Riverside Junior/Senior High School, Riverside School District Board of Education, Robert Presley, in his individual and official capacity, Christopher Lazor, in his individual and official capacity, Paul M. Brennan, in his individual and official capacity, and Bryan Pica & Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, and hereby complain and aver as follows:

## PRELIMINARY STATEMENT

1.     This action arises from, *inter alia*, Defendant Riverside School District and Defendant Riverside School District Board of Education (hereinafter referred to collectively as the "District Defendants") continuously violating 24 P.S. § 13-1318.1. Specifically, the District Defendants have refused and/or otherwise failed to remove A.P., a minor, who has been adjudicated delinquent of sexual assault against the minor-Plaintiff, Jane Doe.

2.     Plaintiffs bring this action, charging that the District Defendants violated Plaintiff Jane Doe's rights pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

3.     Plaintiffs also bring this action to redress the deprivation of Plaintiff Jane Doe's constitutional rights as guaranteed under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

4.     The Plaintiff seeks compensatory, economic, and punitive damages as a result of Defendants' actions and/or inactions, either individually and/or jointly.

5.      The Plaintiff additionally seeks to remedy violations of the laws of the Commonwealth of Pennsylvania to redress the injuries Plaintiff Jane Doe sustained as a result of being harassed and discriminated against on the basis of her sex/gender, and for making complaints about such discrimination.

## THE PARTIES

6.      The Plaintiff, Jane Doe, is a female and minor individual. The Plaintiff, Jane Doe, is referred to herein as Jane Doe due to the extreme and irreparable hardship such revelation of her identity would cause and the need to protect victims of sexual assault and sexual violence.

7.      The Plaintiff, Jane Doe, brings this action by and through her mother and natural guardian, Jennifer Nied. Jennifer Nied also brings this action in her individual capacity in addition to as the mother and natural guardian of Jane Doe.

8.      At all times material hereto, the Plaintiffs were residents of Lackawanna County, Commonwealth of Pennsylvania, located within the Middle District of Pennsylvania.

9.      At all times material hereto, the Plaintiff, Jane Doe, was enrolled in Riverside Junior/Senior Highschool, located in Taylor, Pennsylvania, a public-school entity maintained, operated and/or controlled by the District Defendants.

10.      The Defendant, Riverside School District is believed to be a public-school entity in Lackawanna County, Commonwealth of Pennsylvania. It is organized under the laws and Constitution of the Commonwealth of Pennsylvania with a principal place of business located at 300 Davis Street, Taylor, Pennsylvania 18517. Riverside Junior/Senior High School is a school within the Riverside School District which provides education for students grades 7 through 12 who are enrolled in Defendant's District.

11.      The Defendant, Riverside School District Board of Education is believed to be compiled of Board of School Directors of Riverside School District with a principal place of business located at 601 South Main Street, Taylor, Pennsylvania 18517. At all times material hereto, Defendant Board was responsible for acting as the general agent of the residents of the school district in matters of public education. Furthermore, at all times material hereto, Defendant Board was responsible for, *inter alia*, establishing, maintaining, and evaluating the education programs in district schools, including the Riverside Junior/Senior High School, and for enforcing mandatory laws and regulations.

12.      The Defendant, Robert Presley (hereinafter referred to as "Defendant Principal Presley"), was at all times material hereto, an agent, servant, administrator, and/or employee of the Defendant District, who served as the Defendant District's Riverside Junior/Senior High School's principal. As set forth herein, Defendant Principal Presley, by and through his omissions and/or inactions, desired to bring about the harassment, discrimination, threats, embarrassment, and hostile educational

3

environment that followed and/or was substantially certain that such a result would occur.

13. It is believed, and therefore averred, that Defendant Principal Presley maintains a place of business at the Jim Thorpe Area School District Administration building located at 1100 Center Street, Jim Thorpe, Pennsylvania 18229.

14. The Defendant, Christopher Lazor (hereinafter referred to as "Defendant Principal Lazor"), was at all times material hereto, an agent, servant, administrator, and/or employee of the Defendant District, who served as the Defendant District's Riverside Junior/Senior High School's principal. As set forth herein, Defendant Principal Lazor, by and through his omissions and/or inactions, desired to bring about the harassment, discrimination, threats, embarrassment, and hostile educational environment that followed and/or was substantially certain that such a result would occur.

15. It is believed, and therefore averred, that Defendant Principal Lazor maintains a place of business at the Riverside Junior/Senior High School with an address of 300 Davis Street, Taylor, Pennsylvania 18507.

16. The Defendant, Paul M. Brennan (hereinafter referred to as "Defendant Superintendent Brennan"), was at all times material hereto, an agent, servant, administrator, and/or employee of the Defendant District, who served as the Defendant District's superintendent of schools. As set forth herein, Defendant Superintendent Brennan, by and through his omissions and/or inactions, desired to bring about the harassment, discrimination, threats, embarrassment, and hostile educational environment that followed and/or was substantially certain that such a result would occur.

17. It is believed, and therefore averred, that Defendant Superintendent Brennan maintains a place of business at the Riverside School District Administration Building located at 601 South Main Street, Taylor, Pennsylvania 18507.

18. Defendant Principal Presley, Defendant Principal Lazor, and Defendant Superintendent Brennan are hereinafter referred to collectively as the "Individual Defendants".

19. The Defendant, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, are believed to be adult and competent individuals with an address of 1236 Loomis Avenue, Taylor, Pennsylvania 18517.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 which gives the United States District Courts jurisdiction over all civil actions arising under the United States Constitution, laws, and treaties of the United States.

4

21.     This Court has jurisdiction in that this action involves a Federal Question which arises under federal law.

22.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

23.     This Court additionally has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which provides the United States District Courts with original jurisdiction over any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of all citizens or of all persons within the jurisdiction of the United States and any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

24.     Venue is properly laid in the Middle District of Pennsylvania because a substantial part of the acts and omissions giving rise to the instant Complaint occurred in Lackawanna County, Pennsylvania. Lackawanna County is within the Middle District of Pennsylvania.

## FACTUAL BACKGROUND

25.     At all times material hereto, the minor-Plaintiff, Jane Doe, was a student enrolled at Defendant District's Junior/Senior High school located in Taylor, Pennsylvania.

26.     At all times material hereto, the minor-Plaintiff, Jane Doe, was a student with disabilities in Defendants' District as that term is defined by Rehabilitation Act of 1973, 29 U.S.C. § 794.

27.     As such, at all times material hereto, the minor-Plaintiff, Jane Doe, maintained a 504 Service Agreement with Defendants' District which outlined the accommodations for Jane Doe's education as a disabled student.

28.     In January of 2021, the minor-Plaintiff, Jane Doe, while enrolled in the Defendants' District and during the time when Plaintiff Jane Doe was attending the Junior/Senior High School, was sexually assaulted by A.P., a minor, also enrolled in the Defendant's District and also during the time when A.P. was attending the Junior/Senior High School.

29.     Specifically, the sexual assault occurred outside of the school setting, as that term is defined by The Public School Code, while the minor-Plaintiff, Jane Doe, and the minor assailant, A.P., were in Luzerne County, Pennsylvania.

30.     The actions of A.P. resulted in the filing of a Petition Alleging Delinquency wherein the Luzerne County District Attorney's Office alleged that A.P. committed rape and/or sexual assault against the minor-Plaintiff, Jane Doe.

31.     Subsequently, at the Hearing regarding the Petition Alleging Delinquency in the Interest of A.P., the Court adjudicated A.P. delinquent of Felony 2 Sexual Assault pursuant to 18 Pa. C.S. § 3124.1 and/or the Court accepted A.P.'s admission of committing Felony 2 Sexual Assault pursuant to 18 Pa. C.S. § 3124.1 against the minor-Plaintiff, Jane Joe.

32.     Specifically, the minor-Plaintiff, Jane Doe, was the listed victim of A.P.'s adjudication and/or admission of sexual assault.

33.     During the pendency of the juvenile matter involving the acts committed by A.P., the Plaintiff, Jennifer Nied, was in constant and direct communication with the District Defendants, by and through their agents, servants, administration and/or employees and/or the Individual Defendants with regards to the allegations and the resultant impact that it exacted on the minor-Plaintiff, Jane Doe.

34.     Notwithstanding the foregoing, the District Defendants, by and through their agents, servants, administration and/or employees, and/or the Individual Defendants wrongfully told the Plaintiff, Jennifer Nied, that there is nothing that could be done to protect the minor-Plaintiff, Jane Doe, from her assailant, A.P., while in school.

35.     Nevertheless, the Plaintiff, Jennifer Nied, continued to inform the District Defendants, by and through their agents, servants, administration and/or employees, and/or the Individual Defendants of the juvenile disposition of A.P. as the Juvenile case progressed.

36.     Specifically, the Plaintiff, Jennifer Nied, specifically informed the District Defendants, by and through their agents, servants, administration and/or employees, of A.P.'s delinquency adjudication and/or admission at the conclusion of the Juvenile case.

37.     Furthermore, the Plaintiff, Jennifer Nied, specifically raised objections and concerns relating to the sexual assailant, A.P., being permitted at and/or near his victim, Jane Doe, during school hours. Similarly, the Plaintiff, Jennifer Nied, also specifically raised objections and concerns relating to the minor-Plaintiff, Jane Doe, being compelled to confront her sexual assailant, A.P., during school hours.

38.     Still, the District Defendants, either individually and/or collectively, by and through their agents, servants, administration and/or employees, refused and/or otherwise failed to take any action whatsoever to ensure the safety of the minor victim.

39.     During the period wherein the District Defendants refused and/or otherwise failed to provide for the safety of the minor-Plaintiff, Jane Doe, the minor sexual assailant, A.P., was permitted to continue to be educated in the same building as the minor-Plaintiff and was further permitted to attend the same lunch period as the minor-Plaintiff.

40.     Furthermore, the minor sexual assailant, A.P., was given unrestricted access to his victim, Jane Doe, during school hours, causing serious, permanent and debilitating injuries as set forth herein.

41.     As the direct result thereof, the minor sexual assailant, A.P., continued to harass, annoy, threaten, alarm, embarrass, intimidate, torment and/or persecute his sexual assault victim, Jane Doe, all during school hours and all while on the property owned and/or maintained by the District Defendants.

42.     By way of example, after the disposition of the Juvenile matter of A.P. wherein he was adjudicated delinquent and/or admitted to the Felony 2 Sexual Assault against Jane Doe, and on or about January 29, 2022, the District Defendants, either individually and/or collectively, by and through their agents, servants, administration and/or employees, permitted A.P. to attend the Riverside Junior/Senior High School Semi-Formal dance when they knew, or should have known, that the minor-Plaintiff, Jane Doe. would also be in attendance and subjected to A.P.'s torment and abuse.

43.     Out of fear that A.P. would be in attendance at the Semi-Formal dance on January 29, 2022, and out of further fear that the Defendants, either individually and/or collectively, by and through their agents, servants, administration and/or employees, would not do anything to protect Jane Doe as the victim of A.P.'s sexual assault, the minor-Plaintiff, Jane Doe, arrived at the dance early with her friends and proceeded to sit at a remote table so as to establish a 'safe haven' for the night.

44.     However, the District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees, permitted A.P., accompanied by his friends, to sit at the table directly behind Jane Doe's. It is believed, and therefore averred, that the table wherein A.P. was permitted to sit was approximately six (6) feet from the table already occupied by Jane Doe.

45.     Unfortunately for, and to the ultimate detriment of the minor-Plaintiff, Jane Doe, the District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees, permitted, either directly or indirectly, A.P. and his friends to ridicule, embarrass and threaten the minor-Plaintiff during the entirety of the Semi-Formal dance. As such, the minor-Plaintiff, Jane Doe, spent the majority of her night crying in a stall in the girl's bathroom.

46.     As an additional example, after the incident at the Semi-Formal dance to which the District Defendants were made aware of by the Plaintiff, and during school hours between the ninth (9th) and tenth (10th) periods, while both A.P. and Jane Doe were being educated in the same building of the Riverside Junior/Senior High School, A.P. walked down the school's hallway directly towards Jane Doe, and, while traversing passed her unrestrictedly, mockingly shouted aloud "Please move. Please move. Please fu**ing move. Somebody fu**ing kill me." [sic].

47.     This incident, and the District Defendants continued refusal and/or failure to do anything to protect the minor-Plaintiff, Jane Doe, resulted in further embarrassment, harm and damage to Jane Doe.

48.     Thus, the Plaintiff, Jennifer Nied, once again emergently contacted the District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees, informed them of the ongoing issues during school, and requested an immediate meeting with the Principals and guidance counselor of the Riverside Junior/Senior High School. That meeting was scheduled for February 23, 2022.

49.     The Plaintiff presented herself to the Defendant District for the meeting on February 23, 2022. At that time, the Plaintiff was informed by the District Defendants, individually and/or jointly, by and through their agents, servants, administration and/or employees, that the District Defendants had no knowledge of the sexual assault adjudication (despite Plaintiffs numerous correspondence indicating same), did not know that A.P. was on Juvenile probation, and further that they could not do anything to protect Jane Doe from A.P. during school hours.

50.     It is believed, and therefore averred, that the District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees, were directly made aware of the adjudication and disposition by the adjudicated Juvenile's assigned Juvenile Probation Officer.

51.     As the direct result of the actions and/or inactions of the District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees, the minor-Plaintiff, Jane Doe, has suffered, and so continues to suffer, extreme psychological and physical damages which include, but are not limited to, self-mutilation, anxiety, decrease in appetite, dangerous sexual activity, decline in grades, decline in attendance, post-traumatic stress disorder, depression and panic attacks. It is believed, and therefore averred, that the damages caused to the minor-Plaintiff by the actions and/or inactions of the Defendants, individually and/or jointly, by and through their agents, servants, administration and/or employees, will continue indefinitely into the future.

52.     It is believed, and therefore averred, that the injuries sustained by the minor-Plaintiff, Jane Doe, as set forth herein, are permanent in nature.

53.     As the direct and proximate result of the District Defendants' failures and/or omissions, the minor-Plaintiff, Jane Doe's, education was significantly interfered.

54.     As a further direct and proximate result of the District Defendants' failures and/or omissions, the District Defendants created a threatening and hostile educational environment for the minor-Plaintiff, Jane Doe.

55.     As a further direct and proximate result of the District Defendants' failures and/or omissions, the orderly operation of the Riverside Junior/Senior High School was substantially disrupted.

56.     As a further direct and proximate result of the District Defendants' failures and/or omissions, the minor-Plaintiff, Jane Doe, was subjected to additional

harassment, torment and abuse by students and faculty alike. *To wit*, the minor-Plaintiff, Jane Doe, was forced by the District Defendants to remain in a specific class with a teacher that also served as a coach to A.P. This particular teacher created an extremely hostile and toxic learning environment for Jane Doe. When the aforementioned was brought to the attention of the District Defendants, and furthermore when Jane Doe requested to be transferred to a different class, the District Defendants refused.

57.     At all times material hereto, the District Defendants were the recipients of Federal financial assistance, *to wit*, federal funding, as that term is contemplated by 20 U.S.C. § 1681, *et. seq.*

## 24 P.S. § 13-1318.1 "ACT 110"

58.     The Pennsylvania state law, as codified at 24 P.S. § 13-1318.1 (hereinafter referred to as "Act 110"), "was enacted to protect student survivors/victims of sexual assault."

59.     Specifically, Act 110, effective as of January 4, 2021, mandates expulsion, transfer, or reassignment of a student convicted or adjudicated delinquent of sexual assault against another student enrolled in the same public-school entity. 24 P.S. § 13-1318.1.

60.     Furthermore, Act 110 imposes an affirmative duty upon the public-school entity to "ensure that the convicted or adjudicated student is not educated in the same school building or transported on the same school vehicle or allowed to participate in the same school-sponsored activities at the same time as the victim." 24 P.S. § 13-1318.1(a)(2).

61.     Act 110 categorically sets forth the specific offenses of "sexual assault" that, once the student is convicted or adjudicated delinquent thereof, triggers the public school's affirmative duty to expel, transfer or reassign. Convictions and/or delinquency adjudications of the following are specifically included in Act 110: (1) 18 Pa. C.S. § 3121 [relating to rape]; (2) 18 Pa. C.S. § 3122.1 [relating to statutory sexual assault]; (3) 18 Pa. C.S. § 3123 [relating to involuntary deviate sexual intercourse]; (4) 18 Pa. C.S. § 3124.1 [relating to sexual assault]; (5) 18 Pa. C.S. § 3125 [relating to aggravated indecent assault]; and (6) 18 Pa. C.S. § 3126 [relating to indecent assault]. 24 P.S. § 13-1318.1(j).

62.     Act 110 additionally imposes an affirmative duty upon the convicted and/or adjudicated delinquent student to notify the public-school entity of the conviction or delinquency adjudication involving another student in the same school entity no later than seventy-two (72) hours after the conviction or adjudication. 24 P.S. § 13-1318.1(e).

63.     Similarly, Act 110 requires the public-school entity to make the aforementioned seventy-two (72) hour requirement clear in the school's Student Handbook and/or Code of Conduct. 24 P.S. § 13-1318.1(a)(2); 24 P.S. § 13-1318.1(h).

64.     In situations where the "sexual assault" of another student occurred outside of a school setting, Act 110 provides that the affirmative duty of the public school entity is

triggered if the assault (1) was against another student enrolled in the same public school entity; and (2) has the effect of: (i) substantially interfering with the victim's education; (ii) creating a threatening or hostile educational environment; or (iii) substantially disrupting the orderly operation of the school. 24 P.S. § 13-1318.1(b).

### 20 U.S.C. § 1681 "TITLE IX of the EDUCUATION AMENDMENTS OF 1972"

65.     Title IX of the Education Amendments of 1972 "Title IX" sets forth that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance...". 20 U.S.C. § 1681(a).

66.     Title IX is implemented by and through the Code of Federal Regulations which provides, in its pertinent part, that a recipient of Federal financial assistance "shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action would be prohibited by this part." 34 C.F.R. § 106.8(b).

67.     A complainant may prevail in a private Title IX action for damages against a school district in cases of student-on-student harassment where the district, as a Federal financially assisted educational program, is deliberately indifferent to sexual harassment of which the recipient has actual knowledge and the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victim of access to the educational opportunities or benefits by the school. *See Davis v. Monroe County Board of Education*, 526 US 629 (1999).

68.     Retaliation against an individual, for the purpose of interfering with any right or privilege secured by Title IX is prohibited, including but not limited to, retaliation against an individual because the individual filed a complaint alleging a violation of Title IX, participated in a Title IX investigation, or advocated for others' Title IX rights. 20 U.S.C. § 1681.

69.     Thus, it is the duty of the recipient of the Federal financial assistance to ensure that individuals are not intimidated, threatened, coerced, or discriminated against for engaging in any such Title IX activity.

### COUNT I: DISCRIMINATION PURSUANT TO TITLE IX
#### (20 U.S.C. § 1681, et. seq.)
#### PLAINTIFFS v. DISTRICT DEFENDANTS,
#### RIVERSIDE SCHOOL DISTRICT and
#### RIVERSIDE SCHOOL DISTRICT BOARD OF EDUCATION

70.     The Plaintiffs reaver and reallege ¶ 1-69 as though more fully set forth at length herein.

71.     The sex-based harassment, as set forth herein, was so severe, pervasive, and objectively offensive that the minor-Plaintiff, Jane Doe, was deprived of access to educational opportunities and/or benefits provided by the Riverside Junior/Senior High School.

72.     The District Defendants, Riverside School District and Riverside School District Board of Education, created and/or subjected to the minor-Plaintiff, Jane Doe, to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (hereinafter referred to as "Title IX").

73.     At all times material hereto, the minor-Plaintiff, Jane Doe, was a member of a protected class.

74.     At all times material hereto, the minor-Plaintiff, Jane Doe, was subjected to sexual harassment and/or harassment in the form of a sexual assault by another student.

75.     At all times material hereto, the minor-Plaintiff, Jane Doe, was subjected to sexual harassment and/or harassment in the form of discrimination by the District Defendants.

76.     At all times material hereto, the minor-Plaintiff, Jane Doe, was subject to harassment based on her sex.

77.     At all times material hereto, the minor-Plaintiff, Jane Doe, was subjected to a hostile educational environment created by the District Defendants', either individually and/or jointly, lack of policies and procedures, and failure to properly investigate and/or address the sexual assault and subsequent and severe harassment.

78.     Upon information and belief, the District Defendants, either individually and/or jointly, by and through its agents, servants, administration and/or employees, had actual knowledge of the sexual assault of the minor-Plaintiff, Jane Doe.

79.     The District Defendants' failure to promptly and appropriately respond to the sexual harassment resulted in the minor-Plaintiff, Jane Doe, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the Riverside Junior/Senior High School's education programs in violation of Title IX.

80.     The District Defendants, either individually and/or jointly, failed to take immediate and effective remedial steps to resolve the complaints of sexual harassment, as vocalized by Plaintiffs on numerous occasions, and instead acted with deliberate indifference towards the Plaintiff, Jane Doe.

81.     The District Defendants, either individually and/or jointly, persisted in its actions and inactions even after it has actual knowledge of the harm suffered by the minor-Plaintiff, Jane Doe.

82.     Thus, the District Defendants, either individually and/or jointly, engaged in a pattern and practice of unlawful behavior designed to discourage and dissuade students, such as the minor-Plaintiff, Jane Doe, and the parents of students, such as the Plaintiff, Jennifer Nied, who had been sexually assaulted from seeking prosecution and protection, and from seeking to have sexual assaults and subsequent harassment fully investigated.

83.     The unlawful policy and practice of the District Defendants, either individually and/or jointly, as set forth herein, constituted disparate treatment of females and had a disparate impact on female students.

84.     As the direct and proximate result of the actions and inactions of the District Defendants, either individually and/or jointly, the minor-Plaintiff, Jane Doe, has sustained the injuries set forth at length herein which include, but are not limited to, severe emotional distress, irreparable psychological damage and resultant manifested physical injury.

85.     The District Defendants, either individually and/or jointly, acted with deliberate indifference to the minor-Plaintiff, Jane Doe's, rights pursuant to Title IX.

86.     The District Defendants, either individually and/or jointly, had actual knowledge that the minor sexual assailant, A.P., had engaged in sexually inappropriate behavior, was adjudicated delinquent of sexual assault, was harassing Jane Doe during school hours, was sexually harassing Jane Doe during school hours, was physically threatening Jane Doe during school hours, was significantly interfering with Jane Doe's constitutional right to education, and was tormenting Jane Doe while at the Riverside Junior/Senior High School, in school sponsored activities, and during school hours.

87.     The District Defendants, either individually and/or jointly, acted with deliberate indifference with respect to addressing the sexual misconduct and/or harassment that the District Defendants knew was occurring.

88.     The minor-Plaintiff, Jane Doe's, educational experience was thereafter permeated with discriminatory intimidation, ridicule, embarrassment and insult that was sufficiently so severe and/or pervasive so as to alter the conditions of the minor-Plaintiff's educational environment.

89.     As the direct and proximate result of the District Defendants' conscious, deliberate and/or intentional actions and/or omissions, either individually and/or jointly, the minor-Plaintiff, Jane Doe, has suffered, and will continue to so suffer, indefinitely into the future.

WHEREFORE, the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against the District Defendants, Riverside School District and Riverside School District Board of Education, either individually and/or jointly, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

## COUNT II: RETALIATION PURSUANT TO TITLE IX
### (20 U.S.C. § 1681, et. seq.)
### PLAINTIFFS v. DISTRICT DEFENDANTS,
### RIVERSIDE SCHOOL DISTRICT and
### RIVERSIDE SCHOOL DISTRICT BOARD OF EDUCATION

90.     The Plaintiffs reaver and reallege ¶ 1-89 as though more fully set forth at length herein.

91.     Pursuant to Title IX, 20 U.S.C. § 1681 (a), retaliatory actions relating to Title IX also constitutes discrimination.

92.     After the Plaintiffs complained of the discrimination as set forth herein, the District Defendants, either individually and/or jointly, by and through its agents, servants, administration and/or employees, retaliated against the minor-Plaintiff, Jane Doe, by failing to take prompt and appropriate action, failing to remove the sexual assailant from the same building as Jane Doe, compelling Jane Doe to come face to face with her assailant, failing and/or refusing to remove Jane Doe from classes wherein she was subjected to additional abuse by faculty, making false remarks to the Plaintiffs, failing and/or refusing to keep Plaintiffs informed regarding the District's investigation, and then and there failing and/or refusing to respond to Plaintiffs' requests for communication and/or explanation.

93.     As the direct and proximate result of the District Defendants' conscious, deliberate and/or intentional actions and/or omissions, as set forth herein, the minor-Plaintiff, Jane Doe, has suffered injuries which include, but are not limited to, severe emotional distress, irreparable psychological damage and resultant manifested physical injury.

        **WHEREFORE,** the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against the District Defendants, Riverside School District and Riverside School District Board of Education, either individually and/or jointly, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

## COUNT III: NEGLIGENCE *PER SE*
### PLAINTIFFS v. DISTRICT DEFENDANTS,
### RIVERSIDE SCHOOL DISTRICT and
### RIVERSIDE SCHOOL DISTRICT BOARD OF EDUCATION

94.     The Plaintiffs reaver and reallege ¶ 1-93 as though more fully set forth at length herein.

95. The District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees, violated Act 110 when it wholly neglected to do and perform in accordance with Act 110 which were expressly required to be done and performed pursuant to 24 P.S. § 13-1318.1.

96. As set forth herein, the District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees, had a duty to expel, transfer, or reassign students convicted or adjudicated delinquent of sexual assault to safeguard victims of sexual assault, such as the minor-Plaintiff, Jane Doe, from further abuse from the assailant.

97. Section A of Act 110 specifically provides that the District "shall ensure that the convicted or adjudicated student is not educated in the same school building, or transported on the same school vehicle or allowed to participate in the same school-sponsored activities at the same time as the victim." 24 P.S. § 13-1318.1(a)(2).

98. The District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees violated Act 110 by failing to take any measure whatsoever to ensure that the minor-student adjudicated delinquent of sexual assault against Jane Doe is not educated in the same school building or allowed to participate in the same school-sponsored activities at the same time as the minor-Plaintiff, Jane Doe.

99. The failures and omissions of the District Defendants, as set forth herein, by and through their agents, servants, administration and/or employees, were done in blatant disregard for the rights and well-being of the minor-Plaintiff, Jane Doe, when they knew, or should have known, that the sexual assault as perpetrated by A.P., and his continued presence at the Defendant District, had the effect of substantially interfering with the minor-Plaintiff, Jane Doe's, education, created a threatening and hostile educational environment, and substantially disrupted the orderly operation of the Riverside Junior/Senior High School.

100. The resultant harm to the minor-Plaintiff, Jane Doe, as set forth herein, is the type of harm that Act 110 (and similar State statutes) is intended to guard against. Indeed, Act 110 was specifically enacted to protect minor-survivors and/or victims of sexual assault in the Commonwealth's Public School system.

101. The District Defendants had a duty to the minor-Plaintiff, Jane Doe, as a minor student and victim/survivor of sexual assault, to protect her from her assailant, A.P., by removing, expelling or transferring A.P. so as to ensure the safety of Jane Doe during the school setting.

102. Additionally, the District Defendants had a duty to the minor-Plaintiff, Jane Doe, as a minor student and victim/survivor of sexual assault, to protect her from ongoing threats, harassment, ridicule, embarrassment, intimidation, alarm, ridicule, and annoyance from her sexual assailant during the school setting.

103.    The District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees, breached their duties to Plaintiff under Act 110, by failing to remove, expel or transfer A.P. and by failing to safeguard the minor-Plaintiff's well-being as a student victim and survivor of sexual assault.

104.    The District Defendants' violations of Act 110, either individually and/or jointly, by and through their agents, servants, administration and/or employees, constitutes negligence *per se.*

105.    But for the District Defendants' violations of Act 110, either individually and/or jointly, by and through their agents, servants, administration and/or employees, the minor-Plaintiff, Jane Doe, would not have sustained the injuries as set forth herein.

106.    The injury and harm suffered by the minor-Plaintiff was the reasonably foreseeable result of the District Defendants' breach of their duties, either individually and/or jointly, by and through their agents, servants, administration and/or employees. The District Defendants knew, or should have known that it was failing to meet its duties prescribed by Act 110 and that its breach would cause the minor-Plaintiff, Jane Doe, to suffer foreseeable harms associated with the breach.

107.    It is believed, and therefore averred, that had Plaintiffs known that the District Defendants do not adequately protect minor student victims and survivors of sexual assault, Plaintiffs would not have attended a school in Defendants' District. It is additionally believed, and therefore averred, that had public taxpayers in Defendants' District known that the District Defendants do not adequately protect minor student victims and survivors of sexual assault, those taxpayers would not contribute financially to Defendants' District.

108.    As the direct and proximate result of the District Defendants' negligence per se, the minor-Plaintiff, Jane Doe, has suffered severe, debilitating, and permanent injuries as set forth herein.

        **WHEREFORE,** the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against the District Defendants, Riverside School District and Riverside School District Board of Education, either individually and/or jointly, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

### COUNT IV: IN THE ALTERNATIVE, NEGLIGENCE
**PLAINTIFFS v. DISTRICT DEFENDANTS,**
**RIVERSIDE SCHOOL DISTRICT and**
**RIVERSIDE SCHOOL DISTRICT BOARD OF EDUCATION**

109.    The Plaintiffs reaver and reallege ¶ 1-108 as though more fully set forth at length herein.

110.    The negligence, careless and/or recklessness of the District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees, consisted of, but is not limited to, the following:

a.    In then and there failing to remove, transfer, or reassign A.P. who is an adjudicated delinquent and/or has been convicted of sexual assault when the offending student, A.P., and the victim, Jane Doe, are enrolled in the same school;

b.    In then and there failing to update its written policies to ensure compliance with the requirements of 24 P.S. § 13-1318.1;

c.    In then and there failing to expel the convicted and/or adjudicated delinquent student, A.P.;

d.    In then and there failing to transfer the convicted and/or adjudicated delinquent student, A.P., so as to ensure that A.P. and his Victim, Jane Doe, are not educated in the same school building;

e.    In then and there failing to reassign the convicted and/or adjudicated delinquent student, A.P., to another school or program;

f.    In then and there failing to ensure that the convicted/adjudicated student, A.P., is not educated within the same school building as his Victim, Jane Doe;

g.    In then and there failing to ensure that the convicted/adjudicated student, A.P., is not transported on the same school vehicle as his Victim, Jane Doe;

h.    In then and there failing to ensure that the convicted/adjudicated student, A.P., is not permitted to participate in the same school-sponsored activities as his Victim, Jane Doe;

i.    In then and there failing to correct its obvious mistake upon the notification by Plaintiff;

j.    In then and there failing to correct its obvious mistake upon the notification by the Lackawanna County Juvenile Probation Department;

k.    In then and there failing to take all steps necessary to conform and comply with 24 P.S. § 13-1318.1;

l.    In then and there failing to safeguard the minor-Plaintiff, Jane Doe, from unreasonable and unnecessary abuse, harassment and threats from her assailant, Jane Doe;

m.    In then and there failing to conduct a formal investigation of Jane Doe's report of the repeated harassment by the minor sexual assailant, A.P.;

es

n.      In then and there failing to inform Jane Doe of her rights afforded under the Public School Code;

o.      In then and there failing to take immediate and corrective action when it knew, or should have known, that the sexual assault created the effect of substantially interfering with Jane Doe's education;

p.      In then and there failing to take immediate and corrective action when it knew, or should have known, that A.P.'s continued presence at the Riverside Junior/Senior High School created the effect of substantially interfering with Jane Doe's education;

q.      In then and there failing to take immediate and corrective action when it knew, or should have known, that the sexual assault created a threatening and hostile educational environment;

r.      In then and there failing to take immediate and corrective action when it knew, or should have known, that A.P.'s continued presence at the Riverside Junior/Senior High School created a threatening and hostile educational environment;

s.      In then and there failing to take immediate and corrective action when it knew, or should have known, that the sexual assault created the effect of substantially disrupting the orderly operation of the Riverside Junior/Senior High School;

t.      In then and there failing to take immediate and corrective action when it knew, or should have known, that A.P.'s continued presence at the Riverside Junior/Senior High School created the effect of substantially disrupting the orderly operation of the Riverside Junior/Senior High School;

u.      In then and there failing to inform Plaintiff of her rights afforded under the Student Handbook;

v.      In then and there failing to prepare a written report summarizing the investigation and recommending disposition of the complaint;

w.      In then and there failing to take prompt and corrective action to safeguard Jane Doe from the ongoing harassment by A.P.;

x.      In then and there failing to file a complaint of harassment and/or sexual harassment through the District's Title IX coordinator;

y.      In then and there failing to provide a safe and positive learning environment for the minor-Plaintiff;

z.      In then and there criminalizing the Victim so as to suggest the sexual assault was the fault of the minor-Plaintiff;

**aa.** In then and there failing to take any measure to protect the minor-Plaintiff from further abuse by her assailant;

**bb.** In then and there permitting A.P. unrestricted access to his Victim, Jane Doe;

**cc.** Such other acts of negligent, careless and/or reckless conduct as produced by and through the course of discovery.

111. The District Defendants owed the minor-Plaintiff, Jane Doe, a duty to ensure that she would not be compelled to be educated in the same educational building as her sexual assailant, A.P.

112. The District Defendants owed the minor-Plaintiff, Jane Doe, a duty to properly educate their students and staff of sexual violence and to take all appropriate measures to prevent sexual harassment and/or abuse against students and/or during the school setting.

113. Defendants owed a duty to the Plaintiff, Jennifer Nied, to act in *loco parentis* of the minor-Plaintiff, Jane Doe.

114. Defendants owed a duty to take appropriate and immediate action to protect the minor-Plaintiff, Jane Doe, as a student victim and survivor of sexual assault and the obvious and foreseeable effects of the sexual violence after the sexual assault.

115. At no point did the District Defendants discipline A.P., and/or remove A.P. from the same school as his victim, Jane Doe, for the pervasive, severe, and unwarranted harassment reported by the Plaintiff, Jennifer Nied, and the minor-Plaintiff, Jane Doe.

116. At no point did the District Defendants take appropriate steps to protect the minor-Plaintiff, Jane Doe, from the ongoing, pervasive, severe, and unwarranted harassment by A.P., other students, and faculty.

117. At no point did the District Defendants make any attempt and/or effort whatsoever to separate the minor-Plaintiff, Jane Doe, and the minor sexual assailant, A.P.

118. To the contrary, notwithstanding Act 110, the Plaintiffs' frequent complaints, the ongoing harassment by A.P., as well as by other students and faculty, did the minor sexual assailant, A.P., voluntarily remove himself from Riverside Junior/Senior Highschool.

119. The District Defendants breached the duties owed to Plaintiffs when it remained idle in the face of known student-on-student harassment in the Riverside Junior/Senior High School.

120. As the direct and proximate result of the above breaches, the minor-Plaintiff, Jane Doe, has been damaged in an amount to be determined at trial, in excess of the

mandatory arbitrational limits of this Honorable Court, plus pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees incurred herein.

WHEREFORE, the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against the District Defendants, Riverside School District and Riverside School District Board of Education, either individually and/or jointly, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

## COUNT V: VIOLATION OF PLAINTIFF JANE DOE'S CONSTITUTIONAL RIGHTS
### (42 U.S.C. § 1983)
### PLAINTIFFS v. DISTRICT DEFENDANTS,
### RIVERSIDE SCHOOL DISTRICT and
### RIVERSIDE SCHOOL DISTRICT BOARD OF EDUCATION, and
### ROBERT PRESLEY, CHRISTOPHER LAZOR, and PAUL M. BRENNAN

121.    The Plaintiffs reaver and reallege ¶ 1-120 as though more fully set forth at length herein.

122.    42 U.S.C. § 1983 sets forth that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...". 42 U.S.C. § 1983.

123.    At all times material hereto, the Defendants, Riverside School District, Riverside School District Board of Education, Robert Presley, Christopher Lazor, and Paul M. Brennan, were "persons within the meaning of 42 U.S.C. § 1983.

124.    At all times material hereto, the Defendants, Riverside School District, Riverside School District Board of Education, Robert Presley, Christopher Lazor, and Paul M. Brennan, acted under the color of state law, either individually and/or by and through their agents, servants, administration and/or employees.

125.    The District Defendants, Riverside School District and Riverside School District Board of Education, as well as the individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, either individually and/or jointly, engaged in a pattern and practice of behavior designed to discourage and dissuade individuals, namely students, and parents of those students, who are student victims and survivors of sexual assaults, from seeking prosecution and protection, and from seeking to have those sexual assaults fully investigated by Defendants.

126.    The policy and practice, as aforementioned, constituted disparate treatment of females and/or victims/survivors of sexual assaults and furthermore had a disparate

impact on female students and/or victims/survivors of sexual assaults, in particular the minor-Plaintiff, Jane Doe.

127.     The minor-Plaintiff, Jane Doe, is a female minor victim and survivor of sexual assault whom the Defendants, either individually and/or jointly, denied equal protection of the laws by discriminating against her, as set forth herein, on the basis of her gender and status as a sexual assault victim/survivor.

128.     The Defendants, neither individually nor collectively, had no important interest in not removing the minor sexual assailant, A.P., from the Defendant District when they knew of his Felony-2 Sexual Assault adjudication and the impact his presence, threats and harassment caused upon Jane Doe, in not transferring and/or disciplining the minor sexual assailant after the adjudication when Defendants knew that A.P.'s presence would cause a significant disruption in the orderly operation of the Riverside Junior/Senior High School, in not disciplining A.P. for the ongoing harassment, threats and ridicule towards Jane Doe when they were put on notice of same, in not providing a chaperone, aid and/or other agent for the minor-Plaintiff, Jane Doe, to safely and adequately attend the Riverside Junior/Senior High School, in not taking sufficient and/or adequate steps to intervene in A.P.'s ongoing threats, harassment and ridicule towards Jane Doe, in not having proper education of the students to prevent sexual attacks, in not having proper education of the faculty and administration to deal with sexual violence victims, and in allowing A.P. unrestricted access, open reign, and an unconditional forum to perpetrate the harassment, threats and ridicule upon the minor-Plaintiff, Jane Doe.

129.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Defendants from depriving any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 2.

130.     The State is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Gross v. Lopez*, 419 U.S. 565, 573 (1975).

131.     The Defendants, either individually and/or jointly, denied the minor-Plaintiff, Jane Doe, of her constitutionally guaranteed right to life, liberty, or property without due process of law by allowing Jane Doe to be subjected to, and further compelling Jane Doe to be subjected to, the harassment, both sexual and physical, threats, and ridicule of the minor-sexual assailant, A.P.

132.     Each of the District Defendants and each of the individual Defendants violated the minor-Plaintiff, Jane Doe's, constitutional rights, either individually and/or jointly, as set forth herein, including but not limited to Due Process and Equal Protection.

133.     The Defendants, either individually and/or jointly, deprived the minor-Plaintiff, Jane Doe, of her constitutional rights to Due Process and Equal Protection, either individually and/or jointly, because compelling a minor student victim/survivor to consistently, involuntarily, and under the color of law (*see Truancy pursuant to 24 P.S.*

§§ 13-1326 and *Act 138 of 2016*) to come face-to-face with her sexual assailant was done irrationally, entirely arbitrarily, and was intentionally done in ill will due to the sexual assailant's status at the Defendant District and/or due to the sexual assailant's familial status at the Defendant District including but not limited to, the Riverside Football team.

134.    As such, the Defendants violations and/or deprivations, either individually and/or jointly, as set forth herein, were contrary to clearly applicable standards against which deviations are readily apparent, thus making the discriminatory animus readily evident.

135.    The Defendants acted in willful disregard for the safety of the minor-Plaintiff, Jane Doe when it permitted A.P. to continue the harassment, threats and ridicule of Jane Doe.

136.    As the direct and proximate result of the above violations and/or deprivations, the minor-Plaintiff, Jane Doe, has been damaged in an amount to be determined at trial, in excess of the mandatory arbitrational limits of this Honorable Court, plus pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees incurred herein.

WHEREFORE, the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against the District Defendants, Riverside School District and Riverside School District Board of Education and the individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, either individually and/or jointly, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

<u>COUNT VI: BREACH OF CONTRACT</u>
PLAINTIFFS v. DISTRICT DEFENDANTS,
RIVERSIDE SCHOOL DISTRICT and
RIVERSIDE SCHOOL DISTRICT BOARD OF EDUCATION

137.    The Plaintiffs reaver and reallege ¶ 1-136 as though more fully set forth at length herein.

138.    The District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees, breached the Riverside Junior-Senior High School 2022-2023 Student Handbook when they wholly neglected to do and perform certain things which were expressly or by implication required to be done and performed.

139.    The Riverside Junior-Senior High School 2022-2023 Student Handbook operates as a valid and binding contract by and between the District Defendants and the students in Defendants' District, such as the minor-Plaintiff. A true and correct copy of the 22-23 Student Handbook is attached hereto and marked as Exhibit "A".

140.    The material omissions and/or failures of the District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees, consisted of, but are not limited to, the following:

    a.    In then and there refusing to provide the minor-Plaintiff, Jane Doe, the formal harassment complaint procedure when Plaintiffs notified the District Defendants, by and through their agents, servants, workmen, administration and/or employees of A.P.'s ongoing harassment towards Jane Doe;

    b.    In then and there failing to conduct a formal investigation of the minor-Plaintiff, Jane Doe's, report of the repeated harassment by the minor sexual assailant, A.P., including but not limited to:

        i.    Failing to inform the minor-Plaintiff, Jane Doe, of her rights and of the complaint process;

        ii.    Failing to prepare a written report summarizing the investigation and recommending disposition of the complaint;

        iii.    Failing to take prompt corrective action to ensure the harassment from A.P. against Jane Doe ceases and will not occur;

        iv.    Failing to abide by the minor-Plaintiff, Jane Doe's, 504 Educational Plan;

        v.    Failing to abide by the minor-Plaintiff, Jane Doe's, Service Agreement in violation of the Rehabilitation Act of 1973 (29 U.S.C.A. § 794).

    c.    In then and there failing to protect the minor-Plaintiff, as a victim of sexual assault;

    d.    In then and there failing to expel, remove or transfer A.P. for acts constituting expellable offenses under the Student Handbook;

    e.    In then and there failing to act in accordance with the Public-School Code as identified in the Student Handbook;

    f.    In then and there failing to act in accordance with Title IX as identified in the Student Handbook.

141.    The District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees, have refused, and continue to so refuse, to cure the aforementioned breaches, despite Plaintiff's repeated demands.

142.    As the direct and proximate result of the above breaches, the Plaintiff has been damaged in an amount to be determined at trial, in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court, plus pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees incurred herein.

WHEREFORE, the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against the District Defendants, Riverside School District and Riverside School District Board of Education, either individually and/or jointly, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

### COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**PLAINTIFFS v. ROBERT PRESLEY, CHRISTOPHER LAZOR, and PAUL M. BRENNAN**

143.    The Plaintiffs reaver and reallege ¶ 1-142 as though more fully set forth at length herein.

144.    The Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan (hereinafter referred to collectively as the "Individual Defendants"), owed Plaintiffs a pre-existing and/or fiduciary duty to provide a safe, positive learning environment for students enrolled in the Riverside Junior/Senior High School.

145.    The minor-Plaintiff, Jane Doe, has suffered and continues to suffer physically and mentally from the obvious failures of the Individual Defendants to provide a safe and positive learning environment.

146.    The Individual Defendants repeatedly and continuously put the minor-Plaintiff, Jane Doe, in danger by keeping the minor sexual assailant, A.P., in the same building as Jane Doe and further allowing the minor sexual assailant, A.P., to walk through the same hall where Jane Doe's locker and classes are located, thereby subjecting Jane Doe to additional harm.

147.    The Individual Defendants repeatedly and continuously put the minor-Plaintiff, Jane Doe, in danger by keeping the minor sexual assailant, A.P., in the same lunch period as the minor-Plaintiff.

148.    The Individual Defendants repeatedly and continuously put the minor-Plaintiff, Jane Doe, in danger by keeping the minor-Plaintiff in the same class as her harassers, both students and faculty alike.

149.    The Individual Defendants placed the minor-Plaintiff, Jane Doe, in danger by seating and/or allowing the minor sexual assailant, A.P., to be seated at the table next to Jane Doe at the January 29, 2022 semi-formal and further refusing to move the minor sexual assailant, A.P., away from Jane Doe after the District Defendants became aware, by and through their agents, servants, administration and/or employees, of A.P.'s harassment of Jane Doe.

150.    The Individual Defendants repeatedly and continuously engaged in extreme and outrageous conduct by continuing to keep the minor sexual assailant, A.P., at the same school-sponsored events, in the same building, in the same lunch period, and in the same hallway as Jane Doe and Jane Doe's school locker.

151.    The Individual Defendants engaged in extreme and outrageous conduct.

152.    The Individual Defendants deliberately failed to intervene to stop the ongoing harassment from the minor sexual assailant, A.P., against Jane Doe.

153.    By lying to the Plaintiffs, the Individual Defendants, with full knowledge of Act 110, and with further knowledge that their deception was causing significant emotional distress, the Individual Defendants engaged in conduct that was extreme, outrageous, wanton, and malicious.

154.    The Individual Defendants' actions and/or inactions, as set forth herein, were extreme and outrageous.

155.    The Individual Defendants' actions and/or inactions, as set forth herein, were intentional and in spite of the requirements imposed by Act 110 and further in spite of the wellbeing and safety of the minor-Plaintiff, Jane Doe.

156.    The Individual Defendants' conduct, as set forth herein, either individually and/or jointly, was so outrageous in character and so extreme in degree as to fall outside the bounds of decency and needs to be regarded as intolerable in any community.

157.    As the direct and proximate cause of the actions and/or inactions of the Individual Defendants, either individually and/or jointly, the minor-Plaintiff, Jane Doe, has sustained injuries which include, but are not limited to, severe emotional distress, extreme and debilitating mental anguish, self-mutilation, severe anxiety, and other cognitive and/or psychological issues and associated physical manifestations, and will so continue to suffer for an indefinite period of time in the future.

158.    Thus, the Individual Defendants caused severe emotional distress to the Plaintiffs by their intentional actions and/or their deliberate indifference to the discrimination and harassment of the minor-Plaintiff, Jane Doe, by A.P., other students, and faculty.

WHEREFORE, the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against the Individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, either individually and/or jointly, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

### COUNT VIII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**PLAINTIFFS v. ROBERT PRESLEY, CHRISTOPHER LAZOR, and PAUL M. BRENNAN**

159.    The Plaintiffs reaver and reallege ¶ 1-158 as though more fully set forth at length herein.

160.     Due to the negligence, recklessness and wrongful conduct of the individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, either individually and/or jointly, as set forth herein, the Plaintiff, Jennifer Nied, who is closely related to the minor-Plaintiff, Jane Doe, as mother-daughter, witnessed and/or contemporaneously sensed and observed the negligent conduct and the physical injury to her daughter, while in the zone of danger and proximity of Jane Doe's assailant, and in each-other's presence and view, which caused the Plaintiff, Jennifer Nied, to suffer emotional distress manifesting in physical injury and related physical trauma, including but not limited to, intense headaches, shortness of breath, increased anxiety, sleeplessness, frequent nightmares and upset stomach, some or all of which may be permanent, and which will therefore require ongoing and future medical and/or psychological treatment.

161.     The negligent actions and/or omissions of the individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, either individually and/or jointly, as set forth herein, after learning of A.P.'s sexual assault of Jane Doe, and further after learning of the ongoing harassment, threats and torment resultant from same, caused the Plaintiffs severe pain, emotional distress and mental anguish.

   **WHEREFORE,** the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against the individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, either individually and/or jointly, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

## COUNT IX: NEGLIGENCE PER SE
### PLAINTIFFS v. BRYAN PICA & NICOLE PICA

162.     The Plaintiffs reaver and reallege ¶ 1-161 as though more fully set forth at length herein.

163.     The Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, violated Act 110 when it wholly neglected to do and perform in accordance with Act 110 which were expressly required to be done and performed pursuant to 24 P.S. § 13-1318.1.

164.     Specifically, and as set forth above, Act 110 requires a student convicted or adjudicated delinquent of sexual assault upon another student enrolled in the same public-school entity to notify the public-school entity of the conviction or adjudication no later than seventy-two (72) hours after the conviction and/or adjudication.

165.     Therefore, the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, had a statutory duty to notify the District Defendants of A.P.'s sexual assault adjudication within seventy-two (72) hours of the adjudicatory finding and/or disposition.

166.    The minor sexual assailant, A.P., was adjudicated delinquent of sexual assault against Jane Doe on August 30, 2021.

167.    As such, Act 110 required the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, to notify the District Defendants of the Felony 2 sexual assault adjudication no later than September 2, 2021.

168.    It is believed, and therefore averred, that the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, refused and/or otherwise entirely failed to notify the District Defendants of the Felony 2 sexual assault adjudication. To the contrary, it is believed, and therefore averred, that the District Defendants became aware of the Felony 2 sexual assault adjudicated by and through the Plaintiff and representatives from the Probation Department and/or District Attorney's Office.

169.    The resultant harm to the minor-Plaintiff, Jane Doe, as set forth herein, is the type of harm that Act 110 (and similar State statutes) is intended to guard against. Indeed, Act 110 was specifically enacted to protect minor-survivors/victims of sexual assault within the Commonwealth's Public School system.

170.    The Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, had a duty to Jane Doe, as a minor student and victim of sexual assault, to protect her from her assailant, A.P., by notifying the District Defendants of the sexual assault adjudication so as to ensure the safety of the minor-Plaintiff during the school setting.

171.    The Defendants', Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, violations of Act 110 constitute negligence *per se*.

172.    But for the Defendants', Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, violations of Act 110, the minor-Plaintiff, Jane Doe, would not have sustained the injuries as set forth herein.

173.    The injury and harm suffered by the Plaintiff was the reasonably foreseeable result of the Defendants', Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, breach of their duties. The Defendants', Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, knew, or should have known that it was failing to meet its duties prescribed by Act 110 and that its breach would cause the minor-Plaintiff, Jane Doe, to suffer foreseeable harms associated with the breach.

174.    As the direct and proximate result of the Defendants', Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, negligence per se, the minor-Plaintiff, Jane Doe, has suffered severe, debilitating, and permanent injuries as set forth herein.

WHEREFORE, the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment

against the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

<u>COUNT X: IN THE ALTERNATIVE, NEGLIGENCE</u>
PLAINTIFFS v. BRYAN PICA & NICOLE PICA

175.    The Plaintiffs reaver and reallege ¶ 1-174 as though more fully set forth at length herein.

176.    The negligence, careless and/or recklessness of the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, consisted of, but is not limited to, the following:

a.    In then and there failing to notify the school of the Felony 2 sexual assault adjudication;

b.    In then and there failing to timely notify the school of the Felony 2 sexual assault adjudication;

c.    In then and there failing to act in accordance with the notice requirements of Act 110;

d.    In then and there putting the minor-Plaintiff, Jane Doe, in imminent fear of bodily harm;

e.    In then and there putting the minor-Plaintiff, Jane Doe, in imminent fear of psychological harm;

f.    In then and there failing to act reasonably under all of the circumstances then and there existing;

g.    In then and there harassing, annoying and/or alarming the minor-Plaintiff, Jane Doe, when the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, knew, or should have known, of the requirements of Act 110;

h.    In then and there purposefully concealing the Felony 2 sexual assault adjudication to the great demise of the minor-Plaintiff, Jane Doe;

i.    In then and there failing to intervene when the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, knew, or should have known, of the ongoing harassment of the minor-Plaintiff, Jane Doe.;

j.    In then and there failing to intervene and notify the District Defendants of the Felony 2 sexual assault adjudication when they knew, or should have known, of the notification requirements imposed by Act 110;

**k.**   In then and there intentionally and/or recklessly engaging in extreme and outrageous conduct;

**l.**   In then and there improperly utilizing Defendants', Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, status in the District, including Defendant Bryan Pica's status as a football coach, in an attempt to hide, conceal, and/or otherwise cover-up A.P.'s Felony 2 sexual assault adjudication;

**m.**   In then and there negligently and/or recklessly harassing the minor-Plaintiff, Jane Doe, when they knew, or should have known, that A.P.'s actions would result in serious and foreseeable injury to Jane Doe.; and

**n.**   Such other acts of negligent, reckless and/or careless conduct as revealed by and through the course of discovery.

177.   As the direct and proximate result of the above breaches of duties, as owed to the minor-Plaintiff, Jane Doe, has been damaged in an amount to be determined at trial, in excess of the mandatory arbitrational limits of this Honorable Court, plus pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees incurred herein.

   **WHEREFORE,** the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

## RELIEF REQUESTED

178.   The Plaintiffs reaver and reallege ¶ 1-176 as though more fully set forth at length herein.

179.   The Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, respectfully requests this Honorable Court issue judgment against the District Defendants, Riverside School District and Riverside School District Board of Education, either individually and/or jointly, including the following:

**a.**   An award to Plaintiffs of compensatory, consequential and statutory damages;

**b.**   An award of attorneys' fees, costs and expenses as provided by law or equity;

**c.**   An award of pre-judgment and post-judgment interest, as provided by law or equity; and

**d.**   Such other relief as this Honorable Court deems appropriate and equitable.

28

180.    The Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, respectfully requests this Honorable Court issue judgment against the individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, either individually and/or jointly, including the following:

    a.    An award to Plaintiffs of compensatory, consequential, statutory and punitive damages;

    b.    An award of attorneys' fees, costs and expenses as provided by law or equity;

    c.    An award of pre-judgment and post-judgment interest, as provided by law or equity; and

    d.    Such other relief as this Honorable Court deems appropriate and equitable.

181.    The Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, respectfully requests this Honorable Court issue judgment against Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, including the following

    a.    An award to Plaintiffs of compensatory, consequential, statutory and punitive damages;

    b.    An award of attorneys' fees, costs and expenses as provided by law or equity;

    c.    An award of pre-judgment and post-judgment interest, as provided by law or equity; and

    d.    Such other relief as this Honorable Court deems appropriate and equitable.

Dated: June 30, 2023

Respectfully Submitted,

**ROTHENBERG & CAMPBELL**

BY: /S/ Ryan P. Campbell
Ryan P. Campbell, Esq.
345 Wyoming Ave., Ste. 210
Scranton, PA 18503
P: 570.207.2889
E: HRLaw04@gmail.com

BY: 
Dave W. Rothenberg, Esq.
345 Wyoming Ave., Ste. 210
Scranton, PA 18503
P: 570.207.2889
E: HRLaw06@gmail.com

BY: 
Leah K. Popple, Esq.

345 Wyoming Ave., Ste. 210
Scranton, PA 18503
P: 570.207.2889
E: HRLaw08@gmail.com

*Attorneys for the Plaintiffs, Jennifer Nied, individually and as the Parent and Natural Guardian of Jane Doe, a minor*