# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, A MINOR, by her Mother and | : | CIVIL ACTION |
| Natural Guardian, JENNIFER NIED, and | : | |
| JENNIFER NIED, Individually, | : | |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| RIVERSIDE SCHOOL DISTRICT d/b/a | : | |
| RIVERSIDE JUNIOR SENIOR HIGH | : | |
| SCHOOL, RIVERSIDE SCHOOL | : | |
| DISTRICT BOARD OF EDUCATION, | : | |
| ROBERT PRESLEY, in his individual and | : | |
| official capacity, CHRISTOPHER LAZOR | : | NO. 3:23-cv-01118-MCC |
| in his individual and official capacity, | : | |
| PAUL M. BRENNAN, in his individual and | : | |
| official capacity, and BRYAN PICA & | : | |
| NICOLE PICA, as the Parents and Natural | : | |
| Guardians of A.P., a minor. | : | |
| Defendants | : | |

## BRIEF IN SUPPORT OF DEFENDANTS RIVERSIDE SCHOOL DISTRICT, RIVERSIDE SCHOOL DISTRICT BOARD OF EDUCATION, ROBERT PRESLEY, CHRISTOPHER LAZOR, AND PAUL BRENNAN'S MOTION TO DISMISS

## I.      PROCEDURAL HISTORY

Plaintiff filed a Complaint in this matter on July 6, 2023.

## II.      FACTS

The Complaint alleges that the Student attended the Riverside School

District and had a Section 504 Service Agreement.  (Id. at 26-27).  The Complaint

alleges the Student was sexually assaulted by A.P., a minor student also enrolled in

1

the District. (Id. at 28). The sexual assault occurred outside of the school setting. (Id. at 29). A.P. was an adjudicated delinquent of felony sexual assault. (NT at 31).

Plaintiff alleges that the Plaintiff raised objections and concerns related to A.P. being near the minor plaintiff during school hours. (Id. at 37). The Complaint alleges that the Defendants refused or failed to take any action. (Id. at 38). The Complaint alleges that the Students were in the same building and permitted to attend lunch together. (Id. at 39). Plaintiffs had a meeting with District on February 23, 2022 to discuss these issues. (Id. at 49). During that meeting, it was indicated that the Defendants had no knowledge of the adjudication. (Id.).

Count I alleges discrimination pursuant to Title IX versus the School District and the Board of Education. Count II alleges retaliation pursuant to Title IX against the District and the Board of Education. Count III alleges negligence per se against the District and the Board. Count IV alleges negligence against the District and the Board. Count V alleges Section 1983 violations against all of the moving Defendants. Count VI alleges breach of contract against the District and the Board. Count VII alleges intentional infliction of emotional distress against Presley, Lazor and Brennan. Count VIII alleges negligent infliction of emotional distress against Presley, Lazor, and Brennan. Count IX alleges negligence per se against the Picas. Count X alleges negligence against the Picas. The Complaint also requests punitive damages.

**III.**        <u>**QUESTIONS PRESENTED**</u>

 1. Should the claims against the Moving Defendants be dismissed with prejudice?

 Suggested Answer:  Yes.

**IV.**        <u>**LAW AND ARGUMENT**</u>

**MOTION TO DISMISS STANDARD**

 When considering a Rule 12(b)(6) Motion to Dismiss, the Court must accept as true all factual allegations.  *See Ericson v. Partis*, 551 U.S. 89, 94 (2007). "While a Complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions in a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (internal citations omitted).  Legal conclusions without factual support are not entitled to the assumption of truth.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

**A.** **Count I of The Complaint Alleging Title IX Violations Must Be Dismissed**

 Title IX provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To prove Title IX liability, Plaintiff must show:

(1) the district received federal funds; (2) she was sexually harassed; (3) the district had "substantial control" over both the harasser and the context of the harassment; (4) the district had "actual knowledge" of the harassment; (5) the district was "deliberately indifferent" to the harassment; and (6) the harassment deprived him of access to educational opportunities or benefits. *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650, 119 S.Ct. 1661 (1999). The Complaint is devoid of any facts to establish elements 2 through 6.  As such, Count I must be dismissed.

### i.  There was no harassment at the district and it did not have control over the context of the alleged harassment

The Complaint in this mater fails to allege facts to establish that the student was sexually harassed Plaintiff while at Riverside.  The alleged harassment, included an incident at the semi formal dance and another student stating "Please move. Please move. Please f***ing move. Somebody f***ing kill me." (Complaint, at 43-46).  Furthermore, the Complaint alleges no sexual interactions on school property.

Harassment that takes place off of school grounds and/or outside of school hours does not occur under circumstances where the District exercised substantial control over either the harasser or the context in which the harassment occurred. *M.S. v. Susquehanna Twp. Sch. Dist.*, 2017 WL 6397827, at *10 (M.D. Pa. 2017) (harassment through social media not within school district's control); *C.S. v. S.*

*Columbia Sch. Dist.*, 2013 WL 2371413, at \*9 (M.D. Pa. 2013) (holding that the school district cannot be liable for the sexual assault of plaintiff by other students that occurred during the summer and off of school property, but could be held liable for continued harassment by those students during the school day); *see also HB v. Monroe Woodbury Central Sch. Dist.*, 11-5881, 2012 WL 4477552, at \*16 (S.D.N.Y. Sept. 27, 2012); *Doe v. Round Valley Unified Sch. Dist.*, 873 F. Supp. 2d 1124, 1136 (D. Ariz. 2012) (declining to find "substantial control" by school district where the offending student sexually assaulted the plaintiff off school premises, even though he asked her out while on school property).

**ii.     There are no allegations to establish actual knowledge or deliberate indifference**

There are insufficient allegations to establish actual knowledge or deliberate indifference.  "An educational institution has 'actual knowledge' [or 'actual notice'] if it knows the underlying facts, indicating sufficiently substantial danger to students, and was therefore aware of the danger." *Bostic v. Smyrna Sch. Dist.*, 418 F.3d 355, 361 (3d Cir. 2005) (*quoting* 3C Fed. Jury. Prac. & Instr. § 177.36 (5th ed. 2001)). "Further, the person with knowledge must be "an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf . . ." *Gebser v. Lago Vista Ind. Sch. Dist.*, 524 U.S. at 277. Actual notice cannot be based upon a mere possibility. *Bostic v. Smyrna Sch.*

*Dist.*, 418 F.3d at 361.  Plaintiffs failed to allege any facts that establish the District had actual knowledge of any alleged harassment of the student in the District.

### iii.    There are no allegations to establish loss of educational benefit

The Complaint contains no allegations that the student was deprived of educational opportunities or benefits.  Plaintiffs have failed to sufficiently plead a claim for relief under Title IX and Count I must be dismissed.

## B.    The Claim for Title IX Retaliation must be dismissed

To make out a prima facie case of retaliation, the plaintiff must show that (1) "he . . . engaged in a protected . . . activity"; (2) the funding recipient subjected him to "an adverse . . . action after or contemporaneously] with the protected activity"; and (3) "a causal link exists between the protected activity and the adverse action." *Weston v. Pennsylvania*, 251 F.3d 420, 430 (3d Cir. 2001). Protected activities include complaints of sexual discrimination to the courts, government agencies, or the funding recipient. *See Burlington N & Santa Fe. Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345, 360 (2006).

The Complaint fails to allege the elements of this claim.  Plaintiffs have alleged no protected activity, no adverse action by the Defendants, and nothing to establish causation.  As such, Count II, must be dismissed.

## C.    Plaintiffs' state law claims are barred by the Political Subdivision Tort Claims Act

School districts are local agencies within the meaning of the Tort Claims Act. *See Kessler v. Monsour et. al.*, 865 F.Supp. 234, 241 (M.D.Pa. 1994) (School District is municipal entity). 42 Pa.C.S. §8541 provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person", except as provided in one of the enumerated sections.

A plaintiff seeking to recover under section 8542 must meet two distinct requirements. *Rhodes v. Lancaster Parking Authority, 103 Pa. Commw. 303, 520 A.2d 122 (1987),* allocatur denied, 529 A.2d 1084 (1987). First, the plaintiff must show that she possesses a common-law or statutory cause of action against the local agency pursuant to section 8542(a). Second, the alleged negligent act must fall under one of the nine exceptions to governmental immunity as set forth in section 8542(b) of the Judicial Code, 42 Pa.C.S. § 8542(b).

None of the claims set forth a common-law or statutory cause of action against the defendants. Nor do they fall into one of the nine exceptions to immunity. Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA") provides legal immunity for government bodies and their employees unless their actions fall within certain enumerated categories of negligence. *See* 42 Pa. C. S. A. §§ 8541, 8545; 42 Pa. C. S. A. § 8542(b) (listing exceptions as: vehicle liability; care, custody or control of personal property; real property; trees, traffic controls and street lighting; utility

service facilities; streets; sidewalks; care, custody or control of animals; and sexual abuse). As such, all claims against the moving Defendants must be dismissed.

Plaintiff alleges that the District has a duty to protect plaintiff, by removing the assailant. The Plaintiffs also allege, *inter alia*, that the District failed to expel the student, update its policies, comply with 24 P.S. 13-1318.1, inform plaintiffs of their rights, and other negligence to be produced through discovery. None of these allegations fall within an exception to the defendants' immunity.

The real estate exception has consistently been held to be unavailable to those whose claim of negligence consists of a failure to supervise the conduct of students or persons adequately. *Tiedeman v. City of Philadelphia*, 732 A.2d 696 (Pa. Cmwlth. 1999); *Usher v. Upper St. Clair School District*, 87 Pa. Commw. 461, 487 A.2d 1022 (Pa. Cmwlth. 1985); s*ee also*, *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118, 1124 (1987) (no exception to immunity for claim of negligence for failure to supervise the conduct of students or persons adequately). As such, Counts III and IV must be dismissed.

Furthermore, claims of negligent and intentional infliction of emotional distress do not fall within an exception to immunity. *Vega v. Columbia Borough,* 2009 WL 2143549, at *5 (E.D.Pa. July 15, 2009) (collecting cases dismissing NIED claims on the ground that defendants were entitled to immunity under the PSTCA). As a general rule, a local agency may not be held liable for intentional torts. *See* 42

Pa.C.S.A. § 8542; *Overstreet v. Borough of Yeadon*, 475 A.2d 803, 803-04 (Pa. Super. Ct. 1984); see also *Lory*, 674 A.2d at 675-76 (emphasizing that a local agency can only be held liable for certain negligent acts). The District has immunity for intentional infliction of emotional distress. *Johnson v. Sch. Dist. of Phila.,* No. 06–4826, 2008 WL 3927381, at *10 (E.D.Pa. 2008); *Travis v. Deshiel*, 832 F. Supp. 2d 449, 455 (E.D. Pa. 2011). As such, Counts VII and VIII must be dismissed.

Lastly, the PSTCA also requires this Court to dismiss the breach of contract claim. The Pennsylvania Supreme Court has ruled that " 'the legislature never intended for a local agency to be held liable for tort damages under a contract theory.' " *McShea v. City of Philadelphia*, 606 Pa. 88, 995 A.2d 334, 341 (2010) (*quoting Sims v. Silver Springs–Martin Luther Sch.*, 155 Pa.Cmwlth. 619, 625 A.2d 1297, 1302 (1993)); *see also Matarazzo v. Millers Mut. Grp., Inc.*, 927 A.2d 689, 693 (Pa.Commw.Ct. 2007) ("[A] plaintiff may not avoid the defense of governmental immunity by couching a claim for the recovery of tort damages under a breach of contract theory."); *Schreck v. N. Codorus Twp.,* 126 Pa.Cmwlth. 407, 559 A.2d 1018, 1022–23 (1989). The statute provides that "no local agency shall be liable for any" tort damages. 42 Pa. Cons.Stat. Ann. § 8541. It is an "absolute defense," meant to protect a local government from being "engulfed in a tidal wave of liability." *In re Upset Sale of Properties*, 522 Pa. 230, 560 A.2d 1388, 1389 (1989). As such, Count XI must be dismissed. The Defendants have immunity for

all of the state law claims brought by the Plaintiffs and Counts III, IV, VI, VII, and VIII must be dismissed with prejudice.

**D.     The claims against the School Board must be dismissed**

The claims against Riverside School District Board of Directors must be dismissed because the claims are redundant to the claims against the School District, and the School Board is not amenable to suit. Under state law, a school board lacks the status of a political subdivision and lacks a corporate existence independent from the school. Therefore, Plaintiff's claims against the School Board are not legally cognizable. *Smith v. Warwick School Dist., et al.*, 2016 U.S.Dist.LEXIS 92225, at *1-2 (E.D.Pa. 2016)(dismissing claims against a School District Board of Directors because it was not a political subdivision that existed independently from the School District itself); *E.B. v. Woodland Hills School Dist.*, 2010 U.S.Dist.LEXIS 71749 at *10-11 (W.D.Pa. July 16, 2010)(sub-units of municipal government entities are unnecessary parties - claim against school board dismissed because claim against board was redundant of claim against the school district and school district would ultimately be liable for any judgment entered against the school board).

Furthermore, it has been well-established by the Courts in Pennsylvania that members of a school board are "high public officials" absolutely immune from suits under Pennsylvania law. *See Zugarek v. S. Tioga Sch. Dist.*, 214 F. Supp. 2d 468 (M.D. Pa. 2002). As such, the School Board must be dismissed with prejudice.

**E.     The claim for negligence per se must be dismissed**

Under Pennsylvania law, negligence per se is not a free-standing tort. In re

*Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp. 3d 514, 531 (M.D. Pa. 2021).  If

a plaintiff alleges negligence and negligence per se separately, "courts within the

Third Circuit routinely dismiss the negligence per se claim as subsumed within the

standard negligence claim." *Id.* (citations omitted); *Sipp-Lipscomb v. Einstein Phys.*

*Pennypack Pediatrics*, 2020 WL 7353105, at *3 (E.D. Pa. Dec. 9, 2020); *Simmons*

*v. Simpson House, Inc.*, 224 F. Supp. 3d 406, 417 (E.D. Pa. 2016) (collecting cases);

*see also Zaborowski v. Hosp. Care Ctr. of Hermitage, Inc.*, 60 Pa. D. & C.4th 474,

498 (Pa. Com. Pl. 2002) (negligence per se is not a separate cause of action).  As

such, Count III must be dismissed with prejudice.

**F.     The Negligence claim must be dismissed**

The relevant section of Act 110 provides:

(b) The public school entity may not be prohibited from taking action under

this section for convictions or adjudications for sexual assaults that occur outside a

school setting if the assault:

(1) Was against another student enrolled in the same public school entity; and

(2) has the effect of:

(i) substantially interfering with the victim's education;

(ii) creating a threatening or hostile educational environment; or

(iii) substantially disrupting the orderly operation of the school.

24 P.S. 13-1318.1.

The clear language of the statute permits, but does not require, the District to take action. As such, because the alleged assault occurred outside the district, there is no requirement to take action, and no duty to support a claim of negligence. There are four elements to a cause of action for negligence: a duty of care, a breach of that duty, a causal connection between the defendant's conduct and the resulting injury, and damages. *Zeidman v. Fisher*, 980 A.2d 637, 639 (Pa.Super.Ct. 2009). As discussed above, the Defendants are immune from suit. Furthermore, they had no duty to take any of the actions alleged by the Plaintiffs, and Count IV must be dismissed with prejudice.

**G.      The breach of contract claim must be dismissed**

To recover for a breach of contract, a plaintiff must show "(1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract; and (3) resultant damages." *CoreStates Bank v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999). The handbook is not an enforceable contract, there was no breach, and plaintiff has suffered no damages.

In order for a contract to be formed, there must be an offer, acceptance, and an exchange of consideration. *Beaver Dam Outdoors Club v. Hazleton City Authority*, 944 A.2d 97 (Pa.Cmwlth. 2008). Consideration is sufficient when it

confers a benefit upon the promisor or a detriment upon the promisee, i.e., there is a bargained for exchange. *Pyle v. Department of Public Welfare*, 730 A.2d 1046 (Pa.Cmwlth. 1999). In the present case, the student handbook was not bargained for and incurred no detriment on either party. There is no consideration, and without consideration, there is no enforceable contract right.

Pennsylvania courts have "declined to construe the student handbook of a public university as a contract between the public university and the student." *Tran v. State Sys. of Higher Educ.,* 986 A.2d 179, 183 (Pa.Cmwlth. 2009) (*citing Crabtree v. California Univ. of Pa.,* 147 Pa.Cmwlth. 1, 606 A.2d 1239, 1240 n. 3 (1990)). According to *Tran,* a student cannot state a breach of contract claim against a public institution pursuant to a handbook. *see also Bradshaw v. Pa. State Univ.*, 2011 WL 1288681, at *2 (E.D.Pa. 2011).

Furthermore, even assuming, arguendo, that a contract exists, the Complaint fails to allege a breach of contract claim. Plaintiffs allege that the Defendants failed to provide her the harassment complaint procedure (which is in the handbook), failed to conduct a formal investigation, and failed to take corrective action. The Complaint, however, is devoid of any allegations that the minor Plaintiff was harassed in school, or that she made a written complaint regarding any harassment. In addition to no breach, Plaintiffs have failed to plead any damages as a result of the alleged breach. As such, Count VI must be dismissed with prejudice.

**H.     Plaintiffs' IIED claim must be dismissed**

The elements of intentional infliction of emotional distress in Pennsylvania are: (1) a person who by extreme and outrageous conduct, that (2) intentionally or recklessly causes, (3) severe emotional distress to another. *Manley v. Fitzgerald*, 997 A.2d 1235 (Pa. Commw. Ct. 2010). Under Pennsylvania law, "extreme and outrageous conduct," as required for a claim of intentional infliction of emotional distress (IIED), is defined as conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631 (E.D. Pa. 2014). The Complaint is devoid of facts to establish that the conduct of Defendants Presley, Lazor and Brennan fits the standard of extreme and outrageous as required under the law.  Therefore, Count VII must be dismissed.

**I.     The claim for negligent infliction of emotional distress must be dismissed**

In Pennsylvania, the cause of action for negligent infliction of emotional distress has been limited by court decisions. In order to recover, the Plaintiff must provide one of four elements: (1) that the Defendant had a contractual or fiduciary duty toward her; (2) that Plaintiff suffered a physical impact; (3) that Plaintiff was in a "zone of danger" and at risk of an immediate physical injury; or (4) that Plaintiff had a contemporaneous perception of tortious injury to a close relative. *See Brown*

*v. Philadelphia College of Osteopathic Medicine*, 674 A.2d 1130 (Pa.Super. 1996); *Fewell v. Besner*, 664 A.2d 577, 581 (Pa.Super. 1995); *Armstrong v. Paoli Memorial Hospital*, 633 A.2d 605 (Pa.Super. 1993).   In all cases, a Plaintiff who alleges negligent infliction of emotional distress must suffer immediate and substantial physical harm. *Id*.

The complaint fails to set forth any facts to establish a claim for negligent infliction of emotional distress.   There is no contractual or fiduciary duty and no physical impact. Furthermore, there are no facts to establish a zone of danger or perception of injury.   As such, Count VIII must be dismissed.

**J.**     **Count V must be dismissed based upon Monell**

A local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury, that the government as an entity is responsible under §1983. *Monell v. Dep't of Social Servs.*, 436 US 658, 694 (1978).   The United States Supreme Court in *Monell* held that a civil rights complaint against a municipality or its agency must allege: (1) The existence of a custom or a policy of the municipality, which is of such long standing to have the force of law; and (2)  That one of the municipality's employees violated the plaintiff's civil rights while acting pursuant to this custom or policy. *Id.*

"Policy is made by an official statement of a 'decisionmaker possessing final authority to establish municipal policy,' and custom can be shown by the presence of a course of conduct that 'is so well-settled and permanent as virtually to constitute law.'" *Chernavsky v. Twp. of Holmdel Police Dep't*, 136 Fed. Appx. 507, 509 (3d Cir. 2005) (*quoting Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)) (internal quotations omitted). Evidence of an isolated incident is not sufficient to show the existence of a custom or policy. *See, e.g., Jones by & Through Jones v. Berwick Area Sch. Dist.*, 1995 U.S. Dist. LEXIS 21164, at *8 (M.D. Pa. March 13, 1995); *see also Losch v. Borough of Parkesburg,* 736 F.2d 903, 911 (3d Cir. 1984). In addition, there must be a direct causal link between the policy or custom and the alleged constitutional violation. *Chernavsky*, 136 Fed. Appx. at 509. The Complaint is devoid of any facts to establish a policy, custom or practice to support *Monell* liability. As such, the 1983 claim in Count V must be dismissed.

**K.** **Plaintiffs have failed to set forth any facts to establish an Equal Protection claim**

The Equal Protection Clause protects individuals from government efforts to intentionally classify and designate disparate groups for disparate treatment. *Yick Wo v. Hopkins*, 118 U.S. 356, 368, 6 S. Ct. 1064, 30 L. Ed. 220 (1886). To assert a valid equal protection claim, the plaintiff must allege intentional or purposeful

discrimination by the defendant. *See Personnel Adm'r v. Feeney, 442 U.S. 256,* 272, 99 S. Ct. 2282, 60 L. Ed. 2d 870 (1979). Plaintiff must allege that he is a member of a protected class, he was similarly situated to members of an unprotected class, and he was treated differently from the unprotected class. *Shuman ex rel., Shurtzer v. Penn Manor School District*, 422 F.3d 141, 151 (3rd Cir. 2005).  The Plaintiffs have failed to allege any facts to establish the student is a member of a protected class, that she was similarly situated to members of an unprotected class, or that she was treated differently from them.  As such, they have failed to state an equal protection claim.

Furthermore, even if the equal protection claim is based upon a "class of one" theory, the plaintiff must "allege that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Essential to all equal protection claims is an allegation of intentional discrimination.  Allegations of negligent discrimination or disparate impact are insufficient and do not state a claim for violation of the Fourteenth Amendment Equal Protection Clause. *City of Cuyahoga Falls v. Buckeye Community Hope Found*, 538 U.S. 188, 194-95 (2003).  To state a class of one claim, the plaintiff must allege that (1) the defendant treated her differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis

for the difference in treatment. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2008).

Plaintiffs have not alleged that any similarly situated student was treated differently by the Defendant. It is fundamental that in order to maintain an equal protection claim, a plaintiff must allege that he received different treatment from other similarly situated individuals or groups. *Brown v. Borough of Mahaffey*, 35 F.3d 846, 850 (3d Cir. 1994) (*citing City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 87 L. Ed. 2d 313, 105 S. Ct. 3249 (1985)).

Other than conclusory statements, there have been no facts alleged which indicate how the student was treated differently from other similarly situated students by the Defendant. Plaintiffs also fail to allege facts to establish intentional discrimination. As such, Plaintiffs have failed to plead facts establishing an entitlement to relief and the equal protection claim must be dismissed with prejudice.

### L. Plaintiffs' Complaint fails to state a claim for a Substantive Due Process Violation

The Supreme Court has "observed that the core of the concept of due process is protection against arbitrary action and that only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 399 (3d Cir. 2003) (internal quotation marks omitted) (*citing County of Sacramento v. Lewis*,

523 U.S. 833, 845-46, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)). Thus, to prevail on a substantive due process claim, "a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008) (citation omitted). Furthermore, because "the nature of the conduct that is sufficiently egregious to shock the conscience varies depending on the context," *United Artists Theatre Circuit*, 316 F.3d at 399 n.5, a court must "determine what level of conduct is egregious enough to amount to a constitutional violation and, then, whether there is sufficient evidence that [the defendant's] conduct rose to that level." *Nicini*, 212 F.3d at 809.

Plaintiffs' claim must fail as they have failed to identify any "property interest" of which the Student was allegedly deprived of by the District. "[A] property interest must be constitutionally 'fundamental' in order to implicate due process." *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 141 (3d Cir. 2000). Education is not a fundamental right or liberty. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 33-38 (1973).

Whether the Fourteenth Amendment protects a property interest "depends on whether that interest is 'fundamental' under the United States Constitution." *Nicholas*, 227 F.3d at 140 (citations omitted). The category of interests that

qualify as "fundamental" for purposes of substantive due process is narrower than those protected by procedural due process and "not all property interests worthy of procedural due process protection are protected by the concept of substantive due process." *Id*. (citation omitted); *see also Collins*, 503 U.S. at 125, 112 S.Ct. 1061 (urging courts to exercise "judicial self-restraint" when determining whether to "expand the concept of substantive due process"). Instead, "to state a substantive due process claim, 'a plaintiff must have been deprived of a particular quality of property interest.' " *Nicholas*, 227 F.3d at 140 (*quoting DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 598 (3d Cir. 1995), abrogated on other grounds by *United Artists Theatre Cir. Inc. v. Twp. of Warrington, Pa.*, 316 F.3d 392 (3d Cir. 2003)).

"The right to attend public school is not a fundamental right for the purpose of due process analysis... Government actions that do not affect fundamental rights or liberty interests and do not involve a suspect classification will be upheld if they are rationally related to a legitimate state interest... In the context of school discipline, a substantive due process claim will succeed only in the 'rare case' when there is 'no rational relationship between the punishment and the offense'." *Brian A. ex rel. Arthur A. v. Stroudsburg Area Sch. Dist.*, 141 F. Supp. 2d 502, 510 (M.D. Pa. 2001) (*citing Seal v. Morgan*, 229 F.3d 567 (6th Cir. 2000).

Because Plaintiffs have failed to identify the deprivation of a constitutionally protected property interest, their substantive due process claim must be dismissed.

## M. The claims against the individual defendants must be dismissed

Claims which are made against a government employee in his or her official capacity merge into the claims against the public entity. *Mitros v. Borough of Glenolden*, 170 F.Supp. 2d 504 (E.D. 2001) (*citing Brandon v. Holt*, 469 U.S. 464 (1985)).

To prevail against a defendant in his individual capacity under § 1983, a plaintiff must establish that the defendant had personal involvement in committing the alleged violations. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Any liability of an individual must "be based on his own acts or omissions, not those of [others]…" *Agresta v. City of Philadelphia*, 801 F. Supp. 1464, 1468 (*citing Monell*, 436 U.S. at 693.)

## N. Plaintiffs cannot recover punitive damages

The United States Supreme Court has been clear in prohibiting punitive damages against a governmental entity unless expressly authorized by statute. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). Punitive damages are not recoverable against municipalities, municipal entities, and local officials in their official capacity. *Id*. at 268. As such, the punitive damages claims in Counts I, II and IV must be dismissed.

Also, under Pennsylvania law, local agencies cannot be held liable for punitive damages. *Marko v. City of Phila.*, 133 Pa. Commw. 574 (1990). The well-established public policy against the imposition of punitive damages applies whether the governmental defendant is the Commonwealth or one of its agencies or a municipality or one of its agencies. *Robbins v. Cumberland County Children & Youth Servs.,* 802 A.2d 1239, 1253, n. 18 (Pa. Cmwlth. 2002); *Westmoreland County Industrial Development Authority v. Allegheny County Board of Property Assessment, Appeals and Review*, 723 A.2d 1084, 1087 (Pa. Cmwlth. 1999); *Danlin Management Group, Inc. v. School District of Philadelphia*, 2005 Phila. Ct. Com. Pl. LEXIS 411 (striking punitive damages claims). As such, the punitive damages claims must be dismissed.

MARSHALL  DENNEHEY
WARNER COLEMAN & GOGGIN

By:_____
William J. McPartland, Esquire
Attorney I.D. No:  PA 94214
P.O. Box 3118
Scranton, PA  18505-3118
(570) 496-4600

## <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.8</u>

This brief complies with the Local Rule 7.8(b).  The brief contains 4,989 words.

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

By: _____
     William J. McPartland, Esquire
     Attorney I.D. No:  PA 94214
     P.O. Box 3118
     Scranton, PA  18505-3118
     (570) 496-4600

## CERTIFICATE OF SERVICE

I, William J. McPartland, Esquire, hereby certify that on August 8, 2023, I served a true and correct copy of a Brief in Support of Defendants Riverside School District, Riverside School District Board of Education, Robert Presley, Christopher Lazor and Paul Brennan's Motion to Dismiss via electronic filing, upon the following:

Dave W. Rothenberg, Esquire
Ryan P. Campbell, Esquire
Leah Popple
Rothenberg & Campbell
345 Wyoming Avenue, Ste. 210
Scranton, PA 18503

Frank Santomauro, Esquire
Law Offices of Frank Santomauro
142 South Main Avenue
Scranton, PA 18504

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

By:_____
William J. McPartland, Esquire
Attorney I.D. No: PA 94214
P.O. Box 3118
Scranton, PA 18505-3118
(570) 496-4600