IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, A MINOR, by her Mother and Natural Guardian, JENNIFER NIED, and JENNIFER NIED, Individually | : : : | CIVIL ACTION |
| | : | JURY TRIAL DEMANDED |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| RIVERSIDE SCHOOL DISTRICT d/b/a RIVERSIDE JUNIOR SENIOR HIGH SCHOOL, RIVERSIDE SCHOOL DISTRICT BOARD OF EDUCATION, ROBERT PRESLEY, in his individual and official capacity, CHRISTOPHER LAZOR in his individual and official capacity, PAUL M. BRENNAN, in his individual and official capacity, and BRYAN PICA & NICOLE PICA, as the Parents and Natural Guardians of A.P., a minor | : : : : : : : : : : | No.: 3:23-cv-0118-MCC<br><br><br>PLAINTIFFS' SUR-REPLY TO DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS |
| | : | |
| Defendants. | : | |

In Defendants', Riverside School District d/b/a Riverside Junior Senior High School,

Riverside School District Board of Education, Robert Presley, in his individual and official

capacity, Christopher Lazor, in his individual and official capacity, and Paul M. Brennan, in

his individual and official capacity (hereinafter referred to collectively as the "Moving

Defendants"), Reply Brief, Moving Defendants raise new arguments supported by new

authorities that were not made in their initial Brief. Having moved for Leave to file the instant

Sur-Reply in the accompanying Motion, Plaintiffs hereby respond to Moving Defendants'

new arguments and authorities.

      I.      **The Moving Defendants' Claim that Plaintiff Doe was not Sexually Harassed is Inaccurate, Self-Serving, and is Undermined by Case Law as well as Title IX's Regulations.**

The Moving Defendants now claim that Plaintiff Doe was not sexually harassed while at the Riverside School District, but rather was simply harassed in a non-sexual nature. The Moving Defendants seek dismissal of Count I of Plaintiffs' Complaint alleging Title IX violations against the Moving Defendants in support of their erroneous argument.

As a threshold matter, in determining the viability of a Title IX claim, the Court must first determine whether Plaintiff Doe has alleged sufficient facts which, if credited, would support a cause of action that she was sexually harassed as a student at the Riverside School District. *See Doe v. Pennridge Sch. Dist.*, 413 F. Supp. 3d 393, 406 (E.D. Pa. 2019). Importantly, whether a course of harassment that includes non-sexual specific threats and/or taunts is because of gender and/or sex, must be determined on "the sum total of abuse over time." *Hall v. Guardsmark, LLC*, No. 11-115, 2012 WL 1564623, at *9 (W.D. Pa. May 3, 2012) (citing *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 155 (3d Cir. 1999)).

In the instant matter, it is undisputed that Plaintiff Doe was subjected to sexual assault by another student enrolled at the Riverside Junior Senior High School, A.P. DKT. No. 1. at ¶ 28-32. It is further alleged in Plaintiffs' Complaint that Plaintiff Doe was further subjected to sexual harassment by A.P. during the school-day and during school-sponsored activities. DKT. No. 1. at ¶ 41,-46. Specifically, Plaintiffs' Complaint alleges that A.P. was permitted to sexually harass Plaintiff Doe by, *inter alia*, telling her "somebody f****ing kill me" as well as constantly following her in close proximity in an attempt to stalk, annoy or threaten her. Id.

It is long-held that harassment by a former intimate partner is considered sexual harassment pursuant to Title IX even when some of the harassing conduct and language appears gender neutral or non-sexual in nature. *See Krebs v. New Kensington-Arnold Sch. Dist.*, No. 16-610, 2016 WL 6820402, at *3-4 (W.D. Pa. Nov. 17, 2016) (holding that course of harassment by peers which included calling plaintiff fat and ugly, being threatened, being told to kill

herself, and being targeted and/or stalked by former intimate partner constituted sexual

harassment for purposes of Title IX). For example, repeated solicitations and associated

stalking are considered sexual harassment for purposes of Title IX. *See Jones v. Indiana Area*

*Sch. Dist.*, 397 F. Supp. 2d 628, 644-46 (W.D. Pa. 2005).

Thus, the sexual harassment, as perpetrated by A.P. at the Defendant District, to which

the Moving Defendants were made aware on numerous occasions by Plaintiffs and others,

was not only sexual in nature, but was fueled by A.P.'s prior conduct in committing Felony 2

sexual assault against Plaintiff Doe. The sexual assault against his victim is what motivated,

drove and furthered A.P.'s course of harassing conduct against Plaintiff Doe. Any suggestion

that A.P.'s course of harassment against Plaintiff Doe was not sexual in nature is disingenuous

and self-serving. To the contrary, the sexual assault was the cornerstone of the sexual

harassment, while the ongoing torment, ridicule and stalking by A.P. were the mechanisms

employed to further enact that sexual harassment. This is what the Moving Defendants

permitted, until a point and time wherein the sexual harassment became so severe, pervasive

and damaging to Plaintiff Doe that A.P. voluntarily removed himself from the District.

As such, the Moving Defendants' argument that Plaintiff Doe was not subject to *sexual*

harassment (*emphasis added*) must fail.

II.    **The Moving Defendants' Claim that Plaintiff Doe Did Not Suffer Any
       Adverse Action Must Fail in Light of the Standard for Dismissal Pursuant to
       Federal Rule of Civil Procedure 12(b)(6).**

The Moving Defendants now claim that Plaintiff Does' Title IX retaliation claim must

fail as a matter of law because "Defendants did not compel Plaintiff Doe to be in close

proximity to A.P. merely by permitting him to remain enrolled as a student, nor did they take

any other intentional action." DKT. No. 28. The Moving Defendants offer no justification or

support for the propositions that they did not compel Plaintiff Doe to be in close proximity to

A.P. and did not take any other intentional action. However, even had the Moving Defendants offered any justification for their proposition, dismissal at this stage of the litigation would be improper.

It is well-settled that in resolving a 12(b)(6) motion, the court must accept as true the facts alleged in the complaint, together with all reasonable inferences that can be drawn therefrom and construe them in the light most favorable to the plaintiff. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d. Cir. 1990). In the instant matter, Plaintiffs' Complaint provides that the Moving Defendants retaliated against Plaintiff Doe for her reports of discrimination by not only refusing to remove A.P. from close proximity to Plaintiff Doe, but also by compelling Plaintiff Doe to remain in certain classes where she was subjected to additional harassment by faculty, known by the Moving Defendants, including a football coach for the Riverside Junior Senior High School who works side-by-side with Defendant Bryan Pica. DKT. No. 1. at ¶ 92. Additionally, Plaintiffs' Complaint further provides that the intentional retaliatory acts committed by the Moving Defendants against Plaintiff Doe included "making false remarks to the Plaintiffs, failing and/or refusing to keep Plaintiffs informed regarding the District's investigation, and then and there failing and/or refusing to respond to Plaintiffs' requests for communication and/or explanation." DKT. No. 1. at ¶ 92.

As such, the Moving Defendants' argument set forth in their Reply that Plaintiff Doe did not suffer any adverse action must fail at the 12(b)(6) scrutiny stage and therefore, the Motion to Dismiss Count II of Plaintiffs' Complaint providing a cause of action for Retaliation pursuant to Title IX must be denied.

> III.   **The Moving Defendants' Owed Plaintiff Doe a Duty of Care and Therefore, Defendants' Motion to Dismiss Counts III (Negligence Per Se) and IV (Negligence) Must be Denied.**

The Moving Defendants additionally claim in their Reply that because the sexual assault perpetrated by A.P. and against Plaintiff Doe occurred outside of school property, that Act 110 is inapplicable and they therefore owed Plaintiff Doe no duty of care.

To avoid redundancy, and preserve judicial economy, the Plaintiffs will rely on their interpretation of the duties imposed by Act 110 as set forth in the corresponding Brief in Opposition to Defendants' Motion to Dismiss.

However, it must be highlighted, based upon the Moving Defendants' Reply, that Section "b" of Act 110 transitions from "permissive" to "affirmative" upon the existence of the following criteria: (1) the assault was against another student enrolled in the same public school entity; and (2) the assault has the effect of either (i) substantially interfering with the victim's education, (ii) creating a threatening or hostile educational environment, or (iii) substantially disrupts the orderly operation of the school. 24 P.S. § 13-1318.1 (b).

Plaintiffs' Complaint sufficiently provides that all condition precedents were met to transition the Moving Defendants' claimed "permissive duty" into Act 110's imposed "affirmative duty." To wit, Plaintiffs' Complaint sets forth that A.P.'s sexual assault against Plaintiff Doe, and his continued presence at the Riverside Junior Senior High School, where he was provided unrestricted access to his victim, had the effect of substantially interfering with the minor-Plaintiff, Jane Doe's, education, created a threatening and hostile educational environment, and substantially disrupted the orderly operation of the Riverside Junior/Senior High School. DKT. No. 1. at ¶ 99.

When Plaintiffs' Complaint is read in the light most favorable to the Plaintiff, it is clear that the Moving Defendants' Motion to Dismiss Counts III and IV of Plaintiffs' Complaint must be denied.

**CONCLUSION**

For the foregoing reasons, and those provided in the corresponding Brief in Opposition of the Moving Defendants' Motion to Dismiss, the Defendants' Motion to Dismiss Plaintiffs' Complaint must be denied.

Respectfully submitted,

/s/ Ryan P. Campbell
Ryan P. Campbell, Esquire
**ROTHENBERG & CAMPBELL**
345 Wyoming Ave., Ste. 210
Scranton, Pennsylvania 18503

Dated: 9/5/23

Dave W. Rothenberg, Esquire
**ROTHENBERG & CAMPBELL**
345 Wyoming Ave., Ste. 210
Scranton, Pennsylvania 18503

Dated: 9/5/23

/s/ Leah K. Popple
Leah K. Popple, Esquire
**ROTHENBERG & CAMPBELL**
345 Wyoming Ave., Ste. 210
Scranton, Pennsylvania 18503

Dated: 9/5/23

*Counsel for the Plaintiffs, Jane Doe, a minor, by her Mother & Natural Guardian, Jennifer Nied, and Jennifer Nied, Individually*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANE DOE, A MINOR, by her Mother   :   CIVIL ACTION
and Natural Guardian, JENNIFER NIED, :
and JENNIFER NIED, Individually     :      JURY TRIAL DEMANDED
                               :
                   Plaintiffs        :
                               :
     v.                              :
                               :
RIVERSIDE SCHOOL DISTRICT d/b/a  :      No.: 3:23-cv-0118-MCC
RIVERSIDE JUNIOR SENIOR HIGH   :
SCHOOL, RIVERSIDE SCHOOL      :
DISTRICT BOARD OF EDUCATION,   :
ROBERT PRESLEY, in his individual and :
official capacity, CHRISTOPHER LAZOR:
in his individual and official capacity,   :
PAUL M. BRENNAN, in his individual  :
and official capacity, and BRYAN PICA  :
& NICOLE PICA, as the Parents and   :
Natural Guardians of A.P., a minor    :
                               :
            Defendants.      :

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.8

I, Dave W. Rothenberg, Esquire, counsel for the above-named Plaintiffs, do hereby

certify pursuant to this Honorable Court's Local Rule 7.8, that the foregoing Sur-Reply Brief

complies with Rule 7.8 in that the foregoing Brief contains 3,029 words in its entirety.

Respectfully submitted,

Dave W. Rothenberg, Esquire
**ROTHENBERG & CAMPBELL**
345 Wyoming Ave., Ste. 210
Scranton, Pennsylvania 18503
*Attorneys for the Plaintiffs*

Dated:  September 5, 2023.