IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANE DOE, a minor, by her mother          :          Civ. No. 3:23-CV-1118
and natural guardian, Jennifer Nied,      :
and JENNIFER NIED, individually,          :
                                          :
     Plaintiffs,                          :
                                          :
          v.                              :          (Magistrate Judge Bloom)
                                          :
RIVERSIDE SCHOOL DISTRICT,                :
d/b/a Riverside Junior/Senior             :
High School, et al.,                      :
                                          :
     Defendants.                          :

MEMORANDUM OPINION

## I.  Introduction

This case comes before us for consideration of a motion to dismiss filed by Defendants Bryan and Nicole Pica. (Doc. 20). Jennifer Nied filed this action on behalf of herself and her daughter Jane Doe, a minor student in the Riverside School District. (Doc. 1). The complaint alleges that Jane Doe was sexually assaulted off school grounds by A.P., the Picas' minor child, and that A.P. was permitted to attend school with Jane Doe following the assault. (*Id.*). The plaintiffs contend that the Picas failed to notify the school of A.P.'s adjudication of guilt for sexual assault,

and that they otherwise failed to intervene when A.P. subsequently harassed Jane Doe during school hours and at school functions.

Thus, the complaint asserts claims of negligence and negligence *per se* against the Picas. (Doc. 1). The plaintiffs contend that the Picas had a statutory duty to report A.P.'s adjudication to the school and/or remove him from the school environment. Further, the plaintiffs assert that the Picas knew or should have known of A.P.'s ongoing harassment of Jane Doe and failed to intervene to stop the behavior. The Picas have now filed a motion to dismiss, arguing that the complaint fails to state negligence claims against them. (Doc. 20).[1]

The motion is fully briefed and ripe for resolution. (Docs. 26, 29, 35). After consideration, the defendants' motion will be granted.

## II.  Background

The factual background of this Memorandum Opinion is taken from the well-pleaded facts alleged in the plaintiffs' complaint (Doc. 1), which we must accept as true for purposes of the instant motion to dismiss. The minor plaintiff, Jane Doe, was enrolled as a student in the Riverside

---

[1] The District Defendants also filed a motion to dismiss, which we addressed through a separate Memorandum Opinion and Order. (Docs. 36, 37).

School District ("the District") at Riverside Junior/Senior High School, located in Lackawanna County, Pennsylvania. (Doc. 1 ¶ 9). Jane Doe was a student with a disability and had a 504 Service Agreement with the District that outlined the accommodations she needed. (*Id.* ¶ 27).

In January of 2021, Jane Doe was sexually assaulted by A.P., a minor who was also enrolled at Riverside Junior/Senior High School. (*Id.* ¶ 28). The assault occurred outside of the school setting in Luzerne County, Pennsylvania. (*Id.* ¶ 29). Following the assault, the Luzerne County District Attorney's Office filed a Petition Alleging Delinquency, claiming that A.P. raped and/or sexually assaulted Jane Doe. (Doc. 1 ¶ 30). After a hearing, the Court adjudicated A.P. delinquent of Felony 2 Sexual Assault pursuant to 18 Pa. Cons. Stat. § 3124.1. (*Id.* ¶ 31).

The complaint alleges that throughout the pendency of the juvenile proceedings against A.P., Jane Doe's mother, Jennifer Nied, was in direct communication with the District regarding the proceedings. (*Id.* ¶ 33). Specifically, Jennifer Nied alleges that she informed the District of A.P.'s delinquency adjudication at the conclusion of the juvenile case. (*Id.* ¶ 36). However, the complaint asserts that despite her concerns voiced to the District regarding A.P. having contact with Jane Doe during school, the

District told Jennifer Nied that there was nothing that could be done to protect Jane Doe from A.P. (*Id.* ¶¶ 34, 37-38).

Thus, following the juvenile adjudication, A.P. was permitted to attend the same lunch period as Jane Doe. (Doc. 1 ¶ 39). It is further alleged that A.P. was permitted to attend the semi-formal dance in January of 2022. (*Id.* ¶ 42). At the dance, A.P. sat at a table directly behind Jane Doe and her friends and allegedly harassed, embarrassed, and threatened Jane Doe, causing her to spend most of the evening crying in the restroom. (*Id.* ¶¶ 43, 45). Some time after the semi-formal dance, the complaint alleges that A.P. verbally harassed Jane Doe in the hallway during school, mockingly shouting at her. (*Id.* ¶ 46). Accordingly, Nied contacted the District, informed individuals within the District of the ongoing issues, and requested a meeting with the principals and guidance counselor. (*Id.* ¶ 48).

At the meeting on February 23, 2022, the District informed Nied that it was unaware of A.P.'s juvenile adjudication or that A.P. was on juvenile probation, although the complaint alleges that the District was made aware not only by Nied but by A.P.'s juvenile probation officer. (Doc. 1 ¶¶ 49, 50). The District further informed Nied that there was

nothing the District could do to protect Jane Doe during school hours. (*Id.* ¶ 49). Thus, it is alleged that school continued to be a threatening and hostile environment for Jane Doe due to the District's failure to protect her from A.P. (*Id.* ¶ 54). As an example, the complaint asserts that Jane Doe was forced to remain in a class taught by a teacher who created a hostile environment for her, despite her request to be transferred to another class, which was denied by the District. (*Id.* ¶ 56). However, notably missing from the complaint are any allegations that the Picas were in attendance at this meeting or were otherwise made aware of Jane Doe's complaints of harassment against their son.

The plaintiffs filed this complaint on July 5, 2023. (Doc. 1). The complaint names the District, the School Board, Robert Presley, Christopher Lazor, and Paul Brennan as defendants, as well as Bryan and Nicole Pica, the parents and guardians of A.P. (*Id.*). As to the Picas, the complaint asserts claims of negligence *per se* and negligence based on the Picas' alleged failure to notify the school of A.P.'s adjudication and their failure to intervene in his harassing behavior. (*Id.*). The Picas have now filed a motion to dismiss, claiming that the plaintiffs have failed to state negligence claims against them. (Doc. 20).

This motion is fully briefed and ripe for resolution. (Docs. 26, 29, 35). After consideration, the motion will be granted.

## III.   Discussion

### A. Motion to Dismiss - Standard of Review

The defendants have filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."

*Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant

attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

### B. The Motion to Dismiss will be Granted.

As we have noted, the plaintiffs assert negligence and negligence *per se* claims against the Picas. The complaint alleges that the Picas, as the parents of A.P., had a statutory duty to notify the school of A.P.'s juvenile adjudication for sexually assaulting Jane Doe. The plaintiffs contend that the Picas' failure to notify the school of the adjudication was the cause of Jane Doe's injuries. They further assert a general negligence claim, arguing that the Picas failed to intervene in the ongoing harassment of Jane Doe when they knew or should have known it was

occurring. For the reasons set forth below, we conclude that these claims fail as currently pleaded and will be dismissed.

## 1. Negligence *Per Se*

To state a claim for negligence *per se*, a plaintiff must plead facts to establish four requirements:

> (1) The purpose of the statute must be, at least in part, to protect the interest of a group of individuals, as opposed to the public generally;
> (2) The statute or regulation must clearly apply to the conduct of the defendant;
> (3) The defendant must violate the statute or regulation;
> (4) The violation of the statute or regulation must be the proximate cause of the plaintiff's injuries.

*Schemberg v. Smicherko*, 85 A.3d 1071, 1074 (Pa. Super. Ct. 2014) (citations omitted).

The plaintiffs' negligence *per se* claim is based on Act 110 of the Public School Code, which was enacted in 2021 regarding students who are convicted or adjudicated delinquent of sexual assault. 24 P.S. § 13-1318.1. This provision, in relevant part, provides that a student enrolled in a public school, who is adjudicated delinquent of sexually assaulting a student in the same school, must notify the school of the adjudication no later than 72 hours after the adjudication. § 13-1318.1(e). The plaintiffs contend that neither A.P., nor the Picas, notified the school of the

adjudication, which resulted in Jane Doe's alleged injuries. (Doc. 1 ¶¶ 168, 172). For their part, the Picas contend that as the parents of A.P., they had no duty under the statute because the statute places the duty to notify on the student, rather than the parents. Further, they argue that the plaintiffs cannot show that their failure to notify the school was the proximate cause of Jane Doe's alleged injuries, as the plaintiffs have alleged the school did, in fact, have notice of the adjudication.

At the outset, we note that no Pennsylvania court has yet addressed negligence claims based on Act 110, including the issue of who owes the duty to notify and to whom that duty is owed. For their part, the plaintiffs contend that the student, as well as the parents of the student, owe a duty to victims of sexual assault to notify the school of an adjudication of guilt for sexual assault. (Doc. 29 at 6-7). The defendants, on the other hand, argue that the statute clearly imposes the duty to notify upon the student, and in any event, the duty is one owed to the school, rather than a minor victim. (Doc. 26 at 5).

However, we conclude that even if the Picas had a duty to notify the school under Act 110, the plaintiffs have not pleaded sufficient facts to establish that the Picas' failure to notify the school was the proximate

cause of Jane Doe's injuries. "To determine whether any breach of duty proximately caused a plaintiff's damages, this Court looks to whether a reasonable person would infer that the injury was the natural and probable result of defendant's breach of duty." *Kirschner v. K & L Gates LLP*, 46 A.3d 737, 754 (Pa. Super. Ct. 2012).

Here, the plaintiffs affirmatively plead that Jennifer Nied, Jane Doe's mother, informed the District of A.P.'s juvenile adjudication: " . . . Jennifer Nied, specifically informed the District Defendants, by and through their agents, servants, administration and/or employees, of A.P.'s delinquency adjudication an/or admission at the conclusion of the Juvenile case." (Doc. 1 ¶ 36). Taking this factual averment as true, the District had knowledge of A.P.'s juvenile adjudication. Accordingly, we cannot conclude that a reasonable person would infer that, absent additional notification by A.P. or the Picas, Jane Doe would not have suffered her alleged injuries. In fact, the complaint alleges that despite the District's knowledge of the sexual assault adjudication, A.P.'s harassment resulted in injury to Jane Doe.

The plaintiffs argue that they have pleaded these facts in the alternative, and that the inconsistent facts in the complaint are

nonetheless sufficient to withstand the motion to dismiss. It is true that "as a general matter, pleading inconsistent claims is permissible[.]" *Dorley v. South Fayette Twp. Sch. Dist.*, 129 F. Supp. 3d 220, 236 (W.D. Pa. 2015) (citing Fed. R. Civ. P. 8(d)(3)). However, "where one factual allegation negates an essential element of a contrary assertion, that conflict cannot stand, absent sufficient explanation." *Id.* (citation omitted). Here, the plaintiffs' factual assertion that Jennifer Nied informed the school of A.P.'s adjudication negates the proximate cause element of the negligence *per se* claim; that is, the assertion that but for the Picas' failure to notify the school, Jane Doe would not have suffered her injuries. As we have explained, the complaint affirmatively pleads that the District knew of the adjudication, and despite this knowledge, Jane Doe suffered her alleged injuries. Thus, we cannot conclude that the complaint sufficiently asserts that the Picas' failure to notify the school of the adjudication was the proximate cause of the plaintiff's injuries. Accordingly, this claim fails as a matter of law, and we will dismiss this claim with prejudice.

2. <u>Negligence</u>

The plaintiffs also bring a general negligence claim against the Picas, asserting that the Picas failed to notify the school of the sexual assault, and were aware of A.P.'s ongoing harassment of Jane Doe but failed to intervene and stop it. They contend that the Picas knew or should have known that the failure to notify the school, as well as the failure to remove A.P. from the school, would result in injury to Jane Doe.

The plaintiffs' negligence claim suffers from the same fatal flaw as their negligence *per se* claim—they cannot establish that the Picas' actions or inactions were the proximate cause of Jane Doe's injuries. To state a negligence claim, the plaintiffs must plead facts to establish: "(1) the defendant owed the plaintiff a duty or obligation recognized by law; (2) the defendant breached that duty; (3) a causal connection existed between the defendant's conduct and the resulting injury; and (4) actual damages occurred." *Sodders v. Fry*, 32 A.3d 882, 887 (Pa. Commw. Ct. 2011). A plaintiff asserting a negligence claim must show that "such negligence is the 'proximate' or 'legal' cause of the injury." *Id.* (citations omitted).

In this case, the plaintiffs' negligence claim based on the Picas' failure to notify the school fails because the plaintiffs have not pleaded facts to establish that the Picas' failure to notify the school was the proximate cause of the alleged injuries. As we have explained, the complaint affirmatively asserts that the school did, in fact, have notice of A.P.'s sexual assault adjudication. Accordingly, this negligence claim fails as a matter of law.

To the extent the plaintiffs assert this claim based on the Picas' alleged failure to either remove A.P. from the school or intervene in A.P.'s harassing conduct, it appears this claim attempts to impose vicarious liability on the Picas for the actions of their son, A.P. Generally, a parent-child relationship does not automatically impose liability on the parents for the acts of the child. *Condel v. Savo*, 39 A.2d 51, 52 (Pa. 1944). However, parents may be liable if their negligence makes the alleged injury possible. *J.H. ex rel. Hoffman v. Pellak*, 764 A.2d 64, 66 (Pa. Super. Ct. 2000). Pennsylvania has adopted the Restatement (Second) of Torts, which provides that:

> A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

14

> (a) knows or has reason to know that he has the ability to control his child, and
> (b) knows or should know of the necessity and opportunity for exercising such control.

Restatement (Second) of Torts 316.

Here, the complaint fails to assert any facts from which we can infer that the Picas were notified or were otherwise aware of A.P.'s harassment of Jane Doe. Rather, the plaintiffs assert in a conclusory fashion that the Picas knew or should have known that A.P. was harassing Jane Doe. (Doc. 1 ¶ 176(i)). However, nowhere in the complaint do the plaintiffs assert that they personally notified the Picas of the harassment, that the school notified the Picas, or that the Picas were present at the February meeting with the principals and guidance counselors, such that they would have been made aware of Jane Doe's complaints.

Further, all A.P.'s alleged conduct occurred at school or at school functions. The complaint asserts that Jane Doe was harassed in the hallway during school hours and at the semi-formal dance. Nothing in the complaint indicates that the Picas had the ability and opportunity to control A.P.'s actions while he was in school and at the school dance under the supervision of school officials. *See Dorley*, 129 F. Supp. 3d at

15

248 (dismissing a negligence claim against parents where the complaint failed to plead allegations "to indicate that the Parent Defendants had the 'ability and opportunity to control' their child when he was under the supervision of his coaches at practice."). Accordingly, this negligence claim fails as currently pleaded and will be dismissed without prejudice to the plaintiffs endeavoring to amend their complaint as to this claim.

## IV.   Conclusion

For the foregoing reasons, the defendants' motion to dismiss (Doc. 20) will be GRANTED. The plaintiff's negligence *per se* claim against the Picas (Count IX) will be dismissed WITH PREJUDICE, and the general negligence claim (Count X) will be dismissed WITHOUT PREJUDICE to the plaintiffs endeavoring to amend their complaint as to this claim.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge