IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, a minor, by her mother and natural guardian, Jennifer Nied, and JENNIFER NIED, individually, | : : : : | Civ. No. 3:23-CV-1118 |
| Plaintiffs, | : : | |
| v. | : : | (Magistrate Judge Bloom) |
| RIVERSIDE SCHOOL DISTRICT, d/b/a Riverside Junior/Senior High School, et al., | : : : : | |
| Defendants. | : | |

MEMORANDUM OPINION AND ORDER

I. Introduction

This case comes before us on a motion for reconsideration filed by the plaintiffs. (Doc. 40). The plaintiffs filed this action against the Riverside School District ("the District") and other defendants, alleging claims of discrimination and retaliation under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681, *et seq.*; violations of the Fourteenth Amendment's Equal Protection and Substantive Due Process clauses under 42 U.S.C. § 1983; a *Monell*[1] claim under § 1983;

---

[1] *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978).

and state law claims of negligence, negligence *per se*, breach of contract, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*See* Doc. 1). These claims arose from the sexual abuse and subsequent sexual harassment of the Jane Doe plaintiff by another student in the District, whom the plaintiffs allege the District failed to remove from the school setting.

We granted the Defendant's motion to dismiss in part, dismissing the § 1983 and state law negligence claims against the District. (Docs. 36, 37). Relevant to the instant motion to reconsider, we dismissed the plaintiffs' § 1983 claims alleging *Monell* liability against the district, finding that the plaintiffs had failed to allege any affirmative action by the District, and further, that the plaintiffs had failed to plead facts from which we could infer that the District discriminated against her based on gender in violation of the Fourteenth Amendment. (Doc. 36 at 21-24). We also dismissed the plaintiffs' negligence claims against the District, concluding that the District was shielded by immunity under the Pennsylvania Political Subdivision Tort Claims Act ("PSTA"). (*Id.* at 24-30).

The plaintiffs now urge us to reconsider our ruling on the motion to dismiss, asserting that we erred in our consideration and dismissal of these claims. (Doc. 40). After consideration, we will deny the plaintiffs' motion.

## II. Discussion

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (internal citations and quotations omitted). It is not to "rehash arguments already briefed." *Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999). Thus, motions for reconsideration should be granted sparingly and only if the plaintiff can show: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice." *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992); *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Here, the plaintiffs do not argue that there has been an intervening change in the law, nor do they present new evidence in support of their

3

claims that was not previously available. Rather, they assert that we erred in our consideration of the law as applied to the plaintiffs' claims against the District. Specifically, the plaintiffs contend that they have adequately pleaded their § 1983 claims against the District, and further, that the PSTCA does not bar their negligence claims against this defendant.

With respect to the plaintiffs' § 1983 claims against the District, the plaintiffs assert that their complaint adequately pleads a claim against the District for its failure to act to protect Jane Doe from the sexual harassment of A.P. They further claim that they adequately pleaded facts to show that the school was deliberately indifferent to the sexual harassment in violation of the Equal Protection clause. We disagree.

As we stated in our prior Memorandum Opinion, the plaintiffs' allegations that the District failed to prevent Jane Doe from being harassed by a mere failure to act is insufficient to establish § 1983 liability:

> The Third Circuit has held that "failures to act cannot form the basis of a valid § 1983 claim." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 433 n. 11 (3d Cir. 2006) (collecting cases); *see also G.S. v. Penn-Trafford Sch. Dist.*, 813 F. App'x 799, 803 (3d Cir. 2020) (school's failure to respond to reports of bullying not an affirmative act for § 1983 liability); *S.K.*, 168 F. Supp.

4

> 3d at 815 (same); *Young v. Pleasant Valley Sch. Dist.*, 2012 WL 1827194, at *6 (M.D. Pa. May 18, 2012) (dismissing student's claim that the school's failure to prevent student-on-student harassment violated her constitutional rights). This is particularly so in cases in which the underlying violative act—the sexual harassment—is committed by private actors rather than state actors. *D.R. by L.R. v. Middle Bucks Area Vocational Technical School*, 972 F.2d 1364, 1376 (3d Cir. 1992) (distinguishing sexual abuse by a teacher who is a state actor from student-on-student sexual abuse perpetrated by a private actor).

(Doc. 36 at 22). While the plaintiffs are correct that a municipality may be held liable based upon a showing that it was aware of similar conduct in the past but failed to take action to prevent future violations (Doc. 41 at 11), the plaintiffs must plead facts to that effect. Here, the complaint falls short of alleging that the District was aware of any prior harassment of the plaintiff by A.P. and that it failed to act. Rather, the complaint alleges that *after* the harassment occurred, Nied set up a meeting with the District to inform them of what was occurring. Accordingly, the District cannot be held liable based on their failure to act to prevent these alleged instances of harassment where there are no allegations tending to show that the District was "aware of similar unlawful conduct in the past." (*Id.*) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990)).

Further, the plaintiffs assert that they have adequately pleaded intentional discrimination by the District to sufficiently allege a claim under the Equal Protection clause. The plaintiffs point us to *Goodwin v. Pennridge School District*, 309 F. Supp. 3d 367 (E.D. Pa. 2018) and *Williams ex rel. N.W. v. Jersey Shore School District*, 2023 WL 8703402 (M.D. Pa. Dec. 15, 2023), arguing that this caselaw establishes that a showing of deliberate indifference to student-on-student harassment is sufficient to state a claim of intentional discrimination under the Equal Protection clause. (Doc. 41 at 11-12). In *Goodwin*, however, the plaintiffs had alleged facts showing that school administrators had taken affirmative steps to encourage the harassment, including suggesting that the student-victim of the harassment switch schools after being informed of the harassment. *Goodwin*, 309 F. Supp. 3d at 378. Similarly, in *Williams*, the plaintiff had alleged that the school district ended a training program that it previously had regarding racial harassment, and that the school district told the plaintiffs it had investigated reported incidents of harassment and acted when it had not. *Williams*, 2023 WL 8703402 at *1, 7.

The plaintiffs in this case make no such allegations. Rather, the complaint in this matter merely alleges that the District failed to remove A.P. from the school, intervene in the alleged sexual harassment, or otherwise protect Jane Doe from A.P.'s actions, which they assert led to A.P.'s subsequent harassment of Jane Doe. These allegations are insufficient to establish deliberate indifference by the District to maintain a § 1983 claim against it. Accordingly, we cannot conclude that the plaintiffs have shown a clear error of law in our decision to dismiss these § 1983 claims against the District.

We similarly conclude that the plaintiffs have failed to establish a clear error of law with respect to our dismissal of the negligence claims against the District. The plaintiffs contend that the PSTCA does not provide immunity to the District because of the "sexual abuse" exception to the PSTCA. They argue that the sexual abuse exception encompasses the sexual harassment allegedly suffered by Jane Doe, and that this falls within the PSTCA's exception that a municipality may be liable if the sexual abuse was a result of the action or inaction of the municipality. (Doc. 41 at 17-18).

However, as we explained in our prior Memorandum Opinion, in our view, the clear language of the sexual abuse exception does not encompass the sexual harassment alleged by the plaintiff in this case. The exception waives immunity for "Sexual abuse.--*Conduct which constitutes an offense enumerated under section 5551(7)* . . . if the injuries to the plaintiff were caused by actions or omissions of the local agency which constitute negligence." 42 Pa. Const. Stat. § 8542(b)(9) (emphasis added). While the plaintiffs believe that "sexual abuse" encompasses "sexual harassment" as alleged by the plaintiff, the exception clearly delineates that "sexual abuse" in this context is limited to "[c]onduct which constitutes an offense enumerated under section 5551(7)." *Id.* Section 5551(7) enumerates nine offenses, one of which encompasses the sexual assault of which A.P. was adjudicated guilty. *See* 18 Pa. Cons. Stat. § 3124.1. It does not, however, include any reference to sexual harassment.

As we previously explained, we agree with the statutory interpretation set forth by one court in this district, which noted that "[i]f the PSTCA's drafters wanted the 'sexual abuse' waiver to sweep more broadly than the criminal statutes they referenced, they did not say so."

8

*Reed v. Mount Carmel Area Sch. Dist.*, 2023 WL 6449429, at *7 (M.D. Pa. Oct. 3, 2023). The sexual abuse waiver in the PSTCA clearly and unambiguously encompasses the enumerated conduct set forth and cross-referenced in the statute, which does not include sexual harassment. The plaintiffs have provided us with no argument to the contrary. Rather, the plaintiffs rely on their own interpretation of the harassment as "sexual abuse" to argue that this court committed a clear error of law in applying the PSTCA waiver and dismissing the negligence claims against the District. Accordingly, the plaintiffs have failed to show a clear error of law in our decision dismissing these negligence claims against the District.

Finally, we note that the plaintiffs have requested leave to amend their complaint to attempt to replead the § 1983 claims against the District.[2] (Doc. 41 at 15-16). Rule 15 of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of

---

[2] The plaintiffs have not requested leave to amend the negligence claims against the District. We note that because these claims have been dismissed on immunity grounds, any amendment would be futile. *See e.g., Torres v. Allentown Police Dep't*, 2014 WL 4081477, at *9 (E.D. Pa. Aug. 18, 2024) (finding that leave to amend claims dismissed on the basis of PSTCA immunity would be futile).

course, if amended within a particular timeframe, and with either consent of the opposing party or leave of court in all other cases. Fed. R. Civ. P. 15(a). Leave to amend should be freely given "when justice so requires." *Id.* However, the decision to grant a party's request to amend a pleading lies within the discretion of the court. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A court may deny a party's request to amend if amendment would result in undue delay, is motivated by bad faith, or would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, there is no indication that granting the plaintiffs' request for leave to amend as to the § 1983 claims against the District would result in undue delay, would be futile, is motivated by bad faith, or would prejudice the defendants. Accordingly, we will grant the plaintiffs' request and permit them leave to amend their complaint with respect to the § 1983 claims against the District.

III. Order

Accordingly, for the foregoing reasons, the plaintiffs' motion for reconsideration (Doc. 40) is DENIED.

So ordered this 11th day of April 2024.

> *s/ Daryl F. Bloom*
> Daryl F. Bloom
> United States Magistrate Judge