## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE, A MINOR, by her Mother and Natural Guardian, JENNIFER NIED, and JENNIFER NIED, Individually** | : : : : : | **Civil Action No.: 3:23-CV-1118** |
| Plaintiffs, | : : | (Magistrate Judge Bloom) |
| v. | : : | **JURY TRIAL DEMANDED** |
| **RIVERSIDE SCHOOL DISTRICT d/b/a RIVERSIDE JUNIOR/SENIOR HIGH SCHOOL,** | : : : : | |
| and | : : | |
| **ROBERT PRESLEY, in his individual and official capacity,** | : : : | |
| and | : : | |
| **CHRISTOPHER LAZOR, in his individual and official capacity,** | : : : | |
| and | : : | |
| **PAUL M. BRENNAN, in his individual and official capacity,** | : : : | |
| and | : : | |
| **BRYAN PICA & NICOLE PICA, as the Parents and Natural Guardians of A.P., a minor,** | : : : : | |
| Defendants. | : : | |

## PLAINTIFFS' FIRST-AMENDED COMPLAINT

**AND NOW** come the Plaintiffs, Jane Doe, a minor, by her Mother and Natural Guardian, Jennifer Nied, and Jennifer Nied, individually (hereinafter referred to collectively as

"Plaintiffs"), by and through counsel, Ryan P. Campbell, Esquire and Dave W. Rothenberg, Esquire of Rothenberg & Campbell, and hereby respectfully files the instant Plaintiffs' First-Amended Complaint, and in support thereof, avers and alleges as follows:

## THE PARTIES

1.     The Plaintiff, Jane Doe, is a female and minor individual. The Plaintiff, Jane Doe, is referred to herein as Jane Doe due to the extreme and irreparable hardship such revelation of her identity would cause and the need to protect victims of sexual assault and sexual violence.

2.     The Plaintiff, Jane Doe, brings this action by and through her mother and natural guardian, Jennifer Nied. Jennifer Nied also brings this action in her individual capacity in addition to as the mother and natural guardian of Jane Doe.

3.     At all times material hereto, the Plaintiffs were residents of Lackawanna County, Commonwealth of Pennsylvania, located within the Middle District of Pennsylvania.

4.     At all times material hereto, the Plaintiff, Jane Doe, was enrolled in Riverside Junior/Senior Highschool, located in Taylor, Pennsylvania, a public-school entity maintained, operated and/or controlled by Defendant Riverside School District d/b/a Riverside Junior/Senior High School (hereinafter referred to as "Defendant District").

5.     The Defendant District is believed to be a public-school entity in Lackawanna County, Commonwealth of Pennsylvania. It is organized under the laws and Constitution of the Commonwealth of Pennsylvania with a principal place of business located at 300 Davis Street, Taylor, Pennsylvania 18517. Riverside Junior/Senior High School is a school within the Riverside School District which provides education for students grades 7 through 12 who are enrolled in Defendant's District.

6.     The Defendant, Robert Presley (hereinafter referred to as "Defendant Principal Presley"), was at all times material hereto, an agent, servant, administrator, and/or employee of the Defendant District, who served as the Defendant District's Riverside Junior/Senior High School's principal. As set forth herein, Defendant Principal Presley, by and through his actions, desired to bring about the harassment, discrimination, threats, embarrassment, and hostile educational environment that followed and/or was substantially certain that such a result would occur.

7.     Defendant Principal Presley, in his capacity as the Defendant District's Junior/Senior High School Principal, was responsible for, *inter alia*, providing for the physical, intellectual, and emotional safety of all students enrolled in the Defendant District and ensuring the Defendant District's compliance with all federal, state and local requirements.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, A MINOR, by her Mother and Natural Guardian, JENNIFER NIED, and JENNIFER NIED, Individually | : : : : : | Civil Action No.: 3:23-CV-1118 |
| Plaintiffs, | : : | (Magistrate Judge Bloom) |
| v. | : : | JURY TRIAL DEMANDED |
| RIVERSIDE SCHOOL DISTRICT d/b/a RIVERSIDE JUNIOR/SENIOR HIGH SCHOOL, | : : : : | |
| and | : : | |
| ROBERT PRESLEY, in his individual and official capacity, | : : : | |
| and | : : | |
| CHRISTOPHER LAZOR, in his individual and official capacity, | : : : | |
| and | : : | |
| PAUL M. BRENNAN, in his individual and official capacity, | : : : | |
| and | : : | |
| BRYAN PICA & NICOLE PICA, as the Parents and Natural Guardians of A.P., a minor, | : : : : | |
| Defendants. | : : | |

## PLAINTIFFS' FIRST-AMENDED COMPLAINT

**AND NOW** come the Plaintiffs, Jane Doe, a minor, by her Mother and Natural Guardian, Jennifer Nied, and Jennifer Nied, individually (hereinafter referred to collectively as

"Plaintiffs"), by and through counsel, Ryan P. Campbell, Esquire and Dave W. Rothenberg, Esquire of Rothenberg & Campbell, and hereby respectfully files the instant Plaintiffs' First-Amended Complaint, and in support thereof, avers and alleges as follows:

### THE PARTIES

1. The Plaintiff, Jane Doe, is a female and minor individual. The Plaintiff, Jane Doe, is referred to herein as Jane Doe due to the extreme and irreparable hardship such revelation of her identity would cause and the need to protect victims of sexual assault and sexual violence.

2. The Plaintiff, Jane Doe, brings this action by and through her mother and natural guardian, Jennifer Nied. Jennifer Nied also brings this action in her individual capacity in addition to as the mother and natural guardian of Jane Doe.

3. At all times material hereto, the Plaintiffs were residents of Lackawanna County, Commonwealth of Pennsylvania, located within the Middle District of Pennsylvania.

4. At all times material hereto, the Plaintiff, Jane Doe, was enrolled in Riverside Junior/Senior Highschool, located in Taylor, Pennsylvania, a public-school entity maintained, operated and/or controlled by Defendant Riverside School District d/b/a Riverside Junior/Senior High School (hereinafter referred to as "Defendant District").

5. The Defendant District is believed to be a public-school entity in Lackawanna County, Commonwealth of Pennsylvania. It is organized under the laws and Constitution of the Commonwealth of Pennsylvania with a principal place of business located at 300 Davis Street, Taylor, Pennsylvania 18517. Riverside Junior/Senior High School is a school within the Riverside School District which provides education for students grades 7 through 12 who are enrolled in Defendant's District.

6. The Defendant, Robert Presley (hereinafter referred to as "Defendant Principal Presley"), was at all times material hereto, an agent, servant, administrator, and/or employee of the Defendant District, who served as the Defendant District's Riverside Junior/Senior High School's principal. As set forth herein, Defendant Principal Presley, by and through his actions, desired to bring about the harassment, discrimination, threats, embarrassment, and hostile educational environment that followed and/or was substantially certain that such a result would occur.

7. Defendant Principal Presley, in his capacity as the Defendant District's Junior/Senior High School Principal, was responsible for, *inter alia*, providing for the physical, intellectual, and emotional safety of all students enrolled in the Defendant District and ensuring the Defendant District's compliance with all federal, state and local requirements.

8.      It is believed, and therefore averred, that Defendant Principal Presley maintains a place of business at the Jim Thorpe Area School District Administration building located at 1100 Center Street, Jim Thorpe, Pennsylvania 18229.

9.      It is further believed, and therefore averred, that despite Defendant Principal Presley's extensive training in the fields of Title IX and sexual harassment in K-12 schools, including certifications for training in same in the Fall of 2020, that Defendant Principal Presley acted willfully to bring about the harm to Plaintiff Doe, as set forth herein.

10.     The Defendant, Christopher Lazor (hereinafter referred to as "Defendant Principal Lazor"), was at all times material hereto, an agent, servant, administrator, and/or employee of the Defendant District, who served as the Defendant District's Riverside Junior/Senior High School's principal. As set forth herein, Defendant Principal Lazor, by and through his actions, desired to bring about the harassment, discrimination, threats, embarrassment, and hostile educational environment that followed and/or was substantially certain that such a result would occur.

11.     It is believed, and therefore averred, that Defendant Principal Lazor maintains a place of business at the Riverside Junior/Senior High School with an address of 300 Davis Street, Taylor, Pennsylvania 18507.

12.     It is further believed, and therefore averred, that despite Defendant Principal Lazor's extensive training in the fields of Title IX and sexual harassment in K-12 schools, including certifications for training in same in the Fall of 2020, that Defendant Principal Lazor acted willfully to bring about the harm to Plaintiff Doe, as set forth herein

13.     The Defendant, Paul M. Brennan (hereinafter referred to as "Defendant Superintendent Brennan"), was at all times material hereto, an agent, servant, administrator, and/or employee of the Defendant District, who served as the Defendant District's superintendent of schools. The Riverside School District Board of Education designated Superintendent Brennan as the District's Title IX Coordinator and thereby authorized him to make policy for the District with respect to preventing and responding to student-on-student sexual harassment. See Riverside School District Policy 103 (the "Discrimination Policy") (incorporated by reference) (authorizing the superintendent "to ensure adequate nondiscrimination procedures are in place" and determine whether an investigation should be conducted in any given case, among other things). [1] As set forth herein, Defendant Superintendent Brennan, by and through his actions, desired to bring about the harassment, discrimination, threats, embarrassment, and hostile educational environment that followed and/or was substantially certain that such a result would occur.

14.     It is believed, and therefore averred, that Defendant Superintendent Brennan maintains a place of business at the Riverside School District Administration Building located at 601 South Main Street, Taylor, Pennsylvania 18507.

---

[1] https://go.boarddocs.com/pa/rivs/Board.nsf/files/D3AMN2756014/$file/103%20Nondiscrimination_Discriminatory%20Harassment%20-%20School%20and%20Classroom%20PracticesTEMPLATE.docx.pdf

15.    It is additionally believed, and therefore averred, that Defendant Superintendent Brennan has a long and deep routed nepotism in favor of the District Defendant's football program, having been personally and professionally involved in the District Defendant's football program since at least 2002.

16.    It is further believed, and therefore averred, that despite Defendant Superintendent Brennan's extensive training in the fields of Title IX and sexual harassment in K-12 schools, including certifications for training in same in the Fall of 2020, that Defendant Superintendent Brennan acted willfully to bring about the harm to Plaintiff Doe, as set forth herein.

17.    Defendant Principal Presley, Defendant Principal Lazor, and Defendant Superintendent Brennan are hereinafter referred to collectively as the "Individual Defendants."

18.    The Defendant, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, are believed to be adult and competent individuals with an address of 1236 Loomis Avenue, Taylor, Pennsylvania 18517.

19.    It is believed, and therefore averred, that the Defendants, Bryan Pica and Nicole Pica (hereinafter referred to as the "Pica Defendants") maintain a favoritism status within the Defendant District due to Bryan Pica's role with the Defendant District's football team and Nicole Pica's volunteer work for the Defendant District's football team.

20.    It is additionally believed, and therefore averred, that the Pica Defendants further maintain a favoritism within the Defendant District due to the Pica Defendants' close and friendly relationship with the Individual Defendants, including but not limited to, Defendant Principal Presley.

## JURISDICTION AND VENUE

21.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 which gives the United States District Courts jurisdiction over all civil actions arising under the United States Constitution, laws, and treaties of the United States.

22.    This Court has jurisdiction in that this action involves a Federal Question which arises under federal law.

23.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

24.    This Court additionally has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which provides the United States District Courts with original jurisdiction over any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any

Act of Congress providing for equal rights of all citizens or of all persons within the jurisdiction of the United States and any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

**25.**     Venue is properly laid in the Middle District of Pennsylvania because a substantial part of the acts and omissions giving rise to the instant Amended Complaint occurred in Lackawanna County, Pennsylvania. Lackawanna County is within the Middle District of Pennsylvania.

## **FACTUAL BACKGROUND**

**26.**     At all times material hereto, the minor-Plaintiff, Jane Doe, was a student enrolled in the District Defendant's Junior/Senior High school located in Taylor, Pennsylvania.

**27.**     At all times material hereto, the minor-Plaintiff, Jane Doe, was a student with disabilities in the District Defendant's district as that term is defined by Rehabilitation Act of 1973, 29 U.S.C. § 794.

**28.**     As such, at all times material hereto, the minor-Plaintiff, Jane Doe, maintained a 504 Service Agreement with the District Defendant which outlined the accommodations for Jane Doe's education as a disabled student.

**29.**     Specifically, the minor-Plaintiff, Jane Doe, was recommended by Defendant Superintendent Brennan for a 504 Service Agreement on or about January 15, 2020.

**30.**     Pursuant to the minor-Plaintiff, Jane Doe's, 504 Service Agreement, the District Defendant, by and through its agents, servants, workmen, staff, administration and/or employees, were required to take certain actions during Plaintiff Doe's education, including but not limited to, providing Plaintiff Jane Doe with a completed copy of notes and/or study guides after she had completed her own to ensure correctness, making study guides available to her several days before the test, providing her with study guides three (3) days before a test, providing her with an outline and/or vocabulary list prior to introducing a new concept or unit and providing her with directions in a written format.

**31.**     On or about September 9, 2020, the minor-Plaintiff, Jane Doe's, 504 Service Agreement was amended to include, *inter alia*, an additional duty of the responsibility of the District Defendant to permit Plaintiff Jane Doe extended time for larger assignments with multiple steps and/or resources of information.

**32.**     On or about February 9, 2022, the minor-Plaintiff, Jane Doe's, 504 Service Agreement was again amended to include the diagnosis of anxiety.

**33.**     Initially, the minor-Plaintiff, Jane Doe's, 504 Service Agreement was strictly adhered to by the District Defendant and its agents, servants, workmen, staff, administration and/or employees, including the Individual Defendants.

34.    In January of 2021, the minor-Plaintiff, Jane Doe, was sexually assaulted by A.P., a minor, while Jane Doe and A.P. were both students enrolled in the Defendant's District and attending the Riverside Junior/Senior High School.

35.    The minor-Plaintiff, Jane Doe, was additionally sexually assaulted by A.P., a minor, in Lackawanna County Pennsylvania, on or about February 6, 2021.

36.    The actions of A.P. in Luzerne County resulted in the filing of a Petition Alleging Delinquency wherein the Luzerne County District Attorney's Office alleged that A.P. committed rape and/or sexual assault against the minor-Plaintiff, Jane Doe.

37.    Subsequently, at the Hearing regarding the Petition Alleging Delinquency in the Interest of A.P., the Court adjudicated A.P. delinquent of Felony 2 Sexual Assault pursuant to 18 Pa. C.S. § 3124.1 and/or the Court accepted A.P.'s admission of committing Felony 2 Sexual Assault pursuant to 18 Pa. C.S. § 3124.1 against the minor-Plaintiff, Jane Doe.

38.    Specifically, the minor-Plaintiff, Jane Doe, was the listed victim of A.P.'s adjudication and/or admission of sexual assault in Luzerne County.

39.    On October 7, 2021, an Officer from the Luzerne County Juvenile Probation Department, Mr. Walsh, contacted the Defendant District and informed of A.P.'s delinquency adjudication, A.P.'s status on active juvenile probation, and that the minor-Plaintiff, Jane Doe, was the victim of A.P.'s sexual assault. On information and belief, this was communicated to the Individual Defendants, including Superintendent Brennan.

40.    During the pendency of the juvenile matter involving the acts committed by A.P., the Plaintiff, Jennifer Nied, was also in constant and direct communication with the Defendant District and the Individual Defendants about the sexual assault by A.P. and the resultant impact that it exacted on the minor-Plaintiff, Jane Doe. On information and belief, Superintendent Brennan learned of A.P.'s sexual assault of Jane Doe and of Plaintiff Nied's and other reports of harassment and retaliation (described below) on or around the time she made those reports because Plaintiff Nied corresponded directly with Superintendent Brennan and because the District's Discrimination Policy requires the Superintendent to be informed of complaints of discrimination and to coordinate the District's response to such complaints, including by deciding whether to investigate them.

41.    Notwithstanding the foregoing, the s wrongfully told the Plaintiff, Jennifer Nied, that there is nothing that could be done to protect the minor-Plaintiff, Jane Doe, from her assailant, A.P., while in school, and if Plaintiff Nied and Plaintiff Jane Doe had issues, they could "switch to a different school district" and/or that Plaintiff Jane Doe did not "have to attend the Riverside School District."

42.    Nevertheless, the Plaintiff, Jennifer Nied, continued to inform the Defendant District and the Individual Defendants of the juvenile disposition of A.P. as the Juvenile case progressed.

**43.**     As an example, during the Fall semester of the 2023 academic year, the Plaintiff, Jennifer Nied, informed the Defendants, including but not limited to Defendant Principal Lazor and Defendant Principal Presley, about A.P.'s Juvenile case as well as about retaliatory actions taken by the Defendant District. Specifically, she complained that a teacher and employee of the District who also serves as a football coach to A.P., who was also a friend of the Pica Family, publicly proclaimed in front of a classroom full of other students that Plaintiff Doe's reasoning was "stupid" causing the classroom of students to erupt in laughter and thereby subjecting Plaintiff Doe to ridicule, torment and embarrassment.

**44.**     As an additional example, on or about February 18, 2022, the Plaintiff, Jennifer Nied, informed the Defendant District and the Individual Defendants, including but not limited to Defendant Principal Lazor and Defendant Principal Presley, about A.P.'s admission of delinquency for his sexual assault of the minor-Plaintiff, Jane Doe, as well as more retaliatory actions by the Defendant District. The Plaintiff reported that the District threatened to remove Plaintiff Doe's friends from the Defendant District's football team for speaking-up on behalf of or about Plaintiff Doe's sexual assault by A.P., a participant in the District Defendant's football team.

**45.**     As yet an additional example, on or about February 24, 2022, the Plaintiff, Jennifer Nied, corresponded with the Defendant District and the Individual Defendants, including but not limited to Defendant Principal Lazor and Defendant Principal Presley, about A.P.'s admission of delinquency for his sexual assault of the minor-Plaintiff, Jane Doe, as well as more retaliatory actions by the Defendant District, including the misrepresentation that the Defendant District had no knowledge of the sexual assault against Plaintiff Doe and A.P.'s resultant delinquency adjudication.

**46.**     Plaintiff Jennifer Nied's correspondences to the Defendant District, by and through its agents, servants, administration and/or employees, continued throughout the academic school year, including correspondence on March 3, 2022, March 16, 2022, April 8, 2022, April 28, 2022, October 17, 2022, November 23, 2022, January 5, 2023, March 6, 2023, March 7, 2023, and July 20, 2023.

**47.**     Additionally, the Plaintiff, Jennifer Nied, made numerous phone calls to the Defendant District, by and through its agents, servants, administration and/or employees, including the Individual Defendants, with regards to A.P.'s adjudication and/or admission to the sexual assault of Plaintiff Doe and the resultant harassment, torment, and retaliation that followed.

**48.**     It is believed, and therefore averred, that due to the Plaintiff, Jennifer Nied, having corresponded with the Defendant District, by and through its agents, servants, administration and/or employees, with regards to the complaints of her minor daughter, Jane Doe, and further due to Jane Doe's reporting of the sexual assault perpetrated against her by A.P., that the Defendant District and the Individual Defendants

purposefully, willfully, and maliciously disregarded Plaintiff Doe's 504 Service
Agreement.

49.     Specifically, the Defendant District, by and through its agents, servants,
administration and/or employees, including the Individual Defendants, began harassing
Plaintiff Doe by intentionally violating Plaintiff Doe's 504 Service Agreement, including
demanding that Plaintiff Doe complete quizzes and tests without reviews and/or study
guides prior to the time of the quizzes and tests (in violation of the 504 Service
Agreement) and demanding that Plaintiff Doe complete quizzes and tests without
extended time (in violation of the 504 Service Agreement).

50.     Additionally, and to add insult to injury, the Defendant District, by and through its
agents, servants, administration and/or employees, including the Individual Defendants,
intentionally placed the minor-Plaintiff, Jane Doe, in a class taught by an assistant coach,
and close friend of the Defendant Pica family, so as to purposefully subject Jane Doe to
abuse, ridicule and torment.

51.     The aforementioned teacher and football coach for the Defendant District acted
hostilely towards not only Plaintiff Doe, as set forth herein, but additionally towards
Plaintiff Nied during parent-teacher conferences at the Defendant District.

52.     Furthermore, and as an additional measure to subject Jane Doe to abuse, ridicule
and torment, the District Defendant, by and through its agents, servants, administration
and/or employees, including the Individual Defendants, intentionally placed the minor-
Plaintiff, Jane Doe, in the same lunch period as her assailant, A.P., so as to ensure that
Plaintiff Doe would encounter and/or otherwise be exposed to her sexual assailant.

53.     Thus, the minor sexual assailant, A.P., was given unrestricted access to his victim,
Jane Doe, during school hours, causing serious, permanent and debilitating injuries as set
forth herein.

54.     As the direct result thereof, the minor sexual assailant, A.P., continued to harass,
annoy, threaten, alarm, embarrass, intimidate, torment and/or persecute his sexual assault
victim, Jane Doe, all during school hours and all while on the property owned and/or
maintained by the Defendant District.

55.     By way of additional example, after the disposition of the Juvenile matter of A.P.
wherein he was adjudicated delinquent and/or admitted to the Felony 2 Sexual Assault
against Jane Doe, and on or about January 29, 2022, the Defendant District and the
Individual Defendants, permitted A.P. to attend the Riverside Junior/Senior High School
Semi-Formal dance when they knew that the minor-Plaintiff, Jane Doe would also be in
attendance and subjected to A.P.'s torment and abuse.

56.     The Defendant District, did not take any apparent steps to ensure that A.P. did not
harass Jane Doe at the Semi-Formal Dance. Instead, it permitted A.P., accompanied by
his friends, to sit at the table directly behind Jane Doe's. It is believed, and therefore

averred, that the table at which A.P. was permitted to sit was approximately six (6) feet from the table already occupied by Jane Doe.

**57.**     The Defendant District permitted A.P. and his friends to ridicule, embarrass and torment the minor-Plaintiff, Jane Doe, during the entirety of the January 29, 2022 Semi-Formal Dance by sitting near Jane Doe and directing comments to Jane Doe suggesting that Jane Doe is a liar and "made the whole thing up." As such, the minor-Plaintiff, Jane Doe, spent the majority of her night crying in a stall in the girl's bathroom to avoid the abuse of A.P. and his friends which was permitted by the Defendant District.

**58.**     By way of additional example, after the disposition of the Juvenile matter of A.P. wherein he was adjudicated delinquent and/or admitted to the Felony 2 Sexual Assault against Jane Doe, the Defendant District and the Individual Defendants, intentionally placed a banner containing A.P.'s photograph directly in-route of Plaintiff Doe's commute to school so as to ensure that Plaintiff Doe would see a photograph of her sexual assailant while traveling to and from school.

**59.**     The aforementioned banner placed directly in Plaintiff Doe's travel route by the Defendant District was displayed the entire Fall and Winter seasons of the 2023-2024 academic year.

**60.**     As an additional example, after the incident at the Semi-Formal dance to which the Defendant District was made aware of by the Plaintiff, and during school hours between the ninth (9th) and tenth (10th) periods, while both A.P. and Jane Doe were being educated in the same building of the Riverside Junior/Senior High School, A.P. walked down the school's hallway directly towards Jane Doe, and, while traversing passed her unrestrictedly, mockingly shouted aloud "Please move. Please move. Please fu\*\*ing move. Somebody fu\*\*ing kill me." [sic].

**61.**     After learning of the interaction in the hallway, the Plaintiff, Jennifer Nied, once again emergently informed the Defendant District and the Individual Defendants of the ongoing issues during school, including the harassment at the Semi-Formal dance, and requested an immediate meeting with the Principals and guidance counselor of the Riverside Junior/Senior High School. That meeting was scheduled for February 23, 2022.

**62.**     The Plaintiff presented herself to the Defendant District for the meeting on February 23, 2022. At that time, the Individual Defendants told the Plaintiff Jennifer Nied that nothing could be done that if she or her minor-daughter had issues at the District, she could move to a different district.

**63.**     As yet another example of the Defendant District's intentional and retaliatory actions against Plaintiffs, upon the Defendant District being served with the legal papers regarding the instant lawsuit, the Defendant District left Plaintiff Nied's autistic son without transport to school thereby leaving Plaintiff Nied's autistic son stranded.

64.     As the direct result of the actions of Defendants the minor-Plaintiff, Jane Doe, has suffered, and so continues to suffer, extreme psychological and physical damages which include, but are not limited to, self-mutilation, anxiety, decrease in appetite, dangerous sexual activity, decline in grades, decline in attendance, post-traumatic stress disorder, depression and panic attacks. It is believed, and therefore averred, that the damages caused to the minor-Plaintiff by the actions and/or inactions of the Defendants will continue indefinitely into the future.

65.     It is believed, and therefore averred, that the injuries sustained by the minor-Plaintiff, Jane Doe, as set forth herein, are permanent in nature.

66.     As the direct and proximate result of the Defendant District's actions, by and through its agents, servants, administration and/or employees, including the Individual Defendants, the minor-Plaintiff, Jane Doe's, education was negatively impacted.

67.     As a further direct and proximate result of the Defendant District's actions, by and through its agents, servants, administration and/or employees, including the Individual Defendants, the District Defendants created a threatening and hostile educational environment for the minor-Plaintiff, Jane Doe.

68.     As a further direct and proximate result of the Defendant District's actions, by and through its agents, servants, administration and/or employees, including the Individual Defendants, the orderly operation of the Riverside Junior/Senior High School was substantially disrupted.

69.     As a further direct and proximate result of the Defendant District's actions, by and through its agents, servants, administration and/or employees, including the Individual Defendants, the minor-Plaintiff, Jane Doe, was subjected to additional harassment, torment and abuse by students and faculty alike. *To wit*, the minor-Plaintiff, Jane Doe, was placed in a specific class with a teacher that also served as a coach to A.P., and friend of A.P.'s family and told she could move schools.

70.     This particular teacher at the Defendant District, and coach of the Defendant District's football team wherein A.P. participates, created an extremely hostile and toxic learning environment for Jane Doe.

71.     At all times material hereto, the Defendant District was the recipient of Federal financial assistance, *to wit*, federal funding, as that term is contemplated by 20 U.S.C. § 1681, *et. seq.*

## 20 U.S.C. § 1681 "TITLE IX of the EDUCUATION AMENDMENTS OF 1972"

72.     Title IX of the Education Amendments of 1972 "Title IX" sets forth that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…". 20 U.S.C. § 1681(a).

73.     Title IX is implemented by and through the Code of Federal Regulations which provides, in its pertinent part, that a recipient of Federal financial assistance "shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action would be prohibited by this part." 34 C.F.R. § 106.8(b).

74.     A complainant may prevail in a private Title IX action for damages against a school district in cases of student-on-student harassment where the district, as a Federal financially assisted educational program, is deliberately indifferent to sexual harassment of which the recipient has actual knowledge and the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victim of access to the educational opportunities or benefits by the school. *See Davis v. Monroe County Board of Education*, 526 US 629 (1999).

### COUNT I: DISCRIMINATION PURSUANT TO TITLE IX
### (20 U.S.C. § 1681, et. seq.)
### PLAINTIFFS v. RIVERSIDE SCHOOL DISTRICT

75.     The Plaintiffs reaver and reallege ¶ 1-74 as though more fully set forth at length herein.

76.     The sex-based harassment, as set forth herein, was so severe, pervasive, and objectively offensive that the minor-Plaintiff, Jane Doe, was deprived of access to educational opportunities and/or benefits provided by the Riverside Junior/Senior High School.

77.     The Defendant District created and subjected the minor-Plaintiff, Jane Doe, to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (hereinafter referred to as "Title IX").

78.     At all times material hereto, the minor-Plaintiff, Jane Doe, was a member of a protected class.

79.     At all times material hereto, the minor-Plaintiff, Jane Doe, was subjected to sexual harassment and/or harassment in the form of a sexual assault by another student.

80.     At all times material hereto, the minor-Plaintiff, Jane Doe, was subjected to sexual harassment and/or harassment in the form of discrimination by the Defendant District.

81.     At all times material hereto, the minor-Plaintiff, Jane Doe, was subject to harassment based on her sex.

82.     At all times material hereto, the minor-Plaintiff, Jane Doe, was subjected to a hostile educational environment created by the Defendant District, based upon the

Defendant District's retaliatory actions set forth herein, including the placement of Jane Doe in the same lunch period as A.P., the placement of Jane Doe in the class of a hostile teacher who also serves as coach of A.P., and the blatant violations of Jane Doe's 504 Service Agreement.

83.     Upon information and belief, the Defendant District, and the Individual Defendants, had actual knowledge of the sexual assault of the minor-Plaintiff, Jane Doe, at the hands of A.P.

84.     The Defendant District's retaliatory actions, as set forth herein, resulted in the minor-Plaintiff, Jane Doe, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the Riverside Junior/Senior High School's education programs in violation of Title IX.

85.     The Defendant District failed to take immediate and effective remedial steps to resolve the complaints of sexual harassment, as vocalized by Plaintiffs on numerous occasions, and instead acted with deliberate indifference towards the Plaintiff, Jane Doe, and subjected Plaintiff Doe to additional damages and injury by taking affirmative steps, as set forth herein, to further discriminate against Plaintiff Doe.

86.     The District Defendants, either individually and/or jointly, persisted in its actions and inactions even after it has actual knowledge of the harm suffered by the minor-Plaintiff, Jane Doe.

87.     Thus, the Defendant District engaged in a pattern and practice of unlawful behavior designed to discourage and dissuade students, such as the minor-Plaintiff, Jane Doe, and the parents of students, such as the Plaintiff, Jennifer Nied, who had been sexually assaulted from seeking prosecution and protection, and from seeking to have sexual assaults and subsequent harassment fully investigated and discouraged.

88.     The unlawful policy and practice of the Defendant District, as set forth herein, constituted disparate treatment of females and had a disparate impact on female students.

89.     As the direct and proximate result of the actions and inactions of the Defendant District, the minor-Plaintiff, Jane Doe, has sustained the injuries set forth at length herein which include, but are not limited to, severe emotional distress, irreparable psychological damage and resultant manifested physical injury.

90.     The Defendant District, by and through its agents, servants, workmen, administration and/or employees, including the Individual Defendants, acted with deliberate indifference to the minor-Plaintiff, Jane Doe's, rights pursuant to Title IX.

91.     The Defendant District had actual knowledge that the minor sexual assailant, A.P., had engaged in sexually inappropriate behavior, was adjudicated delinquent of sexual assault, was harassing Jane Doe during school hours, was sexually harassing Jane Doe during school hours, was physically threatening Jane Doe during school hours, was

significantly interfering with Jane Doe's constitutional right to education, and was tormenting Jane Doe while at the Riverside Junior/Senior High School, in school sponsored activities, and during school hours.

**92.**     The Defendant District had actual knowledge that the retaliatory actions taken by the Defendant District, by and through its agents, servants, workmen, administration and/or employees, including the Individual Defendants, were causing Plaintiff Doe damage, injury and harm.

**93.**     The Defendant District acted with deliberate indifference with respect to addressing the sexual misconduct and/or harassment that the Defendant District knew was occurring and participated in.

**94.**     The minor-Plaintiff, Jane Doe's, educational experience was thereafter permeated with discriminatory intimidation, ridicule, embarrassment and insult that was sufficiently so severe and/or pervasive so as to alter the conditions of the minor-Plaintiff's educational environment.

**95.**     As the direct and proximate result of the Defendant District's conscious, deliberate and/or intentional actions and/or omissions, the minor-Plaintiff, Jane Doe, has suffered, and will continue to so suffer, indefinitely into the future.

**WHEREFORE,** the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against the Defendant District, Riverside School District d/b/a Riverside Junior/Senior High School, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

## COUNT II: VIOLATION OF PLAINTIFF JANE DOE'S CONSTITUTIONAL RIGHTS
### (42 U.S.C. § 1983)
### PLAINTIFFS v. RIVERSIDE SCHOOL DISTRICT and
### ROBERT PRESLEY, CHRISTOPHER LAZOR, and PAUL M. BRENNAN

**96.**     The Plaintiffs reaver and reallege ¶ 1- 95 as though more fully set forth at length herein.

**97.**     42 U.S.C. § 1983 sets forth that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...". 42 U.S.C. § 1983.

**98.**     At all times material hereto, the Defendant District, and the Individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, were "persons within the meaning of 42 U.S.C. § 1983.

**99.**     At all times material hereto, the Defendant District, and the Individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, acted under the color of state law.

**100.**     The Defendant District and the Individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, either individually and/or jointly, engaged in a pattern and practice of behavior designed to discourage and dissuade individuals, namely students, and parents of those students, who are student victims and survivors of sexual assaults, from seeking prosecution and protection, from being free from harassment and retaliation for reporting sexual assault and sexual harassment, and from seeking to have those sexual assaults and harassment fully investigated by Defendants.

**101.**     The policy and practice, as aforementioned, constituted deliberate indifference and disparate treatment of females and/or victims/survivors of sexual assaults and furthermore had a disparate impact on female students and/or victims/survivors of sexual assaults, in particular the minor-Plaintiff, Jane Doe.

**102.**     The Plaintiff, Jennifer Nied, spoke to and/or corresponded with policy-makers at the Defendant District, including but not limited to Defendant Superintendent Brennan, about A.P.'s sexual assault and the subsequent sex-based harassment and retaliation toward Jane Doe, but Defendant Brennan (exercising his policymaking authority) refused to investigate or remedy those constitutional violations and instead actively enabled them. His deliberate indifference exposed Jane Doe to a sex-based hostile environment in school and depriving her of the equal protections of the laws and due process of law.

**103.**     The minor-Plaintiff, Jane Doe, is a female minor victim and survivor of sexual assault whom the Defendants, either individually and/or jointly, denied equal protection of the laws by discriminating against her, as set forth herein, on the basis of her gender and status as a sexual assault victim/survivor. Amongst other things, the Defendant District's Discrimination Policy forbids sexual harassment and retaliation that creates a hostile educational environment. On information and belief, Defendants generally enforce that policy when male students make complaints pursuant to it. Here, however, Defendants did not enforce that policy with respect to the multiple reports made by Plaintiffs, which discriminated against Plaintiff Jane Doe based upon her gender.

**104.**     In the alternative, to the extent that the District maintains a policy or practice of not responding to sexual assault or harassment that occurs off school grounds but creates a hostile educational environment for students, the District was deliberately indifferent to a high risk that such harassment would violate the constitutional rights of students, and such policy was the moving force behind the constitutional violations in the instant matter.

**105.**    The Defendants, neither individually nor collectively, had no important interest in not removing the minor sexual assailant, A.P., from the Defendant District when they knew of his Felony-2 Sexual Assault adjudication and the impact his presence, threats and harassment caused upon Jane Doe, in not transferring and/or disciplining the minor sexual assailant after the adjudication when Defendants knew that A.P.'s presence would cause a significant disruption in the orderly operation of the Riverside Junior/Senior High School, in not disciplining A.P. for the ongoing harassment, threats and ridicule towards Jane Doe when they were put on notice of same, in not providing a chaperone, aid and/or other agent for the minor-Plaintiff, Jane Doe, to safely and adequately attend the Riverside Junior/Senior High School, in not taking sufficient and/or adequate steps to intervene in A.P.'s ongoing threats, harassment and ridicule towards Jane Doe, in not having proper education of the students to prevent sexual attacks, in not having proper education of the faculty and administration to deal with sexual violence victims, and in allowing A.P. unrestricted access, open reign, and an unconditional forum to perpetrate the harassment, threats and ridicule upon the minor-Plaintiff, Jane Doe.

**106.**    Furthermore, the Defendants, neither individually nor collectively, had no important interest in retaliating and/or harassing Plaintiff Jane Doe by placing Plaintiff Doe in a class taught by a hostile coach of Plaintiff Doe's sexual assailant, A.P., by placing Plaintiff Doe in the same lunch period as her sexual assailant, A.P., so as to cause Plaintiff Doe embarrassment, ridicule and torment, by placing a billboard directly and/or indirectly in Plaintiff Doe's route to and/or from the Defendant District so as to cause Plaintiff Doe embarrassment, ridicule and torment, by suggesting to Plaintiff Nied and Plaintiff Doe that if they had issues they could "transfer to a new district" and by intentionally violating Plaintiff Doe's 504 Service Agreement had with the Defendant District.

**107.**    The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Defendants from depriving any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 2.

**108.**    The State is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Gross v. Lopez*, 419 U.S. 565, 573 (1975).

**109.**    The Defendants, either individually and/or jointly, denied the minor-Plaintiff, Jane Doe, of her constitutionally guaranteed right to life, liberty, or property without due process of law by allowing Jane Doe to be subjected to, and further compelling Jane Doe to be subjected to, the harassment, both sexual and physical, threats, and ridicule of the minor-sexual assailant, A.P.

**110.**    The Defendants, either individually and/or jointly, denied the minor-Plaintiff, Jane Doe, of her constitutionally guaranteed right to life, liberty, or property without due process of law by placing Plaintiff Doe in a class taught by a hostile coach of Plaintiff Doe's sexual assailant, A.P., by placing Plaintiff Doe in the same lunch period as her

sexual assailant, A.P., so as to cause Plaintiff Doe embarrassment, ridicule and torment, by placing a billboard directly and/or indirectly in Plaintiff Doe's route to and/or from the Defendant District so as to cause Plaintiff Doe embarrassment, ridicule and torment, by suggesting to Plaintiff Nied and Plaintiff Doe that if they had issues they could "transfer to a new district" and by intentionally violating Plaintiff Doe's 504 Service Agreement had with the Defendant District.

**111.**    The Defendant District and each of the individual Defendants violated the minor-Plaintiff, Jane Doe's, constitutional rights, either individually and/or jointly, as set forth herein, including but not limited to Due Process and Equal Protection.

**112.**    The Defendants, either individually and/or jointly, deprived the minor-Plaintiff, Jane Doe, of her constitutional rights to Due Process and Equal Protection, either individually and/or jointly, because compelling a minor student victim/survivor to consistently, involuntarily, and under the color of law (*see Truancy pursuant to 24 P.S. §§ 13-1326* and *Act 138 of 2016*) to come face-to-face with her sexual assailant was done irrationally, entirely arbitrarily, and was intentionally done in ill will due to the sexual assailant's status at the Defendant District and/or due to the sexual assailant's familial status at the Defendant District including but not limited to, the Riverside Football team.

**113.**    The Defendants, either individually and/or jointly, deprived the minor-Plaintiff, Jane Doe, of her constitutional rights to Due Process and Equal Protection, either individually and/or jointly, because the Defendants' actions, including the Defendants' placement of Plaintiff Doe in a class taught by a hostile coach of Plaintiff Doe's sexual assailant, A.P., the placement of Plaintiff Doe in the same lunch period as her sexual assailant, A.P., the placement of a billboard directly and/or indirectly in Plaintiff Doe's route to and/or from the Defendant District, the suggestion that Plaintiffs' transfer from the Defendant District, and the intentional violations of Plaintiff Doe's 504 Service Agreement were done irrationally, entirely arbitrarily, and were intentionally done in ill will due to the sexual assailant's status at the Defendant District and/or due to the sexual assailant's familial status at the Defendant District including but not limited to, the Riverside Football team.

**114.**    As such, the Defendants violations and/or deprivations, either individually and/or jointly, as set forth herein, were contrary to clearly applicable standards against which deviations are readily apparent, thus making the discriminatory animus readily evident.

**115.**    The Defendants acted in willful disregard for the safety of the minor-Plaintiff, Jane Doe, when it permitted A.P. to continue the harassment, threats and ridicule of Jane Doe.

**116.**    The Defendants acted in willful disregard for the safety of the minor-Plaintiff, Jane Doe, when Defendants continued their actions, as set forth herein, which were specifically designed to harass, threaten and torment Plaintiff Doe.

117.    As the direct and proximate result of the above violations and/or deprivations, the minor-Plaintiff, Jane Doe, has been damaged in an amount to be determined at trial, in excess of the mandatory arbitrational limits of this Honorable Court, plus pre-judgment and post-judgment interest, costs, and expenses.

WHEREFORE, the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against the Defendant District, Riverside School District d/b/a Riverside Junior/Senior High School, and the Individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, either individually and/or jointly, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

### COUNT III: NEGLIGENCE
### PLAINTIFFS v. BRYAN PICA & NICOLE PICA

118.    The Plaintiffs reaver and reallege ¶ 1- 117 as though more fully set forth at length herein.

119.    At all times material hereto, the Pica Defendants owed a duty to Plaintiffs to exercise reasonable care in the control of their minor child, A.P., and to prevent A.P. from intentionally harming others, such as Plaintiff Doe, when the Pica Defendants knew or had reason to know that they had the ability to control A.P. and when the Pica Defendants knew or should have known or the necessity and opportunity for exercising such control over A.P.

120.    The Pica Defendants had actual knowledge of the ongoing and systemic harassment, torment, and ridicule of Plaintiff Doe at the hands of their minor-child, A.P., when they were informed of A.P.'s ongoing conduct against Plaintiff Doe by the Luzerne County Juvenile Probation Department.

121.    The Pica Defendants additionally had actual knowledge of the ongoing and systemic harassment, torment, and ridicule of Plaintiff Doe at the hands of their minor-child, A.P., when, upon information and belief, the Defendant District, by and through its agents, servants, workmen, administration and/or employees, notified the Pica Defendants that A.P. was engaging in sexual harassment of Plaintiff Doe, including but not limited to, by walking towards her in the hallway while mockingly stating aloud "please move, please move, someone fucking kill me."

122.    To add insult to injury, the Pica Defendants aided and abetted in their minor son's harassment, torment and ridicule of A.P.'s victim, Plaintiff Doe, when the Pica Defendants, and in particular Nicole Pica, attempted to strike and/or attempted to threaten Plaintiff Doe on or about April 24, 2023, by Defendant Nicole Pica's operation of her motor vehicle, with her minor child, A.P., present in the vehicle owned and/or operated by Defendant Nicole Pica, in swerving at and/or near Plaintiff Doe while in the Defendant District's parking lot, so as to attempt to strike Plaintiff Doe with her vehicle

and/or so as to threaten Plaintiff Doe with the striking by her vehicle, while laughing at and gesturing towards Plaintiff Doe in a debilitating, hostile, and reckless manner.

123.     The negligence, careless and/or recklessness of the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, consisted of, but is not limited to, the following:

   **a.**     In then and there putting the minor-Plaintiff, Jane Doe, in imminent fear of bodily harm;

   **b.**     In then and there putting the minor-Plaintiff, Jane Doe, in imminent fear of psychological harm;

   **c.**     In then and there failing to act reasonably under all of the circumstances then and there existing;

   **d.**     In then and there harassing, annoying and/or alarming the minor-Plaintiff, Jane Doe, when the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, knew of the ongoing torment, harassment and ridicule of Jane Doe at the hands of A.P.;

   **e.**     In then and there failing to intervene when the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, knew, or should have known, of the ongoing harassment of the minor-Plaintiff, Jane Doe;

   **f.**     In then and there intentionally and/or recklessly engaging in extreme and outrageous conduct;

   **g.**     In then and there improperly utilizing Defendants', Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, status in the District, including Defendant Bryan Pica's status as a football coach, in an attempt to hide, conceal, and/or otherwise cover-up A.P.'s harassment, torment and ridicule of Jane Doe;

   **h.**     In then and there negligently and/or recklessly harassing the minor-Plaintiff, Jane Doe, when they knew, or should have known, that A.P.'s actions, and the Pica Defendants' actions would result in serious and foreseeable injury to Jane Doe; and

   **i.**     Such other acts of negligent, reckless and/or careless conduct as revealed by and through the course of discovery.

124.     The Pica Defendants had actual knowledge of A.P.'s sexual assault adjudication by and through the Luzerne County District Attorney's Office, the Court of Common Pleas of Luzerne County, the Luzerne County Juvenile Probation Department and the Plaintiffs, and further had actual knowledge that the victim of their minor-child's sexual assault was a student enrolled in the same District, the Plaintiff, Jane Doe.

125.    The Pica Defendants maintained the ability and opportunity to control A.P., including but not limited to the ability and opportunity to keep A.P. out of the Defendant District, keep A.P. out of the same school building as his victim, Plaintiff Doe, ensuring A.P. was evaluated and/or treated for his known dangerous propensities, ensuring A.P. was evaluated and/or treated for his known sexually violent and/or degrading tendencies, and/or by otherwise taking additional steps to seek out appropriate medical treatment when they knew of A.P.'s harmful conduct towards Plaintiff Doe.

126.    The Pica Defendants negligence, as set forth herein, made Plaintiff Doe's resultant injuries possible.

127.    Plaintiff Doe's resultant injuries, as set forth herein, ought to have been and/or actually was foreseeable by the Pica Defendants.

128.    It is believed, and therefore averred, that the Pica Defendants knew of A.P.'s tendencies, both sexual and physical, prior to at least one (1) of A.P.'s sexual assaults of Plaintiff Doe and prior to the sexual harassment of Plaintiff Doe by A.P.

129.    Despite the Pica Defendants' actual knowledge of the serious risk A.P. posed to Plaintiff Doe, the Pica Defendants utterly and totally failed to act in conscience disregard of that risk, thereby warranting the imposition of punitive damages against the Pica Defendants.

130.    Specifically, the Pica Defendants were provided actual notice of A.P.'s deliberate actions towards Plaintiff Doe, including but not limited to, from Plaintiff Nied at A.P.'s juvenile probation hearing, from the Taylor Police Department, from the Defendant District, and from the Defendant District's football coaches.

131.    As the direct and proximate result of the above breaches of duties, as owed to the minor-Plaintiff, Jane Doe, has been damaged in an amount to be determined at trial, in excess of the mandatory arbitrational limits of this Honorable Court, plus pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees incurred herein.

**WHEREFORE,** the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against Pica Defendants in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

Dated: May 3, 2024.                    Respectfully Submitted,

                                       **ROTHENBERG & CAMPBELL**

BY: /s/ Ryan Campbell

Ryan P. Campbell, Esq.
345 Wyoming Ave., Ste. 210
Scranton, PA 18503
P: 570.207.2889
E: HRLaw04@gmail.com

BY:

Dave W. Rothenberg, Esq.
345 Wyoming Ave., Ste. 210
Scranton, PA 18503
P: 570.207.2889
E: HRLaw06@gmail.com

*Attorneys for the Plaintiffs, Jennifer Nied,*
*individually and as the Parent and*
*Natural Guardian of Jane Doe,*
*a minor.*

8.      It is believed, and therefore averred, that Defendant Principal Presley maintains a place of business at the Jim Thorpe Area School District Administration building located at 1100 Center Street, Jim Thorpe, Pennsylvania 18229.

9.      It is further believed, and therefore averred, that despite Defendant Principal Presley's extensive training in the fields of Title IX and sexual harassment in K-12 schools, including certifications for training in same in the Fall of 2020, that Defendant Principal Presley acted willfully to bring about the harm to Plaintiff Doe, as set forth herein.

10.     The Defendant, Christopher Lazor (hereinafter referred to as "Defendant Principal Lazor"), was at all times material hereto, an agent, servant, administrator, and/or employee of the Defendant District, who served as the Defendant District's Riverside Junior/Senior High School's principal. As set forth herein, Defendant Principal Lazor, by and through his actions, desired to bring about the harassment, discrimination, threats, embarrassment, and hostile educational environment that followed and/or was substantially certain that such a result would occur.

11.     It is believed, and therefore averred, that Defendant Principal Lazor maintains a place of business at the Riverside Junior/Senior High School with an address of 300 Davis Street, Taylor, Pennsylvania 18507.

12.     It is further believed, and therefore averred, that despite Defendant Principal Lazor's extensive training in the fields of Title IX and sexual harassment in K-12 schools, including certifications for training in same in the Fall of 2020, that Defendant Principal Lazor acted willfully to bring about the harm to Plaintiff Doe, as set forth herein

13.     The Defendant, Paul M. Brennan (hereinafter referred to as "Defendant Superintendent Brennan"), was at all times material hereto, an agent, servant, administrator, and/or employee of the Defendant District, who served as the Defendant District's superintendent of schools. The Riverside School District Board of Education designated Superintendent Brennan as the District's Title IX Coordinator and thereby authorized him to make policy for the District with respect to preventing and responding to student-on-student sexual harassment. See Riverside School District Policy 103 (the "Discrimination Policy") (incorporated by reference) (authorizing the superintendent "to ensure adequate nondiscrimination procedures are in place" and determine whether an investigation should be conducted in any given case, among other things). [1] As set forth herein, Defendant Superintendent Brennan, by and through his actions, desired to bring about the harassment, discrimination, threats, embarrassment, and hostile educational environment that followed and/or was substantially certain that such a result would occur.

14.     It is believed, and therefore averred, that Defendant Superintendent Brennan maintains a place of business at the Riverside School District Administration Building located at 601 South Main Street, Taylor, Pennsylvania 18507.

---

[1]https://go.boarddocs.com/pa/rivs/Board.nsf/files/D3AMN2756014/$file/103%20Nondiscrimination_Discriminatory%20Harassment%20-%20School%20and%20Classroom%20PracticesTEMPLATE.docx.pdf

**15.**     It is additionally believed, and therefore averred, that Defendant Superintendent Brennan has a long and deep routed nepotism in favor of the District Defendant's football program, having been personally and professionally involved in the District Defendant's football program since at least 2002.

**16.**     It is further believed, and therefore averred, that despite Defendant Superintendent Brennan's extensive training in the fields of Title IX and sexual harassment in K-12 schools, including certifications for training in same in the Fall of 2020, that Defendant Superintendent Brennan acted willfully to bring about the harm to Plaintiff Doe, as set forth herein.

**17.**     Defendant Principal Presley, Defendant Principal Lazor, and Defendant Superintendent Brennan are hereinafter referred to collectively as the "Individual Defendants."

**18.**     The Defendant, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, are believed to be adult and competent individuals with an address of 1236 Loomis Avenue, Taylor, Pennsylvania 18517.

**19.**     It is believed, and therefore averred, that the Defendants, Bryan Pica and Nicole Pica (hereinafter referred to as the "Pica Defendants") maintain a favoritism status within the Defendant District due to Bryan Pica's role with the Defendant District's football team and Nicole Pica's volunteer work for the Defendant District's football team.

**20.**     It is additionally believed, and therefore averred, that the Pica Defendants further maintain a favoritism within the Defendant District due to the Pica Defendants' close and friendly relationship with the Individual Defendants, including but not limited to, Defendant Principal Presley.

## JURISDICTION AND VENUE

**21.**     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 which gives the United States District Courts jurisdiction over all civil actions arising under the United States Constitution, laws, and treaties of the United States.

**22.**     This Court has jurisdiction in that this action involves a Federal Question which arises under federal law.

**23.**     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**24.**     This Court additionally has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which provides the United States District Courts with original jurisdiction over any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any

Act of Congress providing for equal rights of all citizens or of all persons within the jurisdiction of the United States and any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

**25.**     Venue is properly laid in the Middle District of Pennsylvania because a substantial part of the acts and omissions giving rise to the instant Amended Complaint occurred in Lackawanna County, Pennsylvania. Lackawanna County is within the Middle District of Pennsylvania.

## **FACTUAL BACKGROUND**

**26.**     At all times material hereto, the minor-Plaintiff, Jane Doe, was a student enrolled in the District Defendant's Junior/Senior High school located in Taylor, Pennsylvania.

**27.**     At all times material hereto, the minor-Plaintiff, Jane Doe, was a student with disabilities in the District Defendant's district as that term is defined by Rehabilitation Act of 1973, 29 U.S.C. § 794.

**28.**     As such, at all times material hereto, the minor-Plaintiff, Jane Doe, maintained a 504 Service Agreement with the District Defendant which outlined the accommodations for Jane Doe's education as a disabled student.

**29.**     Specifically, the minor-Plaintiff, Jane Doe, was recommended by Defendant Superintendent Brennan for a 504 Service Agreement on or about January 15, 2020.

**30.**     Pursuant to the minor-Plaintiff, Jane Doe's, 504 Service Agreement, the District Defendant, by and through its agents, servants, workmen, staff, administration and/or employees, were required to take certain actions during Plaintiff Doe's education, including but not limited to, providing Plaintiff Jane Doe with a completed copy of notes and/or study guides after she had completed her own to ensure correctness, making study guides available to her several days before the test, providing her with study guides three (3) days before a test, providing her with an outline and/or vocabulary list prior to introducing a new concept or unit and providing her with directions in a written format.

**31.**     On or about September 9, 2020, the minor-Plaintiff, Jane Doe's, 504 Service Agreement was amended to include, *inter alia*, an additional duty of the responsibility of the District Defendant to permit Plaintiff Jane Doe extended time for larger assignments with multiple steps and/or resources of information.

**32.**     On or about February 9, 2022, the minor-Plaintiff, Jane Doe's, 504 Service Agreement was again amended to include the diagnosis of anxiety.

**33.**     Initially, the minor-Plaintiff, Jane Doe's, 504 Service Agreement was strictly adhered to by the District Defendant and its agents, servants, workmen, staff, administration and/or employees, including the Individual Defendants.

34.     In January of 2021, the minor-Plaintiff, Jane Doe, was sexually assaulted by A.P., a minor, while Jane Doe and A.P. were both students enrolled in the Defendant's District and attending the Riverside Junior/Senior High School.

35.     The minor-Plaintiff, Jane Doe, was additionally sexually assaulted by A.P., a minor, in Lackawanna County Pennsylvania, on or about February 6, 2021.

36.     The actions of A.P. in Luzerne County resulted in the filing of a Petition Alleging Delinquency wherein the Luzerne County District Attorney's Office alleged that A.P. committed rape and/or sexual assault against the minor-Plaintiff, Jane Doe.

37.     Subsequently, at the Hearing regarding the Petition Alleging Delinquency in the Interest of A.P., the Court adjudicated A.P. delinquent of Felony 2 Sexual Assault pursuant to 18 Pa. C.S. § 3124.1 and/or the Court accepted A.P.'s admission of committing Felony 2 Sexual Assault pursuant to 18 Pa. C.S. § 3124.1 against the minor-Plaintiff, Jane Doe.

38.     Specifically, the minor-Plaintiff, Jane Doe, was the listed victim of A.P.'s adjudication and/or admission of sexual assault in Luzerne County.

39.     On October 7, 2021, an Officer from the Luzerne County Juvenile Probation Department, Mr. Walsh, contacted the Defendant District and informed of A.P.'s delinquency adjudication, A.P.'s status on active juvenile probation, and that the minor-Plaintiff, Jane Doe, was the victim of A.P.'s sexual assault. On information and belief, this was communicated to the Individual Defendants, including Superintendent Brennan.

40.     During the pendency of the juvenile matter involving the acts committed by A.P., the Plaintiff, Jennifer Nied, was also in constant and direct communication with the Defendant District and the Individual Defendants about the sexual assault by A.P. and the resultant impact that it exacted on the minor-Plaintiff, Jane Doe. On information and belief, Superintendent Brennan learned of A.P.'s sexual assault of Jane Doe and of Plaintiff Nied's and other reports of harassment and retaliation (described below) on or around the time she made those reports because Plaintiff Nied corresponded directly with Superintendent Brennan and because the District's Discrimination Policy requires the Superintendent to be informed of complaints of discrimination and to coordinate the District's response to such complaints, including by deciding whether to investigate them.

41.     Notwithstanding the foregoing, the s wrongfully told the Plaintiff, Jennifer Nied, that there is nothing that could be done to protect the minor-Plaintiff, Jane Doe, from her assailant, A.P., while in school, and if Plaintiff Nied and Plaintiff Jane Doe had issues, they could "switch to a different school district" and/or that Plaintiff Jane Doe did not "have to attend the Riverside School District."

42.     Nevertheless, the Plaintiff, Jennifer Nied, continued to inform the Defendant District and the Individual Defendants of the juvenile disposition of A.P. as the Juvenile case progressed.

**43.**     As an example, during the Fall semester of the 2023 academic year, the Plaintiff, Jennifer Nied, informed the Defendants, including but not limited to Defendant Principal Lazor and Defendant Principal Presley, about A.P.'s Juvenile case as well as about retaliatory actions taken by the Defendant District. Specifically, she complained that a teacher and employee of the District who also serves as a football coach to A.P., who was also a friend of the Pica Family, publicly proclaimed in front of a classroom full of other students that Plaintiff Doe's reasoning was "stupid" causing the classroom of students to erupt in laughter and thereby subjecting Plaintiff Doe to ridicule, torment and embarrassment.

**44.**     As an additional example, on or about February 18, 2022, the Plaintiff, Jennifer Nied, informed the Defendant District and the Individual Defendants, including but not limited to Defendant Principal Lazor and Defendant Principal Presley, about A.P.'s admission of delinquency for his sexual assault of the minor-Plaintiff, Jane Doe, as well as more retaliatory actions by the Defendant District. The Plaintiff reported that the District threatened to remove Plaintiff Doe's friends from the Defendant District's football team for speaking-up on behalf of or about Plaintiff Doe's sexual assault by A.P., a participant in the District Defendant's football team.

**45.**     As yet an additional example, on or about February 24, 2022, the Plaintiff, Jennifer Nied, corresponded with the Defendant District and the Individual Defendants, including but not limited to Defendant Principal Lazor and Defendant Principal Presley, about A.P.'s admission of delinquency for his sexual assault of the minor-Plaintiff, Jane Doe, as well as more retaliatory actions by the Defendant District, including the misrepresentation that the Defendant District had no knowledge of the sexual assault against Plaintiff Doe and A.P.'s resultant delinquency adjudication.

**46.**     Plaintiff Jennifer Nied's correspondences to the Defendant District, by and through its agents, servants, administration and/or employees, continued throughout the academic school year, including correspondence on March 3, 2022, March 16, 2022, April 8, 2022, April 28, 2022, October 17, 2022, November 23, 2022, January 5, 2023, March 6, 2023, March 7, 2023, and July 20, 2023.

**47.**     Additionally, the Plaintiff, Jennifer Nied, made numerous phone calls to the Defendant District, by and through its agents, servants, administration and/or employees, including the Individual Defendants, with regards to A.P.'s adjudication and/or admission to the sexual assault of Plaintiff Doe and the resultant harassment, torment, and retaliation that followed.

**48.**     It is believed, and therefore averred, that due to the Plaintiff, Jennifer Nied, having corresponded with the Defendant District, by and through its agents, servants, administration and/or employees, with regards to the complaints of her minor daughter, Jane Doe, and further due to Jane Doe's reporting of the sexual assault perpetrated against her by A.P., that the Defendant District and the Individual Defendants

purposefully, willfully, and maliciously disregarded Plaintiff Doe's 504 Service Agreement.

49.    Specifically, the Defendant District, by and through its agents, servants, administration and/or employees, including the Individual Defendants, began harassing Plaintiff Doe by intentionally violating Plaintiff Doe's 504 Service Agreement, including demanding that Plaintiff Doe complete quizzes and tests without reviews and/or study guides prior to the time of the quizzes and tests (in violation of the 504 Service Agreement) and demanding that Plaintiff Doe complete quizzes and tests without extended time (in violation of the 504 Service Agreement).

50.    Additionally, and to add insult to injury, the Defendant District, by and through its agents, servants, administration and/or employees, including the Individual Defendants, intentionally placed the minor-Plaintiff, Jane Doe, in a class taught by an assistant coach, and close friend of the Defendant Pica family, so as to purposefully subject Jane Doe to abuse, ridicule and torment.

51.    The aforementioned teacher and football coach for the Defendant District acted hostilely towards not only Plaintiff Doe, as set forth herein, but additionally towards Plaintiff Nied during parent-teacher conferences at the Defendant District.

52.    Furthermore, and as an additional measure to subject Jane Doe to abuse, ridicule and torment, the District Defendant, by and through its agents, servants, administration and/or employees, including the Individual Defendants, intentionally placed the minor-Plaintiff, Jane Doe, in the same lunch period as her assailant, A.P., so as to ensure that Plaintiff Doe would encounter and/or otherwise be exposed to her sexual assailant.

53.    Thus, the minor sexual assailant, A.P., was given unrestricted access to his victim, Jane Doe, during school hours, causing serious, permanent and debilitating injuries as set forth herein.

54.    As the direct result thereof, the minor sexual assailant, A.P., continued to harass, annoy, threaten, alarm, embarrass, intimidate, torment and/or persecute his sexual assault victim, Jane Doe, all during school hours and all while on the property owned and/or maintained by the Defendant District.

55.    By way of additional example, after the disposition of the Juvenile matter of A.P. wherein he was adjudicated delinquent and/or admitted to the Felony 2 Sexual Assault against Jane Doe, and on or about January 29, 2022, the Defendant District and the Individual Defendants, permitted A.P. to attend the Riverside Junior/Senior High School Semi-Formal dance when they knew that the minor-Plaintiff, Jane Doe would also be in attendance and subjected to A.P.'s torment and abuse.

56.    The Defendant District, did not take any apparent steps to ensure that A.P. did not harass Jane Doe at the Semi-Formal Dance. Instead, it permitted A.P., accompanied by his friends, to sit at the table directly behind Jane Doe's. It is believed, and therefore

averred, that the table at which A.P. was permitted to sit was approximately six (6) feet from the table already occupied by Jane Doe.

**57.**     The Defendant District permitted A.P. and his friends to ridicule, embarrass and torment the minor-Plaintiff, Jane Doe, during the entirety of the January 29, 2022 Semi-Formal Dance by sitting near Jane Doe and directing comments to Jane Doe suggesting that Jane Doe is a liar and "made the whole thing up." As such, the minor-Plaintiff, Jane Doe, spent the majority of her night crying in a stall in the girl's bathroom to avoid the abuse of A.P. and his friends which was permitted by the Defendant District.

**58.**     By way of additional example, after the disposition of the Juvenile matter of A.P. wherein he was adjudicated delinquent and/or admitted to the Felony 2 Sexual Assault against Jane Doe, the Defendant District and the Individual Defendants, intentionally placed a banner containing A.P.'s photograph directly in-route of Plaintiff Doe's commute to school so as to ensure that Plaintiff Doe would see a photograph of her sexual assailant while traveling to and from school.

**59.**     The aforementioned banner placed directly in Plaintiff Doe's travel route by the Defendant District was displayed the entire Fall and Winter seasons of the 2023-2024 academic year.

**60.**     As an additional example, after the incident at the Semi-Formal dance to which the Defendant District was made aware of by the Plaintiff, and during school hours between the ninth (9th) and tenth (10th) periods, while both A.P. and Jane Doe were being educated in the same building of the Riverside Junior/Senior High School, A.P. walked down the school's hallway directly towards Jane Doe, and, while traversing passed her unrestrictedly, mockingly shouted aloud "Please move. Please move. Please fu**ing move. Somebody fu**ing kill me." [sic].

**61.**     After learning of the interaction in the hallway, the Plaintiff, Jennifer Nied, once again emergently informed the Defendant District and the Individual Defendants of the ongoing issues during school, including the harassment at the Semi-Formal dance, and requested an immediate meeting with the Principals and guidance counselor of the Riverside Junior/Senior High School. That meeting was scheduled for February 23, 2022.

**62.**     The Plaintiff presented herself to the Defendant District for the meeting on February 23, 2022. At that time, the Individual Defendants told the Plaintiff Jennifer Nied that nothing could be done that if she or her minor-daughter had issues at the District, she could move to a different district.

**63.**     As yet another example of the Defendant District's intentional and retaliatory actions against Plaintiffs, upon the Defendant District being served with the legal papers regarding the instant lawsuit, the Defendant District left Plaintiff Nied's autistic son without transport to school thereby leaving Plaintiff Nied's autistic son stranded.

64.     As the direct result of the actions of Defendants the minor-Plaintiff, Jane Doe, has suffered, and so continues to suffer, extreme psychological and physical damages which include, but are not limited to, self-mutilation, anxiety, decrease in appetite, dangerous sexual activity, decline in grades, decline in attendance, post-traumatic stress disorder, depression and panic attacks. It is believed, and therefore averred, that the damages caused to the minor-Plaintiff by the actions and/or inactions of the Defendants will continue indefinitely into the future.

65.     It is believed, and therefore averred, that the injuries sustained by the minor-Plaintiff, Jane Doe, as set forth herein, are permanent in nature.

66.     As the direct and proximate result of the Defendant District's actions, by and through its agents, servants, administration and/or employees, including the Individual Defendants, the minor-Plaintiff, Jane Doe's, education was negatively impacted.

67.     As a further direct and proximate result of the Defendant District's actions, by and through its agents, servants, administration and/or employees, including the Individual Defendants, the District Defendants created a threatening and hostile educational environment for the minor-Plaintiff, Jane Doe.

68.     As a further direct and proximate result of the Defendant District's actions, by and through its agents, servants, administration and/or employees, including the Individual Defendants, the orderly operation of the Riverside Junior/Senior High School was substantially disrupted.

69.     As a further direct and proximate result of the Defendant District's actions, by and through its agents, servants, administration and/or employees, including the Individual Defendants, the minor-Plaintiff, Jane Doe, was subjected to additional harassment, torment and abuse by students and faculty alike. *To wit*, the minor-Plaintiff, Jane Doe, was placed in a specific class with a teacher that also served as a coach to A.P., and friend of A.P.'s family and told she could move schools.

70.     This particular teacher at the Defendant District, and coach of the Defendant District's football team wherein A.P. participates, created an extremely hostile and toxic learning environment for Jane Doe.

71.     At all times material hereto, the Defendant District was the recipient of Federal financial assistance, *to wit*, federal funding, as that term is contemplated by 20 U.S.C. § 1681, *et. seq.*

## 20 U.S.C. § 1681 "TITLE IX of the EDUCUATION AMENDMENTS OF 1972"

72.     Title IX of the Education Amendments of 1972 "Title IX" sets forth that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…". 20 U.S.C. § 1681(a).

73.     Title IX is implemented by and through the Code of Federal Regulations which provides, in its pertinent part, that a recipient of Federal financial assistance "shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action would be prohibited by this part." 34 C.F.R. § 106.8(b).

74.     A complainant may prevail in a private Title IX action for damages against a school district in cases of student-on-student harassment where the district, as a Federal financially assisted educational program, is deliberately indifferent to sexual harassment of which the recipient has actual knowledge and the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victim of access to the educational opportunities or benefits by the school. *See Davis v. Monroe County Board of Education*, 526 US 629 (1999).

### COUNT I: DISCRIMINATION PURSUANT TO TITLE IX
### (20 U.S.C. § 1681, et. seq.)
### PLAINTIFFS v. RIVERSIDE SCHOOL DISTRICT

75.     The Plaintiffs reaver and reallege ¶ 1-74 as though more fully set forth at length herein.

76.     The sex-based harassment, as set forth herein, was so severe, pervasive, and objectively offensive that the minor-Plaintiff, Jane Doe, was deprived of access to educational opportunities and/or benefits provided by the Riverside Junior/Senior High School.

77.     The Defendant District created and subjected the minor-Plaintiff, Jane Doe, to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (hereinafter referred to as "Title IX").

78.     At all times material hereto, the minor-Plaintiff, Jane Doe, was a member of a protected class.

79.     At all times material hereto, the minor-Plaintiff, Jane Doe, was subjected to sexual harassment and/or harassment in the form of a sexual assault by another student.

80.     At all times material hereto, the minor-Plaintiff, Jane Doe, was subjected to sexual harassment and/or harassment in the form of discrimination by the Defendant District.

81.     At all times material hereto, the minor-Plaintiff, Jane Doe, was subject to harassment based on her sex.

82.     At all times material hereto, the minor-Plaintiff, Jane Doe, was subjected to a hostile educational environment created by the Defendant District, based upon the

Defendant District's retaliatory actions set forth herein, including the placement of Jane Doe in the same lunch period as A.P., the placement of Jane Doe in the class of a hostile teacher who also serves as coach of A.P., and the blatant violations of Jane Doe's 504 Service Agreement.

83.     Upon information and belief, the Defendant District, and the Individual Defendants, had actual knowledge of the sexual assault of the minor-Plaintiff, Jane Doe, at the hands of A.P.

84.     The Defendant District's retaliatory actions, as set forth herein, resulted in the minor-Plaintiff, Jane Doe, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the Riverside Junior/Senior High School's education programs in violation of Title IX.

85.     The Defendant District failed to take immediate and effective remedial steps to resolve the complaints of sexual harassment, as vocalized by Plaintiffs on numerous occasions, and instead acted with deliberate indifference towards the Plaintiff, Jane Doe, and subjected Plaintiff Doe to additional damages and injury by taking affirmative steps, as set forth herein, to further discriminate against Plaintiff Doe.

86.     The District Defendants, either individually and/or jointly, persisted in its actions and inactions even after it has actual knowledge of the harm suffered by the minor-Plaintiff, Jane Doe.

87.     Thus, the Defendant District engaged in a pattern and practice of unlawful behavior designed to discourage and dissuade students, such as the minor-Plaintiff, Jane Doe, and the parents of students, such as the Plaintiff, Jennifer Nied, who had been sexually assaulted from seeking prosecution and protection, and from seeking to have sexual assaults and subsequent harassment fully investigated and discouraged.

88.     The unlawful policy and practice of the Defendant District, as set forth herein, constituted disparate treatment of females and had a disparate impact on female students.

89.     As the direct and proximate result of the actions and inactions of the Defendant District, the minor-Plaintiff, Jane Doe, has sustained the injuries set forth at length herein which include, but are not limited to, severe emotional distress, irreparable psychological damage and resultant manifested physical injury.

90.     The Defendant District, by and through its agents, servants, workmen, administration and/or employees, including the Individual Defendants, acted with deliberate indifference to the minor-Plaintiff, Jane Doe's, rights pursuant to Title IX.

91.     The Defendant District had actual knowledge that the minor sexual assailant, A.P., had engaged in sexually inappropriate behavior, was adjudicated delinquent of sexual assault, was harassing Jane Doe during school hours, was sexually harassing Jane Doe during school hours, was physically threatening Jane Doe during school hours, was

significantly interfering with Jane Doe's constitutional right to education, and was tormenting Jane Doe while at the Riverside Junior/Senior High School, in school sponsored activities, and during school hours.

**92.** The Defendant District had actual knowledge that the retaliatory actions taken by the Defendant District, by and through its agents, servants, workmen, administration and/or employees, including the Individual Defendants, were causing Plaintiff Doe damage, injury and harm.

**93.** The Defendant District acted with deliberate indifference with respect to addressing the sexual misconduct and/or harassment that the Defendant District knew was occurring and participated in.

**94.** The minor-Plaintiff, Jane Doe's, educational experience was thereafter permeated with discriminatory intimidation, ridicule, embarrassment and insult that was sufficiently so severe and/or pervasive so as to alter the conditions of the minor-Plaintiff's educational environment.

**95.** As the direct and proximate result of the Defendant District's conscious, deliberate and/or intentional actions and/or omissions, the minor-Plaintiff, Jane Doe, has suffered, and will continue to so suffer, indefinitely into the future.

**WHEREFORE,** the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against the Defendant District, Riverside School District d/b/a Riverside Junior/Senior High School, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

## COUNT II: VIOLATION OF PLAINTIFF JANE DOE'S CONSTITUTIONAL RIGHTS
### (42 U.S.C. § 1983)
### PLAINTIFFS v. RIVERSIDE SCHOOL DISTRICT and
### ROBERT PRESLEY, CHRISTOPHER LAZOR, and PAUL M. BRENNAN

**96.** The Plaintiffs reaver and reallege ¶ 1- 95 as though more fully set forth at length herein.

**97.** 42 U.S.C. § 1983 sets forth that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…". 42 U.S.C. § 1983.

98.     At all times material hereto, the Defendant District, and the Individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, were "persons within the meaning of 42 U.S.C. § 1983.

99.     At all times material hereto, the Defendant District, and the Individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, acted under the color of state law.

100.     The Defendant District and the Individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, either individually and/or jointly, engaged in a pattern and practice of behavior designed to discourage and dissuade individuals, namely students, and parents of those students, who are student victims and survivors of sexual assaults, from seeking prosecution and protection, from being free from harassment and retaliation for reporting sexual assault and sexual harassment, and from seeking to have those sexual assaults and harassment fully investigated by Defendants.

101.     The policy and practice, as aforementioned, constituted deliberate indifference and disparate treatment of females and/or victims/survivors of sexual assaults and furthermore had a disparate impact on female students and/or victims/survivors of sexual assaults, in particular the minor-Plaintiff, Jane Doe.

102.     The Plaintiff, Jennifer Nied, spoke to and/or corresponded with policy-makers at the Defendant District, including but not limited to Defendant Superintendent Brennan, about A.P.'s sexual assault and the subsequent sex-based harassment and retaliation toward Jane Doe, but Defendant Brennan (exercising his policymaking authority) refused to investigate or remedy those constitutional violations and instead actively enabled them. His deliberate indifference exposed Jane Doe to a sex-based hostile environment in school and depriving her of the equal protections of the laws and due process of law.

103.     The minor-Plaintiff, Jane Doe, is a female minor victim and survivor of sexual assault whom the Defendants, either individually and/or jointly, denied equal protection of the laws by discriminating against her, as set forth herein, on the basis of her gender and status as a sexual assault victim/survivor. Amongst other things, the Defendant District's Discrimination Policy forbids sexual harassment and retaliation that creates a hostile educational environment. On information and belief, Defendants generally enforce that policy when male students make complaints pursuant to it. Here, however, Defendants did not enforce that policy with respect to the multiple reports made by Plaintiffs, which discriminated against Plaintiff Jane Doe based upon her gender.

104.     In the alternative, to the extent that the District maintains a policy or practice of not responding to sexual assault or harassment that occurs off school grounds but creates a hostile educational environment for students, the District was deliberately indifferent to a high risk that such harassment would violate the constitutional rights of students, and such policy was the moving force behind the constitutional violations in the instant matter.

105.    The Defendants, neither individually nor collectively, had no important interest in not removing the minor sexual assailant, A.P., from the Defendant District when they knew of his Felony-2 Sexual Assault adjudication and the impact his presence, threats and harassment caused upon Jane Doe, in not transferring and/or disciplining the minor sexual assailant after the adjudication when Defendants knew that A.P.'s presence would cause a significant disruption in the orderly operation of the Riverside Junior/Senior High School, in not disciplining A.P. for the ongoing harassment, threats and ridicule towards Jane Doe when they were put on notice of same, in not providing a chaperone, aid and/or other agent for the minor-Plaintiff, Jane Doe, to safely and adequately attend the Riverside Junior/Senior High School, in not taking sufficient and/or adequate steps to intervene in A.P.'s ongoing threats, harassment and ridicule towards Jane Doe, in not having proper education of the students to prevent sexual attacks, in not having proper education of the faculty and administration to deal with sexual violence victims, and in allowing A.P. unrestricted access, open reign, and an unconditional forum to perpetrate the harassment, threats and ridicule upon the minor-Plaintiff, Jane Doe.

106.    Furthermore, the Defendants, neither individually nor collectively, had no important interest in retaliating and/or harassing Plaintiff Jane Doe by placing Plaintiff Doe in a class taught by a hostile coach of Plaintiff Doe's sexual assailant, A.P., by placing Plaintiff Doe in the same lunch period as her sexual assailant, A.P., so as to cause Plaintiff Doe embarrassment, ridicule and torment, by placing a billboard directly and/or indirectly in Plaintiff Doe's route to and/or from the Defendant District so as to cause Plaintiff Doe embarrassment, ridicule and torment, by suggesting to Plaintiff Nied and Plaintiff Doe that if they had issues they could "transfer to a new district" and by intentionally violating Plaintiff Doe's 504 Service Agreement had with the Defendant District.

107.    The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Defendants from depriving any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 2.

108.    The State is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Gross v. Lopez*, 419 U.S. 565, 573 (1975).

109.    The Defendants, either individually and/or jointly, denied the minor-Plaintiff, Jane Doe, of her constitutionally guaranteed right to life, liberty, or property without due process of law by allowing Jane Doe to be subjected to, and further compelling Jane Doe to be subjected to, the harassment, both sexual and physical, threats, and ridicule of the minor-sexual assailant, A.P.

110.    The Defendants, either individually and/or jointly, denied the minor-Plaintiff, Jane Doe, of her constitutionally guaranteed right to life, liberty, or property without due process of law by placing Plaintiff Doe in a class taught by a hostile coach of Plaintiff Doe's sexual assailant, A.P., by placing Plaintiff Doe in the same lunch period as her

sexual assailant, A.P., so as to cause Plaintiff Doe embarrassment, ridicule and torment, by placing a billboard directly and/or indirectly in Plaintiff Doe's route to and/or from the Defendant District so as to cause Plaintiff Doe embarrassment, ridicule and torment, by suggesting to Plaintiff Nied and Plaintiff Doe that if they had issues they could "transfer to a new district" and by intentionally violating Plaintiff Doe's 504 Service Agreement had with the Defendant District.

111.    The Defendant District and each of the individual Defendants violated the minor-Plaintiff, Jane Doe's, constitutional rights, either individually and/or jointly, as set forth herein, including but not limited to Due Process and Equal Protection.

112.    The Defendants, either individually and/or jointly, deprived the minor-Plaintiff, Jane Doe, of her constitutional rights to Due Process and Equal Protection, either individually and/or jointly, because compelling a minor student victim/survivor to consistently, involuntarily, and under the color of law (*see Truancy pursuant to 24 P.S. §§ 13-1326 and Act 138 of 2016*) to come face-to-face with her sexual assailant was done irrationally, entirely arbitrarily, and was intentionally done in ill will due to the sexual assailant's status at the Defendant District and/or due to the sexual assailant's familial status at the Defendant District including but not limited to, the Riverside Football team.

113.    The Defendants, either individually and/or jointly, deprived the minor-Plaintiff, Jane Doe, of her constitutional rights to Due Process and Equal Protection, either individually and/or jointly, because the Defendants' actions, including the Defendants' placement of Plaintiff Doe in a class taught by a hostile coach of Plaintiff Doe's sexual assailant, A.P., the placement of Plaintiff Doe in the same lunch period as her sexual assailant, A.P., the placement of a billboard directly and/or indirectly in Plaintiff Doe's route to and/or from the Defendant District, the suggestion that Plaintiffs' transfer from the Defendant District, and the intentional violations of Plaintiff Doe's 504 Service Agreement were done irrationally, entirely arbitrarily, and were intentionally done in ill will due to the sexual assailant's status at the Defendant District and/or due to the sexual assailant's familial status at the Defendant District including but not limited to, the Riverside Football team.

114.    As such, the Defendants violations and/or deprivations, either individually and/or jointly, as set forth herein, were contrary to clearly applicable standards against which deviations are readily apparent, thus making the discriminatory animus readily evident.

115.    The Defendants acted in willful disregard for the safety of the minor-Plaintiff, Jane Doe, when it permitted A.P. to continue the harassment, threats and ridicule of Jane Doe.

116.    The Defendants acted in willful disregard for the safety of the minor-Plaintiff, Jane Doe, when Defendants continued their actions, as set forth herein, which were specifically designed to harass, threaten and torment Plaintiff Doe.

117.    As the direct and proximate result of the above violations and/or deprivations, the minor-Plaintiff, Jane Doe, has been damaged in an amount to be determined at trial, in excess of the mandatory arbitrational limits of this Honorable Court, plus pre-judgment and post-judgment interest, costs, and expenses.

WHEREFORE, the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against the Defendant District, Riverside School District d/b/a Riverside Junior/Senior High School, and the Individual Defendants, Robert Presley, Christopher Lazor, and Paul M. Brennan, either individually and/or jointly, in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.

<u>COUNT III: NEGLIGENCE</u>
**PLAINTIFFS v. BRYAN PICA & NICOLE PICA**

118.    The Plaintiffs reaver and reallege ¶ 1- 117 as though more fully set forth at length herein.

119.    At all times material hereto, the Pica Defendants owed a duty to Plaintiffs to exercise reasonable care in the control of their minor child, A.P., and to prevent A.P. from intentionally harming others, such as Plaintiff Doe, when the Pica Defendants knew or had reason to know that they had the ability to control A.P. and when the Pica Defendants knew or should have known or the necessity and opportunity for exercising such control over A.P.

120.    The Pica Defendants had actual knowledge of the ongoing and systemic harassment, torment, and ridicule of Plaintiff Doe at the hands of their minor-child, A.P., when they were informed of A.P.'s ongoing conduct against Plaintiff Doe by the Luzerne County Juvenile Probation Department.

121.    The Pica Defendants additionally had actual knowledge of the ongoing and systemic harassment, torment, and ridicule of Plaintiff Doe at the hands of their minor-child, A.P., when, upon information and belief, the Defendant District, by and through its agents, servants, workmen, administration and/or employees, notified the Pica Defendants that A.P. was engaging in sexual harassment of Plaintiff Doe, including but not limited to, by walking towards her in the hallway while mockingly stating aloud "please move, please move, someone fucking kill me."

122.    To add insult to injury, the Pica Defendants aided and abetted in their minor son's harassment, torment and ridicule of A.P.'s victim, Plaintiff Doe, when the Pica Defendants, and in particular Nicole Pica, attempted to strike and/or attempted to threaten Plaintiff Doe on or about April 24, 2023, by Defendant Nicole Pica's operation of her motor vehicle, with her minor child, A.P., present in the vehicle owned and/or operated by Defendant Nicole Pica, in swerving at and/or near Plaintiff Doe while in the Defendant District's parking lot, so as to attempt to strike Plaintiff Doe with her vehicle

and/or so as to threaten Plaintiff Doe with the striking by her vehicle, while laughing at and gesturing towards Plaintiff Doe in a debilitating, hostile, and reckless manner.

123.    The negligence, careless and/or recklessness of the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, consisted of, but is not limited to, the following:

   a.    In then and there putting the minor-Plaintiff, Jane Doe, in imminent fear of bodily harm;

   b.    In then and there putting the minor-Plaintiff, Jane Doe, in imminent fear of psychological harm;

   c.    In then and there failing to act reasonably under all of the circumstances then and there existing;

   d.    In then and there harassing, annoying and/or alarming the minor-Plaintiff, Jane Doe, when the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, knew of the ongoing torment, harassment and ridicule of Jane Doe at the hands of A.P.;

   e.    In then and there failing to intervene when the Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, knew, or should have known, of the ongoing harassment of the minor-Plaintiff, Jane Doe;

   f.    In then and there intentionally and/or recklessly engaging in extreme and outrageous conduct;

   g.    In then and there improperly utilizing Defendants', Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, status in the District, including Defendant Bryan Pica's status as a football coach, in an attempt to hide, conceal, and/or otherwise cover-up A.P.'s harassment, torment and ridicule of Jane Doe;

   h.    In then and there negligently and/or recklessly harassing the minor-Plaintiff, Jane Doe, when they knew, or should have known, that A.P.'s actions, and the Pica Defendants' actions would result in serious and foreseeable injury to Jane Doe; and

   i.    Such other acts of negligent, reckless and/or careless conduct as revealed by and through the course of discovery.

124.    The Pica Defendants had actual knowledge of A.P.'s sexual assault adjudication by and through the Luzerne County District Attorney's Office, the Court of Common Pleas of Luzerne County, the Luzerne County Juvenile Probation Department and the Plaintiffs, and further had actual knowledge that the victim of their minor-child's sexual assault was a student enrolled in the same District, the Plaintiff, Jane Doe.

125.    The Pica Defendants maintained the ability and opportunity to control A.P., including but not limited to the ability and opportunity to keep A.P. out of the Defendant District, keep A.P. out of the same school building as his victim, Plaintiff Doe, ensuring A.P. was evaluated and/or treated for his known dangerous propensities, ensuring A.P. was evaluated and/or treated for his known sexually violent and/or degrading tendencies, and/or by otherwise taking additional steps to seek out appropriate medical treatment when they knew of A.P.'s harmful conduct towards Plaintiff Doe.

126.    The Pica Defendants negligence, as set forth herein, made Plaintiff Doe's resultant injuries possible.

127.    Plaintiff Doe's resultant injuries, as set forth herein, ought to have been and/or actually was foreseeable by the Pica Defendants.

128.    It is believed, and therefore averred, that the Pica Defendants knew of A.P.'s tendencies, both sexual and physical, prior to at least one (1) of A.P.'s sexual assaults of Plaintiff Doe and prior to the sexual harassment of Plaintiff Doe by A.P.

129.    Despite the Pica Defendants' actual knowledge of the serious risk A.P. posed to Plaintiff Doe, the Pica Defendants utterly and totally failed to act in conscience disregard of that risk, thereby warranting the imposition of punitive damages against the Pica Defendants.

130.    Specifically, the Pica Defendants were provided actual notice of A.P.'s deliberate actions towards Plaintiff Doe, including but not limited to, from Plaintiff Nied at A.P.'s juvenile probation hearing, from the Taylor Police Department, from the Defendant District, and from the Defendant District's football coaches.

131.    As the direct and proximate result of the above breaches of duties, as owed to the minor-Plaintiff, Jane Doe, has been damaged in an amount to be determined at trial, in excess of the mandatory arbitrational limits of this Honorable Court, plus pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees incurred herein.


**WHEREFORE,** the Plaintiffs, Jennifer Nied, individually and as Parent and Natural Guardian of her daughter, Jane Doe, a minor, respectfully demands Judgment against Pica Defendants in an amount in excess of the mandatory arbitrational jurisdictional limits of this Honorable Court.


Dated: May 3, 2024.                              Respectfully Submitted,

                                                 **ROTHENBERG & CAMPBELL**

BY: _/s/ Ryan Campbell_
Ryan P. Campbell, Esq.
345 Wyoming Ave., Ste. 210
Scranton, PA 18503
P: 570.207.2889
E: HRLaw04@gmail.com

BY: _____
Dave W. Rothenberg, Esq.
345 Wyoming Ave., Ste. 210
Scranton, PA 18503
P: 570.207.2889
E: HRLaw06@gmail.com

*Attorneys for the Plaintiffs, Jennifer Nied,*
*individually and as the Parent and*
*Natural Guardian of Jane Doe,*
*a minor.*