# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JANE DOE, A MINOR, by her Mother and Natural Guardian, JENNIFER NIED, and JENNIFER NIED, Individually, | : | CIVIL ACTION |
|  | : |  |
| Plaintiff | : | JURY TRIAL DEMANDED |
|  | : |  |
| v. | : |  |
|  | : |  |
| RIVERSIDE SCHOOL DISTRICT d/b/a RIVERSIDE JUNIOR SENIOR HIGH SCHOOL, ROBERT PRESLEY, in his individual and official capacity, CHRISTOPHER LAZOR, in his individual and official capacity, PAUL M. BRENNAN, in his individual and official capacity, and BRYAN PICA &  NICOLE PICA, as the Parents and Natural Guardians of A.P., a minor, | : | NO. 3:23-cv-01118 |
|  | : | (Magistrate Judge Bloom) |
| Defendants | : |  |

## BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# <u>TABLE OF CONTENTS</u>

I.     **<u>Procedural History</u>** ……………………………………………….. 1

II.    **<u>Factual Background</u>** ……………………………………………… 3

III.   **<u>Questions Presented</u>** …………………………………………… 4

IV.   **<u>Argument</u>** ………………………………………………………… 4

     A.    **Rule 12(b)(6) Motion to Dismiss Standard** ……………………..… 4

     B.    **Count I alleging Title IX discrimination should be dismissed.** …. 5

     C.    **Count II alleging constitutional violations via 42 U.S.C. § 1983 should be dismissed.** ………………………………………..… 6

     D.    **Plaintiffs should be precluded from reasserting their claims against Defendants via a second amended Complaint.** ………..... 16

V.     **<u>Conclusion</u>** ……………………………………………………….. 18

**TABLE OF CITATIONS**

**CASE LAW**

Agresta v. City of Phila., 801 F.Supp. 1464 (E.D. Pa. 1992) …………………….. 6

Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) ……………………………………….... 5

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) …………………………... 4

Bennett v. Republic Services, Inc., 179 F.Supp.3d 451 (E.D. Pa. 2016) ……….. 17

Brian A. ex rel. Arthur v. Stroudsburg Area Sch. Dist., 141 F.Supp.2d 502 (M.D. Pa. 2001) ……………………………………………………………………….... 14

Chainey v. Street, 523 F.3d 200 (3d Cir. 2008) …………………………..… 13

Chernavsky v. Tp. of Holmdel Police Dep't, 136 Fed. Appx. 507 (3d Cir. 2005) .. 8

City of Cuyahoga Falls v. Buckeye Comm. Hope Found, 538 U.S. 188 (2003) .. 12

Collins v. City of Harker Heights, Tex., 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) ……………………………………………………………………….. 14

Davis v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 119 S.Ct. 1661 (1999) ……... 5

Ericson v. Partis, 551 U.S. 89 (2007) …………………………………………….. 4

Hill v. Borough of Kutztown, 455 F.3d 225 (3d Cir. 2008) …………………….. 12

Jones by & through Jones v. Berwick Area Sch. Dist., 1995 U.S. Dist. LEXIS 21164 (M.D. Pa. March 13, 1995) …………………………………………..… 8

Losch v. Borough of Parkesburg, 736 F.2d 903 (3d Cir. 1984) ……………..… 8

McGreevy v. Stroup, 413 F.3d 359 (3d Cir. 2005) ……………………………... 10

McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009) ……………… 9

Mitros v. Borough of Glenolden, 170 F.Supp.2d 504 (E.D. 2001) ……………..… 6

<u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978) …………………………….. 6

<u>Nicholas v. Pa. State Univ.</u>, 227 F.3d 133 (3d Cir. 2000) ……………………… 13

<u>Nicini v. Morra</u>, 212 F.3d 798 (3d Cir. 2000) …………………………………... 13

<u>Personnel Adm'r v. Feeney</u>, 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979) …………………………………………………………………………………11

<u>Rode v. Dellarciprete</u>, 845 F.2d 1195 (3d Cir. 1988) …………………………..·· 6

<u>Ruston v. Town Bd. for Town of Skaneateles</u>, 610 F.3d 55 (2d Cir. 2010) …….. 12

<u>Schuman ex rel., Shurtzer v. Penn Manor Sch. Dist.</u>, 422 F.3d 141 (3d Cir. 2005) ……………………………………………………………………………… 11

<u>United Artists Theatre Circuit, Inc. v. Tp. of Warrington</u>, 316 F.3d 392 (3d Cir. 2003) ……………………………………………………………………….. 13

<u>Village of Willowbrook v. Olech</u>, 528 U.S. 562 (2000) …………………….…... 11

<u>Vorobyev v. Wolfe</u>, 638 F.Supp.3d 410 (M.D. Pa. 2022) …………………….… 16

<u>Yick Wo v. Hopkins</u>, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886) ……….. 11

## **STATUTES**

20 U.S.C. § 1681(a) ……………………………………………………………… 5

24 P.S. § 13-1318 …………………………………………………………….….. 10

v

## I.   __PROCEDURAL HISTORY__

Plaintiffs initiated the present action by filing a Complaint with this Court on July 5, 2023, asserting Title IX, constitutional Due Process and Equal Protection, and state tort claims against Defendant Riverside School District, Defendant Riverside School District's school board, and individual Defendants Robert Presley, Christopher Lazor, and Paul M. Brennan (collectively, "Defendants") for alleged deficiencies in Defendants' response to minor Plaintiff Jane Doe's report of sexual assault by a fellow minor student. (Doc. No. 1). Defendants filed a Motion to Dismiss Plaintiffs' Complaint on August 2, 2023 and a brief in support on August 8, 2023. (Doc. Nos. 18, 21). Plaintiffs filed a brief in opposition to Defendants' Motion to Dismiss on August 18, 2023, and Defendants filed a reply to Plaintiffs' brief on August 31, 2023. (Doc. Nos. 25, 31). Plaintiffs filed a sur-reply on September 5, 2023, and Defendants filed a sur-rebuttal on September 8, 2023. (Doc. Nos. 32, 33).

The matter having been fully briefed, this Court issued an Order and memorandum on December 11, 2023 granting in part and denying in part Defendants' Motion to Dismiss. (Doc. Nos. 36, 37). The Court granted Defendants' Motion with respect to Plaintiffs' Title IX retaliation claim, constitutional claims via §1983, state law claims, and claims for punitive damages against the school district, as well as all claims against the school board and

individual defendants. (Doc. No. 37). Following the Court's Order, the only remaining claim against the school district was Plaintiffs' Title IX discrimination claim. (Id.).

On December 22, 2023, Plaintiffs filed a Motion for Reconsideration of the Court's December 11, 2023 Order and brief in support. (Doc. Nos. 40, 41). In particular, Plaintiffs requested that the Court reconsider its dismissal of their §1983 and negligence claims against the school district and their §1983 claims against the individual defendants. (Id.). Defendants filed a brief in opposition to Plaintiffs' Motion for Reconsideration on January 2, 2024. (Doc. No. 42). By Opinion and Order dated April 12, 2024, the Court denied Plaintiffs' Motion but granted them leave to amend their §1983 claims against the school district. (Doc. No. 43).

On May 3, 2024, Plaintiffs filed an amended Complaint asserting a Title IX discrimination claim against the school district and constitutional claims via §1983 against the school district and individual Defendants. (Doc. No. 45). As the parties disagree about whether the Court's April 12, 2024 Order permitted Plaintiffs to reassert §1983 claims against the individual defendants, Plaintiffs filed a Motion for Clarification of that Order on May 8, 2024. (Doc. No. 46). By Order dated May 10, 2024, the Court permitted Plaintiffs to reassert §1983 claims against the individual Defendants. (Doc. No. 47).

II.    **FACTUAL BACKGROUND**

Plaintiffs' amended Complaint alleges that minor Plaintiff Doe attended the Riverside School District and had a Section 504 Service Agreement. (Doc. No. 45 at ¶¶ 26, 28). It further alleges that minor Plaintiff Doe was sexually assaulted by A.P., a minor student also enrolled in the district. (Id. at ¶ 34). The sexual assault occurred outside of the school setting. (Id. at ¶ 35). A.P. was adjudicated delinquent of felony sexual assault. (Id. at ¶ 37).

Plaintiffs' amended Complaint alleges that Plaintiff Nied raised objections and concerns related to A.P. being near the minor plaintiff during school hours. (Id. at ¶ 40). It alleges that Defendants refused or failed to take any action. (Id. at ¶ 41). The amended Complaint alleges that the district exhibited favoritism toward A.P. and his family by virtue of the Pica Defendants' involvement with the district's football team. (Id. at ¶¶ 19, 20). Further, it alleges that the district subjected minor Plaintiff Doe to harassment by placing her in a class taught by one of the district's football coaches, threatening to remove friends of hers who spoke out against A.P. from the football team, intentionally violating her 504 Service Agreement, assigning A.P. and minor Plaintiff Doe to the same lunch period, permitting A.P. to attend the district's semi-formal dance, and placing a banner with A.P.'s photograph on it directly on her route to school. (Id. at ¶¶ 43, 44, 48, 52, 55, and 58).

### III.   <u>QUESTIONS PRESENTED</u>

1.   Whether Plaintiffs have failed to state a claim for Title IX discrimination.

   **SUGGESTED ANSWER:** Yes.

2.   Whether Plaintiffs have failed to state a claim for constitutional violations via 42 U.S.C. § 1983.

   **SUGGESTED ANSWER:** Yes.

3.   Whether Plaintiffs should be precluded from amending their Complaint to re-assert their Title IX discrimination and §1983 claims.

   **SUGGESTED ANSWER:** Yes.

### IV.   <u>LAW AND ARGUMENT</u>

   *A.   Motion to Dismiss Standard*

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the Complaint must provide the Defendant with fair notice of the claim.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  When considering a Rule 12(b)(6) Motion to Dismiss, the Court must accept as true all factual allegations.  *See* <u>Ericson v. Partis</u>, 551 U.S. 89, 94 (2007).  "While a Complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Twombly</u>, 550 U.S. at

4

555 (internal citations omitted).  Legal conclusions without factual support are not entitled to the assumption of truth.  *See* <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009).  The Court must dismiss if the Plaintiff fails to allege enough facts "to state a claim for relief that is plausible on its face." <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570.). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

      B.    *Count I alleging Title IX discrimination should be dismissed.*

      Title IX provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To prove Title IX liability, Plaintiffs must show that: (1) the district received federal funds; (2) minor Plaintiff Doe was sexually harassed; (3) the district had "substantial control" over both the harasser and the context of the harassment; (4) the district had "actual knowledge" of the harassment; (5) the district was "deliberately indifferent" to the harassment; and (6) the harassment deprived her of access to educational opportunities or benefits. <u>Davis v. Monroe Cty. Bd. of Educ.</u>, 526 U.S. 629, 650, 119 S.Ct. 1661 (1999).

      Plaintiffs have not adequately pled that minor Plaintiff Doe was deprived of access to educational opportunities or benefits as a result of her alleged

harassment. These allegations do not suggest that minor Plaintiff Doe was prevented from attending school or any school-sponsored activities. Further, insofar as Plaintiffs suggest that Defendants deprived minor Plaintiff Doe of access to educational benefits by allegedly failing to follow her 504 plan as retaliation for reporting A.P.'s alleged harassment, it may be noted that this Court has already dismissed Plaintiffs' Title IX retaliation claim. (Doc. Nos. 36, 37).

As such, Plaintiffs' claim of Title IX discrimination should be dismissed.

C.    *Count II alleging constitutional violations via 42 U.S.C. § 1983 should be dismissed.*

1.    Plaintiffs' § 1983 claims against the individual Defendants should be dismissed.

Claims which are made against a government employee in his or her official capacity merge into the claims against the public entity. Mitros v. Borough of Glenolden, 170 F.Supp.2d 504 (E.D. 2001) (*citing* Brandon v. Holt, 469 U.S. 464 (1985)). To prevail against a defendant in his individual capacity under §1983, a plaintiff must establish that the defendant had personal involvement in committing the alleged violations. *See* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Any liability of an individual must "be based on his own acts or omissions, not those of [others]…." Agresta v. City of Phila., 801 F.Supp. 1464, 1468 (E.D. Pa. 1992) (*citing* Monell, 436 U.S. at 693).

Plaintiffs' claims regarding the individual defendants fail to establish that they had personal involvement in committing the alleged violations; in other words, they do not identify affirmative acts taken by the individual defendants. Plaintiffs allege that Defendant Brennan refused to take action to address minor Plaintiff Doe's reports of sexual assault, instead suggesting that she could switch school districts (Doc. No. 45 at ¶ 41). Plaintiffs' amended Complaint is otherwise devoid of any reference to an affirmative action taken by any individual defendant, instead generally referring to alleged inactions by "the Individual Defendants" throughout. (Id., generally). The Court has already deemed such claims insufficient. (Doc. No. 36 at p. 20) ("Accordingly, given that the plaintiffs have failed to identify any affirmative action taken by the District or the individual school officials, we conclude that this state-created danger claim fails.").

As such, Plaintiffs' §1983 claims against the individual defendants should be dismissed.

2.    Plaintiffs' constitutional claims should be dismissed per Monell.

A local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury, that the government as an entity is responsible under §1983. Monell v. Dep't of Soc.

7

Servs., 436 U.S. 658, 694 (1978). The United States Supreme Court in Monell held that a civil rights complaint against a municipality or its agency must allege: (1) the existence of a custom or a policy of the municipality, which is of such long standing as to have the force of law; and (2) that one of the municipality's employees violated the plaintiff's civil rights while acting pursuant to this custom or policy. Id.

"Policy is made by an official statement of a 'decisionmaker possessing final authority to establish municipal policy,' and custom can be shown by the presence of a course of conduct that 'is so well-settled and permanent as virtually to constitute law.'" Chernavsky v. Tp. of Holmdel Police Dep't, 136 Fed. Appx. 507, 509 (3d Cir. 2005) (quoting Bielecivz v. Dubinon, 915 F.2d 845, 850 (3d Cir.1990)) (internal quotations omitted). Evidence of an isolated incident is not sufficient to show the existence of a custom or policy. See, e.g., Jones by & through Jones v. Berwick Area Sch. Dist., 1995 U.S. Dist. LEXIS 21164, at *8 (M.D. Pa. March 13, 1995); see also Losch v. Borough of Parkesburg, 736 F.2d 903, 911 (3d Cir. 1984). In addition, there must be a direct causal link between the policy or custom and the alleged constitutional violation. Chernavsky, 136 Fed. Appx. at 509.

Plaintiffs conclusively allege that Defendants "engaged in a pattern and practice of behavior designed to discourage and dissuade individuals, namely

8

students, and parents of those students, who are student victims and survivors of sexual assaults, from seeking prosecution and protection, from being free from harassment and retaliation for reporting sexual assault and sexual harassment, and from seeking to have those sexual assaults and harassment fully investigated by Defendants." (Doc. No. 45 at ¶ 100). While this allegation purportedly identifies the consequences of some policy or custom, it does not identify specifically what said policy or custom is. As such, it is insufficient to support the imposition of Monell liability against Defendants. *See*, *e.g.*, McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009) (noting that "[t]o satisfy the pleading standard, [plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was" and that allegations at issue were "deficient" because "[t]he complaint allege[d] nothing more than directives issued *ad hoc* by individual officers, without reference to any formal administrative or policy channels").

Plaintiffs further identify Defendant Brennan as a policymaker for Monell purposes by virtue of his role as superintendent and claim that he "exercis[ed] his policymaking authority" to "refuse[] to investigate or remedy [the] constitutional violations [against minor Plaintiff Doe] and instead actively enabled them." (Doc. No. 45 at ¶ 102). However, Defendant Brennan is not a policymaker for Monell purposes in this matter.

9

Whether a school district superintendent is a policymaker in any particular case requires a factual inquiry into the specific action taken or not taken. "In order to ascertain who is a policy maker a court must determine which official had **final, unreviewable** discretion to make a decision or take action." McGreevy v. Stroup, 413 F.3d 359, 369 (3d Cir. 2005) (*quoting* Kneipp v. Tedder, 95 F.3d 1199 (3d Cir. 1996)) (emphasis added). In McGreevy, the plaintiff argued that the school district should be held liable where the superintendent had given her an exceedingly low performance ranking which led to her dismissal. Id. The Third Circuit found that the low rating was attributable to the school district because the superintendent possessed "final policymaking authority with regard to employment ratings. Id. (*citing* 24 Pa. Const. Stat. § 11-1123).

However, school district superintendents do not possess final authority to expel students. The Pennsylvania Code provides,

> Every **principal or teacher** in charge of a public school may temporarily suspend any pupil on account of disobedience or misconduct, and any principal or teacher suspending any pupil shall promptly notify the district superintendent or secretary of the board of school directors. The **board** may, after a proper hearing, suspend such child for such time as it may determine, or may permanently expel him. Such hearings, suspension, or expulsion may be delegated to a duly authorized committee of the board, or to a duly qualified hearing examiner, who need not be a member of the board, but **whose adjudication must be approved by the board**.

24 P.S. § 13-1318 (emphasis added). Therefore, insofar as Plaintiffs argue that the violation of minor Plaintiff Doe's constitutional rights stemmed from Defendant

Brennan's refusal to remove A.P. from the school district, such refusal does not constitute the act of a final decisionmaker for purposes of imposing <u>Monell</u> liability upon the district.

As such, Plaintiffs' constitutional claims against the district should be dismissed per <u>Monell</u>.

> 3. <u>Plaintiffs have failed to state a claim against Defendants for Equal Protection violations.</u>

The Equal Protection clause protects individuals from government efforts to intentionally classify and designate disparate groups for disparate treatment. <u>Yick Wo v. Hopkins</u>, 118 U.S. 356, 368, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). To assert a valid equal protection claim, the plaintiff must allege intentional or purposeful discrimination by the defendant. *See* <u>Personnel Adm'r v. Feeney</u>, 442 U.S. 256, 272, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979). Plaintiffs must allege that minor Plaintiff Doe is a member of a protected class, she was similarly situated to members of an unprotected class, and she was treated differently from the unprotected class. <u>Schuman ex rel., Shurtzer v. Penn Manor Sch. Dist.</u>, 422 F.3d 141, 151 (3d Cir. 2005).

Further, even if a plaintiff's equal protection claim is based upon a "class of one" theory, she must "allege that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).

11

Essential to all equal protection claims is an allegation of intentional discrimination. Allegations of negligent discrimination or disparate impact are insufficient and do not state a claim for a violation of the Fourteenth Amendment Equal Protection clause. City of Cuyahoga Falls v. Buckeye Comm. Hope Found, 538 U.S. 188, 194-195 (2003). To state a class of one claim, a plaintiff must allege that: (1) the defendant treated her differently from others similarly situated; (2) the defendant did so intentionally; and (3) there was no rational basis for the difference in treatment. Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2008).

Here, Plaintiffs' sole contention regarding minor Plaintiff Doe's unequal treatment is that, "[o]n information and belief, Defendants generally enforce [the district's Discrimination Policy] when male students make complaints pursuant to it." (Doc. No. 45 at ¶ 103). Such conclusory allegations are insufficient to state an Equal Protection claim. *See*, *e.g.*, Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("holding that "the pleading standard set out in Iqbal supersedes the 'general allegation' deemed sufficient in DeMuria [v. Hawkes, 328 F.3d 704 (2d Cir. 2003)]" and referring to pleading standard under which DeMuria permitted plaintiff's claim to proceed despite failure to identify others similarly situated as "now-obsolete").

As such, Plaintiffs' §1983 claim asserting Equal Protection violations should be dismissed.

4.    <u>Plaintiffs have failed to state a claim against Defendants for substantive Due Process violations.</u>

The Supreme Court has "observed that the core of the concept of due process is protection against arbitrary action and that only the most egregious official conduct can be said to be arbitrary in the constitutional sense." <u>United Artists Theatre Circuit, Inc. v. Tp. of Warrington</u>, 316 F.3d 392, 399 (3d Cir. 2003) (internal quotation marks omitted) (*citing* <u>Cty. of Sacramento v. Lewis</u>, 523 U.S. 833, 845-46, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). Thus, to prevail on a substantive due process claim, "a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." <u>Chainey v. Street</u>, 523 F.3d 200, 219 (3d Cir. 2008) (citation omitted). Because "the nature of the conduct that is sufficiently egregious to shock the conscience varies depending on the context," <u>United Artists Theatre Circuit</u>, 316 F.3d at 399, n.5, a court must "determine what level of conduct is egregious enough to amount to a constitutional violation and, then, whether there is sufficient evidence that [the defendant's] conduct rose to that level." <u>Nicini v. Morra</u>, 212 F.3d 798, 809 (3d Cir. 2000).

Further, "a property interest must be constitutionally 'fundamental' in order to implicate due process." <u>Nicholas v. Pa. State Univ.</u>, 227 F.3d 133, 141 (3d Cir. 2000). The category of interests that qualify as "fundamental" for purposes of substantive due process is narrower than those protected by procedural due

13

process, and "not all property interests worthy of procedural due process protection are protected by the concept of substantive due process." <u>Id.</u> (citation omitted); *see also* <u>Collins v. City of Harker Heights, Tex.</u>, 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) (urging courts to exercise "judicial self-restraint" when determining whether to "expand the concept of substantive due process"). Instead, to state a substantive due process claim, 'a plaintiff must have been deprived of a particular quality of property interest.'" <u>Nicholas</u>, 227 F.3d at 140 (*quoting* <u>DeBlasio v. Zoning Bd. of Adjustment</u>, 53 F.3d 592, 598 (3d Cir. 1995), abrogated on other grounds by <u>United Artists Theatre Cir. Inc. v. Tp. of Warrington, Pa.</u>, 316 F.3d392 (3d Cir. 2003)).

"The right to attend public school is not a fundamental right for the purpose of due process analysis…. Government actions that do not affect fundamental rights or liberty interests and do not involve a suspect classification will be upheld if they are rationally related to a legitimate state interest…. In the context of school discipline, a substantive due process claim will succeed only in the 'rare case' when there is 'no rational relationship between the punishment and the offense'." <u>Brian A. ex rel. Arthur v. Stroudsburg Area Sch. Dist.</u>, 141 F.Supp.2d 502, 510 (M.D. Pa. 2001) (*citing* <u>Seal v. Morgan</u>, 229 F.3d 567 (6th Cir. 2000)).

Here, Plaintiffs aver that Defendants deprived minor Plaintiff Doe of her property interest in a public education without due process of law "by placing [her]

in a class taught by a hostile coach of [her] sexual assailant, A.P., by placing [her] in the same lunch period as her sexual assailant, A.P., … by placing a billboard directly and/or indirectly in [her] route to and/or from [school]…, by suggesting to [Plaintiffs] that if they had issues they could 'transfer to a new district' and by intentionally violating Plaintiff Doe's 504 Service Agreement[.]" (Doc. No. 45 at ¶ 110). They also allege, as they did in their initial Complaint, that Defendants compelled minor Plaintiff Doe to come face-to-face with A.P. by failing to remove him from the district. (Id. at ¶ 112).

First, Plaintiffs have failed to identify a protected liberty interest of which minor Plaintiff Doe was deprived, given both that there is no constitutionally protected liberty interest in the right to attend public school and that minor Plaintiff Doe was not precluded from attending school at any point. Moreover, Plaintiffs' allegations again attempt to reframe Defendants' passive conduct as affirmative acts, which this Court has already deemed insufficient to support §1983 claims asserting Substantive Due Process violations. (Doc. No. 36 at p. 20) ("Thus, courts in this circuit have consistently held that a plaintiff fails to plead a state-created danger claim when she relies on the *inaction* of the defendants, rather than alleging an affirmative act.") (citations omitted). Plaintiffs essentially claim that Defendants failed to remove minor Plaintiff Doe from a class taught by A.P.'s football coach, failed to adhere to Plaintiff Doe's 504 plan, and failed to remove A.P. from the

school district. The only affirmative action identified by Plaintiffs consists of Defendants' alleged placement of a billboard containing A.P.'s photograph along minor Plaintiff Doe's route to school. This action has not, and cannot, be alleged to have deprived minor Plaintiff Doe of any constitutionally protected liberty interest, nor can it be said to rise to such a level as to "shock the conscience."

As such, Plaintiffs' §1983 claim asserting Substantive Due Process violations should be dismissed.

> ### D.   Plaintiffs should be precluded from reasserting their claims against Defendants via a second amended Complaint.

As relevant here, Federal Rule of Civil Procedure 15 authorizes a party to amend her pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a). "'In all other cases, a party… may amend its pleading only with the opposing party's written consent, or the court's leave,' which courts are to freely give 'when justice so requires.'" Vorobyev v. Wolfe, 638 F.Supp.3d 410, 419-20 (M.D. Pa. 2022) (*quoting* Fed. R. Civ. P. 15(a)(2)). "Consistent with this policy, leave to amend rests in the discretion of the court and may, when justice so requires, be denied if the court finds 'undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed[,] undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Id. (*quoting* Foman v. Davis, 371 U.S.

178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000)).

A party's delay in seeking to amend a pleading may become "'undue,'… thereby creat[ing] grounds for the district court to refuse leave, when it places an unwarranted burden on the court or **when the plaintiff has had previous opportunities to amend**.'" Id. (quoting Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008) (citations omitted)) (emphasis added). Moreover, a court may find that a party has failed to diligently seek amendment and therefore deny leave to amend "'where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.'" Id. (quoting Krantz v. Prudential Investments Fund Management LLC, 305 F.3d 140, 144 (3d Cir. 2002) (citations omitted)).

Additionally, amendment may be futile where "the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. (quoting Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citations omitted)). Futility may be demonstrated by a party's failure to remedy pleading deficiencies via earlier amendments. See, e.g., Bennett v. Republic Services, Inc., 179 F.Supp.3d 451, 457 (E.D. Pa. 2016) (quoting Gadling-Cole v. West Chester Univ., 868 F.Supp.2d 390, 401 (E.D. Pa. (2012)) ("The Plaintiff has already amended her complaint once in response to the Defendants' first motion to dismiss, which required the Defendants

to file a subsequent motion to dismiss. This amendment failed to cure the above deficiencies and to allow further amendment would be inequitable to the Defendants.")).

Each of the deficiencies identified above were present in Plaintiffs' initial Complaint. Despite extensive briefing regarding the shortcomings of Plaintiffs' arguments, both by Defendants and by the Court, Plaintiffs have failed to sufficiently plead their claims in the instant amended Complaint. Further amendment would therefore be futile.

As such, Plaintiffs should be precluded from amending their claims in a second amended Complaint.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' claims against Defendants should be dismissed in their entirety, with prejudice.

MARSHALL  DENNEHEY

By:_____
        Rachel Insalaco, Esquire
        Attorney I.D. No.:  PA 332802
        P.O. Box 3118
        Scranton, PA 18505-3118
        (570) 496-4663

LEGAL/161400946.v1

18