## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE, A MINOR, by her** | : | |
| **Mother and Natural Guardian,** | : | **Civil Action No.: 3:23-CV-1118** |
| **JENNIFER NIED, and JENNIFER NIED,** | : | |
| **Individually** | : | |
| | : | |
| **Plaintiffs,** | : | **(Magistrate Judge Bloom)** |
| | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **RIVERSIDE SCHOOL DISTRICT d/b/a** | : | |
| **RIVERSIDE JUNIOR/SENIOR** | : | |
| **HIGH SCHOOL,** | : | |
| | : | |
| **and** | : | |
| | : | |
| | : | |
| **ROBERT PRESLEY, in his individual and** | : | |
| **official capacity,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **CHRISTOPHER LAZOR,** | : | |
| **in his individual and official capacity,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **PAUL M. BRENNAN, in his individual and** | : | |
| **official capacity,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **BRYAN PICA & NICOLE PICA,** | : | |
| **as the Parents and Natural Guardians** | : | |
| **of A.P., a minor,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS'
## 12(b) MOTION TO DISMISS

# TABLE OF CONTENTS

INTRODUCTION………………………….........……………………………………………… 2

STATEMENT OF THE CASE………………..…….........…………………………………….. 2

STATEMENT OF THE FACTS……………………….………………………………….......... 3

STATEMENT OF THE ISSUES………………………………………………………………… 4

LEGAL STANDARD.………………………………………………………………………… 5

ARGUMENT…………………………………………………………………………………… 5

    Count I: Title IX Discrimination……………………………………………...……………… 5

    Count II: Constitutional Violations…………………………………...………………………... 8

    In the Alternative, Leave to Amend………..………………………...……………………… 14

CONCLUSION………………………………….…..………………………………………… 16

# TABLE OF CITATIONS

## I.    CASES

*A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 587 (3d Cir. 2004).        11, 12

*Andrews v. City of Philadelphia*, 895 F.2d 1469, 1479 (3d Cir. 1990).        8

*B.W. v. Career Tech. Ctr. of Lackawanna Cnty.*, 422 F. Supp. 3d 859, 893 (M.D. Pa. 2019).        14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).        5

*C.K. v. Wrye*, No. 4:15-CV-00280, 2015 WL 5099308, at *5 (M.D. Pa. Aug. 31, 2015).        14

*Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1495-96, 1508 (11th Cir. 1995).        12

*D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1375 (3d Cir. 1992).        11

*Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 652 (1999).        7

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 198-200 (1989).        11

*DiStiso v. Cook*, 691 F.3d 226, 241-45 (2d Cir. 2012).        9

*Doe v. Fairfax Cnty. Sch. Bd.,* 1 F. 4th 257, 276 (4th Cir. 2021).        7

*Feminist Majority Found. v. Hurley*, 911 F.3d 674, 702-03 (4th Cir. 2018).        9

*Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1135-36 (9th Cir. 2003).        10, 12

*Foman v. Davis*, 371 U.S. 178, 183, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).        15

*Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).        8

*G.S. v. Penn-Trafford Sch. Dist.*, 813 F. App'x 799, 802 (3d Cir. 2020).        11

*G.S. v. Penn-Trafford Sch. Dist.*, No. 20-3281, 2023 WL 4486667, at *3 (3d Cir. July 12, 2023).        13, 14

*Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990).        15

*Hafer v. Melo*, 502 U.S. 21, 25 (1991).        8

*Hall v. Millersville Univ.*, 22 F.4th 397, 408 (3d Cir. 2022).        5, 7

*Hill v. Cundiff*, 797 F.3d 948, 978 (11th Cir. 2015).        9

*Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 433 & n. 11 (3d Cir. 2006).        11

*L.S. ex rel. D.S. v. Hanover Sch. Area Sch. Dist., et al.*, No. 3:22CV234, 2024 WL 2393038, at *19 (M.D. Pa. May 23, 2024).        9, 14

*McGreevy v. Stroup*, 413 F.3d 359, 368 (3d Cir. 2005).        13

*Moss v. Pennsylvania State Univ.*, No. 4:22-CV-00529, 2023 WL 5184976, at *8 (M.D. Pa. Aug. 11, 2023).    10

*Murrell v. Sch. Dist. No. 1*, Denver, Co., 189 F.3d 1238, 1249, 1250 (10th Cir. 1999).    10, 12

*Nabozny v. Podlesny*, 92 F.3d 446, 454 (7th Cir. 1996).    10, 11

*Nied ex rel. Doe v. Riverside Sch. Dist.*, No. 3:23-CV-1118, 2024 WL 1604646, at *2 (M.D. Pa. Apr. 12, 2024).    8, 10

*Nied*, 2023 WL 8549035, at *5.    6, 7

*Pembaur v. Cit of Cincinnati*, 475 U.S. 469, 483 (1986).    13

*Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).    5

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).    8

*Santiago v. Warminster Township*, 629 F.3d 121, 130-31 (3d Cir. 2010).    5

*Stiles ex rel. D.S. v. Grainger Cnty.*, 819 F.3d 834, 851–52 (6th Cir. 2016).    9

*Swisher v. Jersey Shore Area Sch. Dist.*, 2023 WL 6543097, at *5 (M.D. Pa. Oct. 6, 2023).    9, 11

*United States v. Stevens*, 559 U.S. 460 471 (2010).    12

*Zavada v. E. Stroudsburg Univ.*, 2023 WL 5532809, at *6 (M.D. Pa. Aug. 28, 2023).    9

## II.    STATUTES

18 Pa. C.S. § 3124.1.    2

20 U.S.C. § 1681(a).    5

42 U.S.C. § 1983.    8, 9, 11, 12, 13, 14

Fed. R. Civ. P. 12(b)(6).    5

**INTRODUCTION**

AND NOW come the Plaintiffs, Jane Doe, a minor, by and through her Mother and

Natural Guardian, Jennifer Nied, and Jennifer Nied, individually, by and through counsel, Ryan

P. Campbell, Esquire and Dave W. Rothenberg, Esquire of Rothenberg & Campbell, and hereby

respectfully submits the instant Brief in Opposition to Defendants', Riverside School District

d/b/a Riverside Junior/Senior High School, Robert Presley, Christopher Lazor, and Paul M.

Brennan (hereinafter referred to collectively as the "Moving Defendants"), Motion to Dismiss

Plaintiffs' Amended Complaint, requesting this Honorable Court's denial and dismissal of the

Moving Defendants' Motion in its entirety, and in support thereof, avers and alleges as follows:

**STATEMENT OF THE CASE**

At the time of the events giving rise to this matter, the minor-Plaintiff, Jane Doe

("Plaintiff Doe") was a teenage female student enrolled at Defendant Riverside Junior Senior

High School. Plaintiff Doe was subjected to Felony 2 Sexual Assault by one of her peers, A.P.,

which resulted in A.P.'s admission and adjudication of Sexual Assault against Plaintiff Doe

pursuant to 18 Pa. C.S. § 3124.1. Horrifyingly, A.P.'s actions did not end with the

aforementioned adjudication. For an additional year, the Defendants continued to harass,

threaten, torment, and otherwise interfere with Plaintiff Doe's right to education, all of which

went completely unchecked and was furthermore aided and abetted by Defendant Riverside

School District, Defendant Riverside School District Board of Education, Defendant Robert

Presley (Principal of Defendant Riverside School District), Defendant Christopher Lazor

(Principal of Defendant Riverside School District), and Defendant Paul Brennan (acting

Superintendent of Defendant Riverside School District). The Moving Defendants' actions and

inactions, as set forth in Plaintiffs' Amended Complaint, and as discussed in great detail herein,

ultimately resulted in Plaintiff Doe's discrimination. In addition to the sexual assault, Plaintiff

Doe was subjected to bullying, intimidation and other abusive acts for her reporting of the sexual

assault and subsequent sexual harassment.

## STATEMENT OF FACTS

At all times material hereto, Plaintiff Doe was a student with disabilities enrolled at the

Defendant Riverside School District, maintaining a 504 Service Agreement with the District..

(DKT. 45 ¶¶ 26-28). In January and February of 2021, Jane Doe was sexually assaulted by a

classmate, A.P. Id. ¶¶ 34-35. A.P. was adjudicated delinquent and/or admitted delinquency for his

sexual assault against Plaintiff Doe. Id. ¶ 37. The Defendant District was made aware of the

sexual assault and resultant delinquency adjudication. Id. ¶¶ 39, 40, 42, 46, 62, 83, 91.


The Defendant District is served by the District's superintendent, Defendant Brennan,

who was designated as the District's Title IX Coordinator. Id. ¶ 13. As Title IX Coordinator and

the Superintendent, Defendant Brennan was authorized to make policy for the District with

respect to preventing and responding to student-on-student harassment. Id. Defendant Brennan

was expressly notified of A.P.'s sexual assault against Plaintiff Doe. Id. ¶ 40. In lieu of

responding to the sexual assault, Defendant Brennan told Plaintiffs that Plaintiff Doe could

"switch to a different school." Id. ¶ 41.


A.P. was thereafter given ***unrestricted*** access to harass and torment Plaintiff Doe while at

school and at school-sponsored activities. Id. ¶ 53 *(emphasis added)*. Even worse, the District

and the Individual Defendants actively encouraged and partook in the harassment and torment of

Plaintiff Doe by purposefully, willfully and maliciously disregarding Plaintiff Doe's 504 Service

Agreement (Id. ¶ 48), by placing Plaintiff Doe in the same lunch period as her assailant, A.P. (Id. ¶ 52), by placing Plaintiff Doe in a class taught by a friend and coach of A.P. wherein she was called "stupid" in front of her peers (Id. ¶ 42), by misrepresenting to Plaintiffs that the District had no knowledge of A.P.'s sexual assault adjudication against Plaintiff Doe (Id. ¶ 45), by retaliating against any student who spoke-up on behalf of Plaintiff Doe (Id. ¶ 44), and by permitting A.P. to continue to sexually harass Plaintiff Doe while at the Defendant District and the District's semi-formal dance (Id. ¶¶ 57, 60).

These actions and omissions directly and proximately resulted in Plaintiff Doe sustaining serious, permanent, and debilitating injuries including a decline in grade point average, decline in attendance, self-mutilation, anxiety, depression, suicidal ideologies, post-traumatic stress disorder, and panic attacks. Id. ¶ 64.

## STATEMENT OF THE ISSUES

A.  Whether the Amended Complaint states a claim under Title IX where the Court has already ruled that the original Complaint stated such a claim?

*Suggested Answer: In the affirmative.*

B.  Whether the Amended Complaint states a claim under 42 U.S.C. § 1983?

*Suggested Answer: In the affirmative.*

C.  In the alternative, should this Honorable Court grant the Motion to Dismiss, and/or a portion thereof, whether the Plaintiffs should be afforded an opportunity to cure such defect via the filing of a Second Amended Complaint?

*Suggested Answer: In the Affirmative.*

**LEGAL STANDARD FOR DISMISSAL PURSUANT TO Fed. R. Civ. P. 12(b)**

A complaint survives a Rule 12(b)(6) motion to dismiss when it pleads a "plausible claim for relief." *Santiago v. Warminster Township*, 629 F.3d 121, 130-31 (3d Cir. 2010). To do so, it need only "provide the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts "must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff[s], and determine whether, under any reasonable reading of the complaint, the plaintiff[s] may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

**ARGUMENT**

The Moving Defendants raise two (2) challenges to the Plaintiffs' First-Amended Complaint. The Plaintiffs hereby respond to each challenge asserted by the Moving Defendants in the order they are presented in the Moving Defendants' Brief in Support of their Motion to Dismiss Plaintiffs' First-Amended Complaint.

1. **COUNT I: Title IX Discrimination**

Title IX prohibits entities receiving federal financial assistance from discriminating against, excluding, or denying benefits of an educational program or activity to individuals on the basis of sex. 20 U.S.C. § 1681(a). Pursuant to Title IX, the School District may be liable for student-on-student sexual harassment if the had "actual knowledge" of sex-based harassment (including sexual assault), was "deliberately indifferent" to it, and the harassment was severe or pervasive enough to deprive her of educational benefits and opportunities provided by the school. *Hall v. Millersville Univ.*, 22 F.4th 397, 408 (3d Cir. 2022).

This Honorable Court has already ruled that the Plaintiffs have sufficiently and adequately pled a claim for discrimination under Title IX. See DKT. 36 & 37. In the instant matter, it is undisputed that the Riverside School District is an entity which receives federal financial assistance. See DKT. 36. Furthermore, in the instant matter, the Amended Complaint sufficiently alleges that Plaintiff Jane Doe was subjected to sexual harassment. DKT. 45 ¶¶ 41, 43, 44, 48, 49, 50, 51, 52, 56, 57, 58, 60, 63. Similarly, the Plaintiffs' Amended Complaint asserts that the District was informed by Plaintiff Nied, the Pica Defendants and a representative from the Luzerne County Probation Department, that A.P. was adjudicated delinquent of sexually assaulting Plaintiff Doe. Id. ¶¶ 39, 40, 42, 46, 62, 83, 91. The Amended Complaint provides that the sexual harassment of A.P. occurred during school hours and during school sponsored functions, such as the semi-formal dance. Id. ¶¶ 57, 60. Notwithstanding the Plaintiffs' repeated pleas and reports of the sexual harassment of Plaintiff Doe, the District did nothing to protect Plaintiff Doe. Id. ¶ 41. To the contrary, the Amended Complaint provides that the District encouraged the sexual harassment by placing Plaintiff Doe in the same lunch as her assailant, by placing Plaintiff Doe in a class taught by A.P.'s coach and family friend, and by refusing to abide by Plaintiff Doe's 504 Service Agreement. Id. ¶¶ 42, 48, 52.

Contrary to Defendants argument that Plaintiff Doe fails to plead a deprivation of educational opportunity, the Court already held that "the allegations in the complaint are sufficient to show that Jane Doe was denied educational benefits or opportunities." *Nied*, 2023 WL 8549035, at *5. The Amended Complaint continues to plead that as the direct and proximate result of the sexual harassment, Plaintiff Doe sustained a decline in attendance and grade point

average. DKT. 45 ¶ 64. It also alleges that the District placed her in a lunch period with her assailant and in a class taught by his family friend, who harassed Plaintiff Doe. Id. ¶¶ 42, 52. Additionally, Plaintiff Doe was denied access to her 504 Service Agreement educational benefits, including her access to study guides, extended time on assignments, and review aids, all of which the District agreed to provide Plaintiff Doe pursuant to the 504 Service Agreement. Id. ¶¶ 48-49.

These allegations that Plaintiff Doe missed school, received lower grades, was placed in a lunch period with her assailant and in a class taught by his family friend, was denied access to necessary educational aids sufficiently plead a loss of educational benefits.  *See Nied*, 2023 WL 8549035, at *5 (holding that prior complaint sufficiently pled educational deprivation because it alleged that Doe "suffered a decline in her grades and an increase in absences from school due to A.P.'s continued harassment and the District's failure to stop it" and alleged that the District left Doe in a class in which she was subjected to further harassment). Although a decline in grades in not enough to show the harassment was "severe and pervasive," it ***does*** "provide [the] necessary evidence of a potential link between her education and [the] misconduct"—the element at issue here. *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 652 (1999) *(emphasis added).* As does Plaintiff Doe's increased absenteeism. See *Hall*, 22 F.4th at 412 (holding that plaintiff stated a claim when she alleged she "missed class" in wake of assault); *Doe v. Fairfax Cnty. Sch. Bd.,* 1 F. 4th 257, 276 (4th Cir. 2021) (holding jury could find educational deprivation where plaintiff's attendance declined). Thus, Plaintiff Doe continues to state a claim under Title IX.

As such, for the reasons set forth herein, and in reliance on this Honorable Court's Order dated December 11, 2023, wherein the Moving Defendants' Motion to Dismiss Plaintiffs' claim for Title IX discrimination was denied, it is respectfully submitted that the Plaintiffs have sufficiently pled a claim for Title IX discrimination and therefore the Moving Defendants' Motion to Dismiss same should be denied.

**2.  Count II: Constitutional Violations Pursuant to 42 U.S.C. § 1983**

Plaintiffs also state claims under § 1983. *See* DKT. 45. To state a claim under § 1983, "it is enough to show that the [defendant] official, acting under color of state law, caused the deprivation of a federal right." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, a plaintiff states a claim against an individual state official when she pleads he or she had "personal involvement in the alleged wrongs" through "actual knowledge and acquiescence" to them. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A plaintiff may plead municipal liability by alleging a municipal "failure or inadequacy amounting to deliberate indifference" that exposed her to a constitutional violation. *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

**A.  *The Amended Complaint Adequately Pleads an Equal Protection Violation***

As this Court noted in its prior order, "a municipality may be held liable [under § 1983] based upon a showing that it was aware of similar conduct in the past but failed to take action to prevent future violations." *Nied ex rel. Doe v. Riverside Sch. Dist.*, No. 3:23-CV-1118, 2024 WL 1604646, at *2 (M.D. Pa. Apr. 12, 2024). The same is true of individual defendants: a plaintiff states an Equal Protection claim under § 1983 when she pleads that a state official knew about sexual harassment and acquiesced to it by failing to reasonably respond to it. *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1479 (3d Cir. 1990) (holding that plaintiff stated § 1983 claim

against supervisor because he "was aware of" acts of sexual harassment but "did nothing to stop them"—because prior caselaw made clear that "tolerating . . . disparate treatment of plaintiffs in the workplace on the basis of their sex was a violation of plaintiffs' rights").

Thus, a student states a claim under the Equal Protection Clause when she pleads that a "school administrator *knew* about harassment of the plaintiff 'and acquiesced in that conduct by refusing to reasonably respond to it,'" even if the official took no affirmative action to further the harassment. *Zavada v. E. Stroudsburg Univ.*, 2023 WL 5532809, at *6 (M.D. Pa. Aug. 28, 2023) (citation omitted); *accord L.S. ex rel. D.S. v. Hanover Sch. Area Sch. Dist., et al.*, No. 3:22CV234, 2024 WL 2393038, at *19 (M.D. Pa. May 23, 2024) (holding that student stated claim that school district and superintendent violated the Equal Protection Clause through deliberate indifference to student-on-student sexual harassment); *Swisher v. Jersey Shore Area Sch. Dist.*, 2023 WL 6543097, at *5 (M.D. Pa. Oct. 6, 2023) (same) *(emphasis added)*.

Every circuit to address this question agrees. *See Feminist Majority Found. v. Hurley*, 911 F.3d 674, 702-03 (4th Cir. 2018) (holding that the Equal Protection Clause "protects students from a school administrator's deliberate indifference that allows such harassment to occur and persist"); *Hill v. Cundiff*, 797 F.3d 948, 978 (11th Cir. 2015) ("[A] governmental official . . . may be held liable under section 1983 upon a showing of deliberate indifference to known [student-on-student] sexual harassment."); *Stiles ex rel. D.S. v. Grainger Cnty.*, 819 F.3d 834, 851–52 (6th Cir. 2016) ("The Sixth Circuit recognizes . . . an equal protection violation based on . . . deliberate indifference to discriminatory peer harassment."); *DiStiso v. Cook*, 691 F.3d 226, 241-45 (2d Cir. 2012) (holding that equal protection claim survived summary judgment based on

9

evidence that school officials failed to adequately respond to student-on-student harassment);
*Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1135-36 (9th Cir. 2003) ("We agree with
the other circuits that have considered similar issues that the plaintiffs must show either that the
defendants intentionally discriminated or acted with deliberate indifference."); *Murrell v. Sch.
Dist. No. 1*, 186 F.3d 1238, 1250 (10th Cir. 1999) (holding that student stated an equal protection
claim based on allegations "that the principal and the teachers knew about [student-on-student
harassment] and acquiesced in that conduct by refusing to reasonably respond to it"); *Nabozny v.
Podlesny*, 92 F.3d 446, 454-55 (7th Cir. 1996) (holding that plaintiff could state equal protection
claim if she pled school officials showed "deliberate indifference" to sex-based harassment).

Here, the Amended Complaint "alleg[es] that the District was aware of . . . prior
harassment of the plaintiff by A.P. and that it failed to act." *Nied*, 2024 WL 1604646, at *2. It
pleads that the police informed the Defendants of the sexual assault as early as October 7, 2021,
before A.P. and others continued to harass Doe in school, and that Plaintiff Nied was then in
"constant" communication with Defendants about the assault after that. *See* (DKT. 43 ¶¶ 39-40).
Nonetheless, even *after* receiving these reports about the assault, Defendants continued to allow
A.P. "unrestricted access" to Doe, *id.* ¶ 53, placed them in the same lunch period, *id.* ¶ 52, and
allowed A.P. and his friends to further harass Doe. *See id.* ¶¶ 55-60. And even after Plaintiff Nied
informed Defendants of this *further* harassment, they *still* failed to act, leaving Doe exposed to
her harassers and causing her attendance and grades to decline. *Id.* ¶¶ 62-64; *see also id.* ¶¶ 52-
54. *See, e.g., Moss v. Pennsylvania State Univ.*, No. 4:22-CV-00529, 2023 WL 5184976, at *8
(M.D. Pa. Aug. 11, 2023) (explaining that a school is liable when its "indifference [to sex-based

harassment] left [the plaintiff] more vulnerable to harassment" thereby harmed her education, even if she did not actually experience further harassment).

To state an Equal Protection claim, the plaintiff need not plead that the defendant took affirmative actions to further the discrimination. The Third Circuit has held that "failures to act cannot form the basis of a § 1983 claim" only in cases that alleged different, "state-created danger" claims pressed under the substantive Due Process Clause. *See Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 433 & n. 11 (3d Cir. 2006) (considering a "state-created danger" claim under *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 198-200 (1989)); *D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1375 (3d Cir. 1992) (same); *G.S. v. Penn-Trafford Sch. Dist.*, 813 F. App'x 799, 802 (3d Cir. 2020) (same). In *DeShaney*, the Supreme Court ruled that the Due Process Clause does not give a state a general obligation to protect citizens from danger "it played no part in creating." 489 U.S. at 196-201. "But the Court's reasoning in *DeShaney* is inapplicable to . . . equal protection arguments." *Nabozny*, 92 F.3d at 456; *see, e.g., Swisher*, 2023 WL 6543097, at *5 (holding that cases requiring affirmative acts "are inapposite because they concern violations of the Due Process Clause, not the Equal Protection Clause"). As the Supreme Court made clear in *DeShaney* itself, a state actor's discriminatory failure to protect someone still violates the Equal Protection Clause. *See* 489 U.S. at 197 n. 3 ("The State may not . . . selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause.").[1]

_____

[1] And in fact, the Third Circuit has since clarified that deliberate indifference to a private actor's conduct may violate the Due Process Clause as well. For example, "a corrections officer who witnesses but fails to intervene in the beating of an inmate by other officers is culpable if the officer had a 'reasonable opportunity' to intervene but refused to do so." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 587 (3d Cir. 2004). In *A.M.*, therefore, state child care

The Federal Courts have routinely held that Section 1983 liability of public officials for deliberate indifference to sexual harassment by their subordinates extends to principals and teachers who knew of sexual harassment by a student and acquiesce in that conduct by refusing to reasonably respond to it. See *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1135-3 (9th Cir. 2003); See also *Murrell v. Sch. Dist. No. 1*, Denver, Co., 189 F.3d 1238, 1249 (10th Cir. 1999); *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1495-96, 1508 (11th Cir. 1995). These holdings make sense. The State has a substantial, compelling and important interest in protecting our children. *United States v. Stevens*, 559 U.S. 460 471 (2010). In addition to law, it is a matter of public policy to hold our public school officials, such as the Defendants, accountable in cases such as Plaintiff Doe's.

Even so, the Amended Complaint sufficiently pleads that Defendants took affirmative actions that contributed to the hostile environment Plaintiff Doe faced. First, it alleges that when Plaintiffs complained about the harassment, rather than taking action to stop it, Defendants encouraged her to switch school districts. *See* DKT. 43 ¶¶ 62, 69; DKT. 45 at 6 (noting that "suggesting that the student-victim of the harassment switch schools after being informed of the harassment" constituted affirmative action). Second, it alleges that Defendants placed Plaintiff Doe in the same lunch period as her assailant (A.P.) and place Plaintiff Doe in a class taught by A.P.'s coach and family friend, who ridiculed Doe and called "stupid" in front of her peers. DKT. 43 ¶¶ 43, 50, 52, 69. Third, it alleges that Defendants routinely violated Plaintiff Doe's 504

---

workers violated the Due Process Clause because they "were deliberately indifferent to a substantial risk of harm to A.M." posed by other children "and did nothing to prevent it." *Id.*

Service Agreement which provided Plaintiff Doe with extended time on tests and study materials due to her disabilities. *Id.* ¶ 49. Therefore, the Plaintiffs have sufficiently stated affirmative actions taken by the Moving Defendants to establish Section 1983 liability.

**B.  *The Amended Complaint Adequately Pleads Municipal Liability***

"[E]ven one decision by a school superintendent, if s/he [is] a final policymaker, would render his or her decision district policy" that creates municipal liability under § 1983. *McGreevy v. Stroup*, 413 F.3d 359, 368 (3d Cir. 2005); *see also Pembaur v. Cit of Cincinnati*, 475 U.S. 469, 483 (1986) (holding that a "single decision" by a policymaker may create municipal liability).

Here, as stated in Plaintiff's Amended Complaint, the District's policies designated Superintendent Defendant Brennan as "the District's Title IX Coordinator" and "authorized" him "to make policy for the District with respect to preventing and responding to student-on-student sexual harassment." DKT. No. 45 at ¶ 13. He was responsible for designing "adequate nondiscrimination procedures" for the District and for deciding "whether an investigation should be conducted in any given case, among other things." *Id.* Moreover, as the Third Circuit has held, Pennsylvania superintendents have final policymaking authority "over student suspensions." *G.S. v. Penn-Trafford Sch. Dist.*, No. 20-3281, 2023 WL 4486667, at *3 (3d Cir. July 12, 2023). Thus, the Amended Complaint adequately pleads that Superintendent Brennan was a final policymaker with respect to the challenge conduct alleged in this case—failing to adequately respond to Plaintiffs' reports of sexual assault and harassment by another student.

Accordingly, Plaintiffs state a plausible claim against the District by articulating particularized facts that its final policymaker with respect to sexual harassment prevention and

response knew of A.P.'s sexual assault and harassment toward Plaintiff Doe but was deliberately indifferent to it. *See*, *e.g.*, *L.S.*, 2024 WL 2393038, at *19 (holding that the school district, through its superintendent, violated the Equal Protection Clause through deliberate indifference to a single incident of student-on-student sexual assault); *B.W. v. Career Tech. Ctr. of Lackawanna Cnty.*, 422 F. Supp. 3d 859, 893 (M.D. Pa. 2019) (holding that students stated a §1983 claim because the school allegedly received and failed to respond to prior reports of sexual harassment by the same teacher who harassed them); *C.K. v. Wrye*, No. 4:15-CV-00280, 2015 WL 5099308, at *5 (M.D. Pa. Aug. 31, 2015) (holding that student stated a § 1983 claim because he alleged that a policymaker had "actual knowledge of the sexual abuse and failed to do anything about it").

Contrary to these authorities, the District incorrectly suggests that Superintendent Brennan could not be a final policymaker in this matter because Pennsylvania superintendents lack the unreviewable authority to expel students. *See* DKT No. 49 at 10. But Plaintiffs do not merely allege that the District was liable because it failed to *expel* A.P., but because it failed to take *any* adequate measures to respond to the harassment. Superintendent Brennan could have responded, for example, by investigating the incident, separating the victim from the perpetrator, providing other supportive measures, or imposing less drastic discipline such as a suspension. *See G.S.*, 2023 WL 4486667, at *3 (holding that Pennsylvania superintendents are final policymakers with respect to suspensions). Because he did none of those things, the District is liable under § 1983.

### 3.  In the Alternative: Leave to Amend

In the alternative, and without waiving the arguments set forth above, should this Honorable Court be inclined to grant the Moving Defendants' Motion to Dismiss, or a portion thereof, it is respectfully submitted that the Plaintiffs should be afforded the opportunity to cure any such pleading defect via the filing of a Second-Amended Complaint.

Generally, leave to amend a complaint should be freely given in the absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 183, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Thus, leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Although the decision to grant or deny leave to amend a complaint is committed to the sound discretion of the district court, leave should, consistent with the command of Rule 12(a), be liberally granted. *Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990).

The Moving Defendants assert, albeit incorrectly, that Plaintiffs should not be afforded leave to amend where the Plaintiffs have had previous opportunities to amend. DKT. No. 49. However, the Plaintiffs have previously requested leave to amend their pleading only once in this matter pursuant to this Honorable Court's Orders regarding the Defendants' Motions to Dismiss, the Plaintiffs' Motion for Reconsideration and the Plaintiffs' Motion for Clarification.

Additionally, the Moving Defendants have failed to show any prejudice that would result in the Plaintiffs' request for leave to file a Second-Amended Complaint, should same become necessary.

As such, should this Honorable Court be inclined to grant the Moving Defendants' Motion, and dismiss the Plaintiffs' Amended Complaint, or a portion thereof, it is respectfully submitted that this Honorable Court should grant the Plaintiffs' leave to file a Second-Amended Complaint to cure any such defect.

## CONCLUSION

For the foregoing reasons, the Moving Defendants' Motion to Dismiss Plaintiffs' Amended Complaint should be denied.

Respectfully Submitted,

**ROTHENBERG & CAMPBELL**

BY: _____
Dave W. Rothenberg, Esq.
Attorney ID No.: 326483
345 Wyoming Avenue, Ste. 210
Scranton, Pennsylvania 18503
*Attorney for the Plaintiffs.*

16

## CERTIFICATION OF WORD COUNT
## <u>PURSUANT TO LOCAL RULE 7.8(b)(2)</u>

Pursuant to Local Rule 7.8(b)(2) for the Middle District of Pennsylvania, I hereby certify that the foregoing Plaintiffs' Brief in Opposition to Defendants' 12(b) Motion To Dismiss complies with the word count limitations of this Honorable Court and does not exceed 5,000 words. The instant Certification is reliant upon the word-processing system used to prepare the Plaintiffs' Brief.

The foregoing Plaintiffs' Brief in Opposition contains 4,376 words.

ROTHENBERG & CAMPBELL

BY: _____

Dave W. Rothenberg, Esquire
Attorney I.D. No.: 326483
345 Wyoming Ave., Ste. 210
Scranton, Pennsylvania 18503
P: (570) 207-2889
Email: HRLaw06@gmail.com
*Attorney for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Dave W. Rothenberg, Esquire, attorney for the Plaintiffs, Jane Doe, a minor, by her mother and natural guardian, Jennifer Nied, and Jennifer Nied, individually, do hereby certify that on the date appearing below I caused a true and correct copy of the foregoing *Plaintiffs' Brief In Opposition to Defendants' 12(b) Motion to Dismiss* to be served upon the following individuals via electronic case filing and/or electronic mail to the addresses as follows:

William J. McPartland, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
P.O. Box 3118
Scranton, Pennsylvania 18505-3118
WJMcPartland@mdwcg.com

Frank Santomauro, Esquire
Law Offices of Frank Santomauro
142 South Main Avenue
Scranton, Pennsylvania 18504
Frank@fjsantolaw.com

Rachel Insalaco, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
50 Glenmaura National Boulevard
Moosic, Pennsylvania 18507
rrinsalaco@mdwcg.com

ROTHENBERG & CAMPBELL

BY: _____
Dave W. Rothenberg, Esquire
Attorney I.D. No.: 326483
345 Wyoming Ave., Ste. 210
Scranton, Pennsylvania 18503
P: (570) 207-2889
Email: HRLaw06@gmail.com
*Attorney for the Plaintiffs*