IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, a minor, by her mother and natural guardian, Jennifer Nied, and JENNIFER NIED, individually, | : : : : | Civil No. 3:23-CV-01118 |
| Plaintiffs, | : : : | |
| v. | : : : | (Magistrate Judge Bloom) |
| RIVERSIDE SCHOOL DISTRICT, d/b/a Riverside Junior/Senior High School, et al., | : : : : : | |
| Defendants | : | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST-AMENDED COMPLAINT AGAINST BRYAN PICA & NICOLE PICA PURSUANT TO F.R.C.P. 12(b)(6) OR FOR A MORE DEFINITE STATEMENT PURSUANT TO F.R.C.P. 12(e)**

AND NOW, come the Co-Defendants, Bryan Pica and Nicole Pica, as the Parents and Natural Guardians of A.P., a minor, (**"Parent Defendants"**), by and through their counsel, the Law Offices of Frank J. Santomauro, LLC, Frank J. Santomauro, Esquire, and submit the above-titled Brief in Support as follows.

I. **PROCEDURAL AND FACTUAL HISTORY:**

The Plaintiffs' Complaint, filed on July 5, 2023 and docketed to the above case number, asserted two counts against the Parent Defendants, Count 9, Negligence Per Se, based upon 24 P.S. § 13-1318.1 (**"Act 110"**), and Count 10,

1

Negligence, again based upon Act 110 and also upon a theory of vicarious parental liability for alleged acts of A.P. while on the property and under the supervision of the Riverside School District.

Upon Parent Defendants' Motion, by Order and Memorandum Opinion dated December 18, 2023, this Honorable Court (i) dismissed Plaintiffs' Negligence Per Se count and Negligence count, insofar as dependent upon Act 110, with prejudice; and (ii) dismissed Plaintiffs' Negligence count for failure to allege facts sufficient to state a claim for vicarious parental liability, without prejudice.

On May 3, 2024, Plaintiffs filed a First-Amended Complaint alleging Count III, Negligence, against Parent Defendants based, again, on a theory of vicarious parental liability while alleging no actual facts in addition to those alleged in the original Complaint, which this Court has already found insufficient. On June 6, 2024, by leave of this Court, Parent Defendants filed a Motion to Dismiss the Plaintiffs' First-Amended Complaint Against Bryan Pica & Nicole Pica Pursuant to F.R.C.P. 12(b)(6) or For a More Definite Statement Pursuant to F.R.C.P. 12(e).

As stated herein, for the same reasons this Court dismissed Plaintiffs' claim for Negligence made in their original Complaint, Count III, Negligence, of Plaintiffs' First-Amended Complaint against Parent Defendants' fails to state a claim for vicarious parental liability for which relief may be granted and should be dismissed with prejudice.

## II. QUESTION PRESENTED:

**SHOULD PLAINTIFFS' CLAIMS BASED ON VICARIOUS PARENTAL LIABILITY FOR THE ACTS OF A.P. BE DISMISSED?**

**Suggested Answer: IN THE AFFIRMATIVE**

## III. STANDARD OF REVIEW:

In order to survive a motion to dismiss, a civil complaint must set out "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UpMC Shadyside,* 578 F.3d 203, 210 (3rd Cir. 2009). In considering a motion to dismiss, the court "must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* However, this requires a plaintiff to plead more than the mere possibility of relief and "conclusory or "bare bones" allegations do not satisfy this standard; rather, the complaint must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id. (citing Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). If the well-pleaded facts "do not infer more than the mere possibility of misconduct," the plaintiff has not shown entitlement to relief and the claim should be dismissed. *Id.* at 211 (citing *Iqbal,* 129 S. Ct. at 1949).

## IV. LAW AND ARGUMENT:

Plaintiffs' claim of Negligence against Parent Defendants for the alleged acts of A.P. while under the supervision of Riverside School District are based upon a theory of vicarious parental liability for the tortious acts of their children. This claim must fail for two reasons.

First, in order for vicarious parental liability to attach, the alleged acts of A.P. while under the supervision of the Riverside School District must themselves state a claim for which relief can be granted under Pennsylvania law. Plaintiffs do not offer any legal theory whatsoever under which A.P.'s alleged conduct is actionable under Pennsylvania law.

Second, even if Plaintiffs did sufficiently allege actionable conduct on the part of A.P., they must also allege facts sufficient to support the elements of vicarious parental liability, including Parent Defendants' knowledge of tortious conduct by A.P. and also their opportunity and ability to control A.P.'s conduct while under supervision of the Riverside School District.

Plaintiffs' First-Amended Complaint fails to allege facts sufficient to support any actionable claim arising from A.P.'s alleged conduct and fails to allege facts sufficient to state a claim for relief for vicarious parental liability under Pennsylvania law and must be dismissed.

### A. Plaintiffs allegations of A.P.'s conduct fail to satisfy the elements of any recognized cause of action.

As with Plaintiffs' original Complaint, Parent Defendants are again left to guess what actionable tort Plaintiffs are alleging A.P. committed in their First-Amended Complaint. As a matter of law, Plaintiffs continue to fail to allege facts sufficient to support a claim for Intentional Infliction of Emotional Distress (**"IIED"**)[1] or Negligent Infliction of Emotional Distress (**"NIED"**).[2] Moreover,

---

[1] The Pennsylvania Supreme Court , has stressed the extremely narrow scope of the same, explaining:

> "[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Described another way, "[i]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by `malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." Restatement (Second) of Torts §46, comment d.

*Reardon v. Allegheny College,* 926 A.2d 477, 488 (Pa.Super. 2007) (citing *Hoy v. Angelone,* 554 Pa. 134, 151, 720 A.2d 745, 754 (1998).

    The elements of IIED pursuant to Pennsylvania law are so demanding and infrequently satisfied that the Honorable Judge Gerald A. McHugh of the Federal District Court in the Eastern District of Pennsylvania has described IIED in Pennsylvania as a "hypothetical tort." *Kelly v. Jones*, 148 F. Supp. 3d 395, 405, fn. 2 (E.D. Pa. 2015). The Pennsylvania Supreme Court has stated "Cases which have found a sufficient basis for a cause of action of intentional infliction of emotional distress have had presented only the most egregious conduct" and gives as an example the case of *Papieves v. Lawrence,* 437 Pa. 373, 263 A.2d 118 (1970), in which the defendant struck and killed the plaintiff's son with his vehicle, failed to report the same to authorities and buried the body in a field where it remained undiscovered for two months. *Hoy v. Angelone,* 554 Pa. 134, 151-152, 720 A.2d 745 (1998).

[2] To recover for Negligent Infliction of Emotional Distress in Pennsylvania, the Plaintiff must prove one of four elements:

Pennsylvania does not recognize the tort of Harassment. In the absence of allegations supporting any recognized claim of tortious conduct on the part of A.P. in the first instance, Plaintiffs' claim in Negligence should be dismissed with prejudice. Should this Court determine that dismissal is not warranted, Defendant Parents request that Plaintiffs be ordered to provide a more definite statement of the particular tort claimed and the facts which satisfy the elements of the same.

**B.     Even if A.P.'s actions were actionable in tort, Plaintiffs fail to plead sufficient facts to state a claim for vicarious parental liability under Pennsylvania law.**

Regarding the supervisory responsibilities of a parent, Pennsylvania Courts have adopted the Restatement (Second) of Torts, Section 316, which provides:

> A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent
>
> (a) knows or has reason to know that he has the ability to control his child, and

---

(1) that the Defendant had a contractual or fiduciary duty toward him (special relationship exception to the physical impact rule);

(2) that Plaintiff suffered a physical impact;

(3) that Plaintiff was in a "zone of danger" and at risk of an immediate physical injury; or

(4) that Plaintiff had a contemporaneous perception of tortious injury to a close relative.

Plaintiffs allege no special relationship owing to them from A.P. or Parent Defendants because, indeed, there is none. Plaintiffs allege no physical impact. This eliminates elements one and two. With no physical impact, Plaintiffs also fail to allege elements three or four. Accordingly, Plaintiffs state no claim for NIED upon which relief may be granted.

6

(b) knows or should know of the necessity and opportunity for exercising such control.

RESTATEMENT (SECOND) OF TORTS § 316; *see J.H. ex rel. Hoffman v. Pellak,* 764 A.2d 64, 66 (Pa. Super. Ct. 2000) (stating that Pennsylvania has adopted Section 316); *K.H. v. J.R.,* 573 Pa. 481, 826 A.2d 863, 873 (2003) (quoting Section 316 with approval at 966).

Ordinarily, "[t]he mere relation of parent and child imposes no liability upon the parent for the torts of the child." *J.H. ex rel. Hoffman v. Pellak,* 764 A.2d 64, 66 (Pa.Super. 2000). Parents may be liable ... where negligence on the part of the parents makes the injury possible." *J.H.,* 764 A.2d at 66. "The necessary elements center on (1) *notice* of a specific type of harmful conduct and (2) an *ability* to interfere at the relevant time. *Keener v. Hribal*, 351 F. Supp. 3d 956 (W.D. Pa. 2018).

In the instant case, even if Plaintiffs had stated a cognizable claim for a tortious act on the part of A.P., Plaintiffs plead insufficient facts to enable this Honorable Court to conclude that Plaintiffs have stated a claim for vicarious parental liability exists pursuant to the above-cited Pennsylvania law.

First, in order for vicarious liability to attach, Plaintiffs must allege facts showing that Parent Defendants had notice of A.P.'s alleged conduct while under the supervision of Riverside School District during the 2022 school year upon which their claim is based. In dismissing Plaintiffs' Negligence claim in its original Complaint with leave to amend in its December 18, 2023 Order and Memorandum

Opinion, this Court noted that Plaintiffs failed to allege that they had provided any notice to Parent Defendants personally or that Parent Defendants were present at the February meeting that Plaintiffs had at Riverside High School with school employees, alleging merely that Parent Defendants "knew or should have known."

In response, Plaintiffs have alleged in their Amended Complaint that Parent Defendants had notice "when they were informed of A.P.'s ongoing conduct against Plaintiff Doe by the Luzerne County Juvenile Probation Department (**"Juvenile Probation**,") (see paragraph 120 of Plaintiffs' First-Amended Complaint), without ever having alleged in the first place or provided any evidence or information whatsoever to support that Parent Defendants were notified by Juvenile Probation of any ongoing conduct by A.P. while at school at all. Plaintiffs state no factual basis for this assertion, no name, no form of notice, no date and no specificity on the content of the alleged notice at all.

This is a bare allegation, rather than a well-pleaded fact, which simply leaves Parent Defendants and this Court to wonder what factual basis Plaintiffs possibly have to allege such notice by Juvenile Probation when they are unable to provide a copy of the same or one single detail in support of the fact of the alleged notice. One cannot even tell if Plaintiffs are referring to the information received by Parent Defendants at and up to the conclusion of the Juvenile Adjudication or the events alleged to have occurred during the next school year upon which Plaintiffs claims in

their original and First-Amended Complaint are based. If this Court does not dismiss Plaintiffs' Negligence claim with prejudice, Parent Defendants and this Court are entitled to a more definite statement of fact in support of this allegation.

Similarly, in paragraph 121 of their First-Amended Complaint, Plaintiffs allege that, "upon information and belief, the Defendant District, by and through its agents, servants, workmen, administration and/or employees, notified the Pica Defendants that A.P. was engaging in sexual harassment of Plaintiff Doe, including but not limited to, by walking towards her in the hallway while mockingly stating aloud "please move, please move, someone fucking kill me."

Plaintiffs state no factual basis for this assertion of actual notice, no name of any specific person alleged to have given the notice, no form of the notice, no date and no specification of the content of the alleged notice other than the alleged hallway statement by A.P. to "move." Plaintiffs state that they make this allegation based on "information and belief." "Belief" being irrelevant, if Plaintiffs are in possession of the claimed "information" to support the allegation made, it is not to be found in their First-Amended Complaint. If this Court does not dismiss Plaintiffs' Negligence claim with prejudice, Parents are entitled to a more definite statement of fact in regard to the alleged "information" they claim supports their accusation.

Second, since the alleged conduct occurred exclusively on the property and under the supervision of the Riverside School District, Plaintiffs must allege facts

sufficient to support a reasonable inference that Parent Defendants had the ability and opportunity to control the actions of A.P. while at school. *Dorely v. South Fayette Tp. School Dist.,* 129 F. Supp. 3d 220, 248 (W.D. Pa. 2015).

Plaintiffs First-Amended Complaint offers nothing more in the way of factual allegations that Parent Defendants had any ability or opportunity (or any reason) to control the actions of A.P. while under the supervision of the Riverside School District than did their original Complaint. Accordingly, Plaintiffs' Count III for Negligence in their First-Amended Complaint against Parent Defendants must again be dismissed for the same failure. However, should this Court decline to dismiss Plaintiffs Negligence claim against Parent Defendants, they are entitled to a more definite statement of facts so that they may have reasonable opportunity to answer the Plaintiffs' allegations.

Finally, Parent Defendants note the scandalous, hurtful, harmful and completely unsupported nature of Plaintiffs' vilifications of A.P., also a minor, throughout this litigation, calling him, for example, an individual with "known dangerous propensities" and "known dangerous sexually violent and/or degrading tendencies," etc.[3] A.P. and Parent Defendants have at all times material hereto acted in accordance with any and all requirements and instructions imposed by law enforcement, the Courts, Juvenile Probation and the Riverside School District and

---

[3] See, e.g., paragraph 125 of Plaintiffs' First-Amended Complaint.

there is no allegation otherwise. Based on the Juvenile Adjudication, none of the foregoing authorities found it inappropriate for A.P. to attend public school in the Riverside School District. In any context other than pleadings in a legal proceeding to which judicial immunity attaches by law, the publication by Plaintiffs of their improper, untrue and maligning statements would constitute actionable defamation under Pennsylvania law.

## V. CONCLUSION:

For all of the forgoing reasons, Parent Defendants respectfully request that this Honorable Court dismiss the Plaintiffs' Negligence claim against them with prejudice. Further, to the extent the Plaintiffs' claim is not dismissed, Parent Defendants respectfully request that this Honorable Court order Plaintiffs to provide a more definitive statement of facts pursuant to F.R.C.P. 12(e) so that they may understand the basis of the claims against them adequately to prepare a defense.

Respectfully submitted,

_____
Law Offices of Frank J. Santomauro, LLC
Frank J. Santomauro, Esquire
142 South Main Avenue
Scranton, PA 18504
(570) 342-7787

# CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.8

This brief complies with Local Rule 7.8(b).  The brief contains 2,725 words.

Respectfully submitted,

_____
Law Offices of Frank J. Santomauro, LLC
Frank J. Santomauro, Esquire
142 South Main Avenue
Scranton, PA 18504
(570) 342-7787

# CERTIFICATE OF SERVICE

I, Frank J. Santomauro, Esquire, hereby certify that, on the 20th day of June, 2024, I served a true and correct copy of the foregoing Brief in Support of Motion to Dismiss Plaintiffs' First-Amended Complaint Against Bryan Pica & Nicole Pica Pursuant to F.R.C.P. 12(b)(6) and 12(e) via ECF upon the following:

ROTHENBERG & CAMPELL
David W. Rothenberg, Esquire
Ryan P. Campbell, Esquire
Leah K. Popple
345 Wyoming Avenue, Suite 210
Scranton, PA 18503

Marshall Dennehey
William J. McPartland, Esquire
Rachel Insalaco, Esquire
50 Glenmaura National Boulevard
Moosic, PA 18507

                                          */s/ Frank J. Santomauro*
                                          Law Offices of Frank J. Santomauro, LLC
                                          Frank J. Santomauro, Esquire
                                          Attorney for Bryan and Nicole Pica