**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JANE DOE, a minor, by her mother | : | Civil No. 3:23-CV-01118 |
| and natural guardian, Jennifer Nied, | : | |
| and JENNIFER NIED, individually, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Bloom) |
| | : | |
| RIVERSIDE SCHOOL DISTRICT, | : | |
| d/b/a Riverside Junior/Senior | : | |
| High School, et al., | : | |
| | : | |
| Defendants | : | |

**REPLY BRIEF OF BRYAN PICA & NICOLE PICA TO PLAINTIFF'S**
**BRIEF IN OPPOSITION TO MOTION TO DISMISS**
**PLAINTIFFS' FIRST-AMENDED COMPLAINT**

AND NOW, come the Co-Defendants, Bryan Pica and Nicole Pica, as the

Parents and Natural Guardians of A.P., a minor, (**"Parent Defendants"**), by and

through their counsel, the Law Offices of Frank J. Santomauro, LLC, Frank J.

Santomauro, Esquire, and submit the above-titled Brief in Support as follows.

## I.     PROCEDURAL AND FACTUAL HISTORY:

The Plaintiffs' Complaint, filed on July 5, 2023 and docketed to the above

case number, asserted two counts against the Parent Defendants, Count 9,

Negligence Per Se, based upon 24 P.S. § 13-1318.1 (**"Act 110"**), and Count 10,

Negligence, again based upon Act 110 and also upon a theory of vicarious parental

1

liability for alleged acts of A.P. while on the property and under the supervision of the Riverside School District.

Upon Parent Defendants' Motion, by Order and Memorandum Opinion dated December 18, 2023, this Honorable Court (i) dismissed Plaintiffs' Negligence Per Se count and Negligence count, insofar as dependent upon Act 110, with prejudice; and (ii) dismissed Plaintiffs' Negligence count for failure to allege facts sufficient to state a claim for vicarious parental liability, with leave to amend.

This Court did not make a determination as to whether Plaintiffs alleged conduct on the part of A.P. is sufficient to support civil liability for monetary damages under Pennsylvania law in the first instance from which parental liability for the same could derive due to negligent parental supervision.

On May 3, 2024, Plaintiffs filed a First-Amended Complaint alleging Count III, Negligence, against Parent Defendants based, again, on a theory of vicarious parental liability, while alleging no actual facts in addition to those alleged in the original Complaint which this Court has already found insufficient to support parental liability. On June 6, 2024, by leave of this Court, Parent Defendants filed a Motion to Dismiss the Plaintiffs' First-Amended Complaint Against Bryan Pica & Nicole Pica Pursuant to F.R.C.P. 12(b)(6) or For a More Definite Statement Pursuant to F.R.C.P. 12(e). On July 2, 2024, Plaintiffs filed their Brief in Opposition to Parent

Defendants' June 6, 2024 Motion.  Parent Defendants now file a Reply Brief to Plaintiffs' Brief in Opposition.

As stated herein, for the same reasons this Court dismissed Plaintiffs' claim for Negligence made in their original Complaint, Count III, Negligence, of Plaintiffs' First-Amended Complaint against Parent Defendants' fails to state a claim for vicarious parental liability for which relief may be granted and should be dismissed with prejudice.

## II.   QUESTIONS PRESENTED:

### A. MUST PLAINTIFFS SUFFICIENTLY PLEAD ACTIONABLE TORTIOUS CONDUCT ON THE PART OF A.P. TO SUFFICIENTLY STATE A CLAIM FOR THEIR   DERIVATIVE CLAIM OF VICARIOUS LIABILITY AGAINST PARENT DEFENDANTS?

**Suggested Answer:  IN THE AFFIRMATIVE**

### B. SHOULD PLAINTIFFS' CLAIMS FOR VICARIOUS PARENTAL LIABILITY FOR THE ACTS OF A.P. BE DISMISSED?

**Suggested Answer:  IN THE AFFIRMATIVE**

## III.   STANDARD OF REVIEW:

In order to survive a motion to dismiss, a civil complaint must set out "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UpMC Shadyside,* 578 F.3d 203, 210 (3rd Cir. 2009).  In considering a motion to dismiss, the court "must accept all factual allegations as true, construe the complaint

3

in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* However, this requires a plaintiff to plead more than the mere possibility of relief and "conclusory or "bare bones" allegations do not satisfy this standard; rather, the complaint must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.  (citing Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  If the well-pleaded facts "do not infer more than the mere possibility of misconduct," the plaintiff has not shown entitlement to relief and the claim should be dismissed.  *Id.* at 211 (citing *Iqbal,* 129 S. Ct. at 1949).

Further, pursuant to *Santiago v. Warminster tp.*, 629 F.3d 121 (3rd Cir. 2010) (citing *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), our Courts have found that:

> To determine the sufficiency of a complaint under the pleading regime established by those cases, a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal,* 129 S.Ct. at 1947.[7] Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id. (footnote omitted).*

*Santiago,* 629 F.3d at 130 (citing *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**IV.   <u>LAW AND ARGUMENT</u>:**

Plaintiffs' claim of Negligence against Parent Defendants for the alleged acts of A.P. while under the supervision of Riverside School District are based upon a theory of vicarious parental liability for the *tortious* acts of their children.

First, in order for vicarious parental liability to attach, the alleged acts of the child must themselves state a claim of tortious conduct for which relief could be granted against that child.  Derivative liability of a parent for the non-tortious actions of their child does not exist under Pennsylvania law.  Plaintiffs admit in their Brief in Opposition that they are not alleging any claim against A.P. based on emotional distress.  Plaintiffs fail to offer any legal theory whatsoever under which A.P.'s alleged conduct resulting in purely emotional injuries could be actionable under Pennsylvania law.

Second, even if Plaintiffs did sufficiently allege actionable conduct on the part of A.P., they must also allege facts sufficient to support the elements of vicarious parental liability, including Parent Defendants' knowledge of tortious conduct by A.P. and also their opportunity and ability to control A.P.'s conduct while under supervision of the Riverside School District.

Plaintiffs' First-Amended Complaint fails to allege facts sufficient to support any actionable claim arising from A.P.'s alleged conduct and fails to allege facts

sufficient to state a claim for relief for vicarious parental liability under Pennsylvania law and must be dismissed.

### A.    Plaintiffs allegations of A.P.'s conduct fail to satisfy the elements of any recognized cause of action that would subject him to civil liability for monetary damages.

As with Plaintiffs' original Complaint and First-Amended Complaint, Plaintiffs' Brief in Opposition still leaves Parent Defendants and this Honorable Court to guess what actionable tort or compensable injury Plaintiffs are alleging A.P. is responsible to pay in monetary civil damages under Pennsylvania law.  Plaintiffs' Brief in Opposition admits that they are not alleging that A.P.'s conduct satisfies the elements of any tort for emotional distress.

At the same time, Plaintiffs' fail to allege anything other than an emotional injury and continue to ask this court to find a cognizable cause of action against A.P. and, by proxy, against Parent Defendants, even as they refuse to make any legal argument whatsoever to support that Pennsylvania law recognizes a claim for parental liability in respect of non-tortious acts of their children.  As a matter of law, it does not.

It is axiomatic that, under Pennsylvania law, parental vicarious liability for negligent supervision can only arise in the context of civilly actionable conduct on the part of the child.  Pennsylvania Courts have stated this again and again. Ordinarily, "[t]he mere relation of parent and child imposes no liability upon the

parent for the **torts** of the child." *J.H. ex rel. Hoffman v. Pellak,* 764 A.2d 64, 66 (Pa.Super. 2000)(bold added).   If the underlying conduct of the child is not shown to be actionable and compensable under Pennsylvania law, then there is nothing for which a parent can be held liable on a derivative basis, with or without a showing of negligent supervision.

In parental liability cases, Pennsylvania Courts have uniformly referred to parental liability for the "tortious" conduct of the child and have dealt exclusively with situations where the tortious and/or physically injurious nature of a child's actions to another is so clear as to not require any analysis at all.

For example, Plaintiffs cite the decision of the Pennsylvania Supreme Court in *K.H. et al. v. J.R. and N.R.,* 826 A.2d 863 (Pa. 2003).[1]   In that case, the Pennsylvania Supreme Court stated the standard of vicarious parental liability as follows:

> Although a parent/child relationship by itself is insufficient to render the parents liable for the **tortious** acts of their children, liability may attach where the negligence of the parents makes the injury possible."

*Id.* 826 A.2d 863, 873 (bold added).

Plaintiffs in that case alleged that a fourteen year old child, N.R., was negligent in shooting their own child, thirteen, in the abdomen with a bee-bee gun (causing perforations of the liver and colon that required surgery and a three week

---

[1] See Plaintiffs' Brief in Opposition, Doc. 60, at pp. 6 - 7.

absence from school with further cosmetic surgery required to address significant resulting scars) and that N.R.'s parents were vicariously liable for N.R.'s tortious conduct due to having provided the bee-bee gun to N.R. and allegedly failing to properly supervise his use of the same. *Id.* 826 A.2d 866-867.

Similarly, in *Dorely v. South Fayette Tp. School Dist.,* 129 F. Supp. 3d 220, 248 (W.D. Pa. 2015), which this Court has already reviewed in connection with its analysis of vicarious parental liability, the Plaintiffs alleged very serious physical injuries.  Likewise, in another case cited by Plaintiffs in their Brief in Opposition (Doc. 60 at p. 7), *Kenner v. Hribal,* 351 F.Supp. 3d 956 (W.D.Pa. 2018), Plaintiffs sued the parents of a child who had "brought two kitchen knives to school and proceeded to stab 20 of his classmates in a seven-minute rampage," with the Plaintiffs' child "barely surviv[ing] his life-threatening injury."  *Id.* at 962.  There simply is no case decided under Pennsylvania law where a parent has been held vicariously liable for the acts of a child based on allegations such as those made by Plaintiffs.

Plaintiffs, in their First-Amended Complaint, allege first that A.P. was "walking towards [Plaintiff Doe] in the hallway while mocking[ly] stating aloud "please move, please move, please f*ing move, somebody f*ing kill me."[2]  Plaintiffs

---

[2] See Plaintiff's July 2, 2024 Brief in Opposition, Doc. 60, at page 7.  See also Plaintiffs' First-Amended Complaint, Doc. 45, at paragraph 60

cannot even bring themselves to state under oath that A.P. made this alleged statement *to* Plaintiff Doe rather than to any other student in the hallway at that time between classes.[3]

Second, Plaintiffs allege that A.P. and an unspecified number of additional Riverside High School students ridiculed, embarrassed and tormented Plaintiff Doe at a semi-formal high school dance by making comments within her earshot to the effect that they did not believe the accusations Plaintiff Doe had made against A.P. were truthful.[4]

As stated above, to determine the sufficiency of a complaint, **"First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."** *Ashcroft,* 129 S.Ct. at 1947. **Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."** *Id.* **Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."** *Id.*

Pursuant to the binding precedents of Pennsylvania Courts, in order to support their claim for vicarious parental liability, Plaintiffs *must* plead facts sufficient to

---

[3] See fn. 1 and Plaintiffs' First-Amended Complaint, Doc. 45, at paragraph 60, stating that between the 9th and 10th periods at school, A.P. made these statements while walking towards and/or passing by Plaintiff Doe.
[4] See Plaintiffs' First-Amended Complaint, Doc. 45, at paragraph 57.

support a cognizable cause of action based on the alleged conduct of A.P. in the first instance. As a result, pursuant to *Ashcroft*, cited above, this Court must take note and engage in an analysis of whether the elements of any tort recognized by Pennsylvania Courts are satisfied by Plaintiffs' allegations against A.P.

The verbal utterances Plaintiffs have alleged A.P. and other unnamed students made within the earshot of Plaintiff Doe in their original Complaint and First-Amended Complaint, taken as true, fail to support any cause of action which has ever, or would ever be, recognized by a Pennsylvania Court. Pursuant to the Pennsylvania and United States Supreme Court authority cited above and the analysis required thereunder, this Court must conclude that Plaintiffs have failed to sufficiently allege any tort committed by A.P. and, therefore, fail to state a cause of action for vicarious parental liability against Parent Defendants derived from A.P.'s alleged conduct for which relief may be granted.

Moreover, in their second bite at the apple, Plaintiffs fail to allege anything more in support of their claim for Negligence against Parent Defendants than they did in their original Complaint. Plaintiffs have, nonetheless, asserted that A.P. engaged in "ongoing and systemic harassment, torment, and ridicule of Plaintiff Doe."[5] Plaintiffs have alleged that A.P. was "harassing Jane Doe during school hours, was sexually harassing Jane Doe during school hours, [and] was physically

---

[5] Plaintiffs' Brief in Opposition at p. 7.

threatening Jane Doe during school hours."[6]  Yet Plaintiffs fail to allege any behavior of A.P. towards Plaintiff Doe that could possibly justify the foregoing characterizations.  If Plaintiffs are unable to assert the facts to support these outrageous accusations today, then no amount of discovery will enable them to do so.  Or, perhaps, we are to presume that Plaintiff Doe was not present when she was "tortured," "sexually harassed" and "physically threatened" by A.P. so that Plaintiffs cannot explain the basis of the accusations that they have made without additional information from some third party.  Such a proposition is utterly ridiculous.

In the absence of well pleaded facts supporting any recognized claim of tortious conduct on the part of A.P. from which the liability of Parent Defendants could derive, Plaintiffs' claim in Negligence against Parent Defendants must be dismissed with prejudice.  Should this Court determine that dismissal is not warranted, Defendant Parents request that Plaintiffs be ordered to provide a more definite statement of the particular tort they claim A.P. committed and a sufficient statement of the facts which satisfy the elements of the same.

**B.    Even if A.P.'s alleged actions were found to be actionable in tort, Plaintiffs continue to fail to plead sufficient facts to state a claim for vicarious parental liability under Pennsylvania law.**

Regarding the supervisory responsibilities of a parent, Pennsylvania Courts have adopted the Restatement (Second) of Torts, Section 316, which provides:

---

[6] Plaintiffs' First-Amended Complaint, Doc. 45, at p. 12-13.

A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

(a) knows or has reason to know that he has the ability to control his child, and

(b) knows or should know of the necessity and opportunity for exercising such control.

RESTATEMENT (SECOND) OF TORTS § 316; *see J.H. ex rel. Hoffman v. Pellak,* 764 A.2d 64, 66 (Pa. Super. Ct. 2000) (stating that Pennsylvania has adopted Section 316); *K.H. v. J.R.,* 573 Pa. 481, 826 A.2d 863, 873 (2003) (quoting Section 316 with approval at 966).

Parents may be liable ... where negligence on the part of the parents makes the injury possible." *J.H.,* 764 A.2d at 66.  "The necessary elements center on (1) *notice* of a specific type of harmful conduct and (2) an *ability* to interfere at the relevant time. *Keener v. Hribal*, 351 F. Supp. 3d 956 (W.D. Pa. 2018).

First, in order for vicarious liability to attach, Plaintiffs must allege facts showing that Parent Defendants had notice of A.P.'s alleged conduct while under the supervision of Riverside School District during the 2022 school year upon which their claim is based.  In dismissing Plaintiffs' Negligence claim in its original Complaint with leave to amend in its December 18, 2023 Order and Memorandum Opinion, this Court noted that Plaintiffs failed to allege that they had provided any notice to Parent Defendants personally or that Parent Defendants were present at the February meeting that Plaintiffs had at Riverside High School with school employees, alleging merely that Parent Defendants "knew or should have known."

12

In response, Plaintiffs have alleged in their Amended Complaint that Parent Defendants had notice "when they were informed of A.P.'s ongoing conduct against Plaintiff Doe by the Luzerne County Juvenile Probation Department (**"Juvenile Probation**,") (see paragraph 120 of Plaintiffs' First-Amended Complaint), without ever having alleged in the first place or provided any evidence or information whatsoever to support that Parent Defendants were notified by Juvenile Probation of any ongoing conduct by A.P. while at school at all.  Plaintiffs state no factual basis for this assertion, no name, no form of notice, no date and no specificity on the content of the alleged notice at all.

This is a bare allegation, rather than a well-pleaded fact, which simply leaves Parent Defendants and this Court to wonder what factual basis Plaintiffs possibly have to allege such notice by Juvenile Probation when they are unable to provide a copy of the same or one single detail in support of the fact of the alleged notice.  One cannot even tell if Plaintiffs are referring to the information received by Parent Defendants at and up to the conclusion  of the Juvenile Adjudication or the events alleged to have occurred during the next school year upon which Plaintiffs claims in their original and First-Amended Complaint are based.  If this Court does not dismiss Plaintiffs' Negligence claim with prejudice, Parent Defendants and this Court are entitled to a more definite statement of fact in support of this allegation.

Similarly, in paragraph 121 of their First-Amended Complaint, Plaintiffs allege that, "upon information and belief, the Defendant District, by and through its agents, servants, workmen, administration and/or employees, notified the Pica Defendants that A.P. was engaging in sexual harassment of Plaintiff Doe, including but not limited to, by walking towards her in the hallway while mockingly stating aloud "please move, please move, someone fucking kill me."

Plaintiffs state no factual basis for this assertion of actual notice, no name of any specific person alleged to have given the notice, no form of the notice, no date and no specification of the content of the alleged notice other than the alleged hallway statement by A.P. to "move."  Plaintiffs state that they make this allegation based on "information and belief."  "Belief" being irrelevant, if Plaintiffs are in possession of the claimed "information" to support the allegation made, it is not to be found in their First-Amended Complaint.  If this Court does not dismiss Plaintiffs' Negligence claim with prejudice, Parents are entitled to a more definite statement of fact in regard to the alleged "information" they claim supports their accusation.

Second, since the alleged conduct occurred exclusively on the property and under the supervision of the Riverside School District, Plaintiffs must allege facts sufficient to support a reasonable inference that Parent Defendants had the ability and opportunity to control the actions of A.P. while at school.  *Dorely v. South Fayette Tp. School Dist.,* 129 F. Supp. 3d 220, 248 (W.D. Pa. 2015).

Plaintiffs First-Amended Complaint offers nothing more in the way of factual allegations that Parent Defendants had any ability or opportunity (or any reason) to control the actions of A.P. while under the supervision of the Riverside School District than did their original Complaint.  Accordingly, Plaintiffs' Count III for Negligence in their First-Amended Complaint against Parent Defendants must again be dismissed for the same failure.  However, should this Court decline to dismiss Plaintiffs Negligence claim against Parent Defendants, they are entitled to a more definite statement of facts so that they may have reasonable opportunity to answer the Plaintiffs' allegations.

Finally, Parent Defendants note the scandalous, hurtful, harmful and completely unsupported nature of Plaintiffs' vilifications of A.P., also a minor, throughout this litigation, calling him, for example, an individual with "known dangerous propensities" and "known dangerous sexually violent and/or degrading tendencies," etc.[7]  A.P. and Parent Defendants have at all times material hereto acted in accordance with any and all requirements and instructions imposed by law enforcement, the Courts, Juvenile Probation and the Riverside School District and there is no allegation otherwise.  Based on the Juvenile Adjudication, none of the foregoing authorities found it inappropriate for A.P. to attend public school in the Riverside School District.  In any context other than pleadings in a legal proceeding

---

[7] See, e.g., paragraph 125 of Plaintiffs' First-Amended Complaint.

to which judicial immunity attaches by law, the publication by Plaintiffs of their improper, untrue and maligning statements would constitute actionable defamation under Pennsylvania law.

## V.   **CONCLUSION:**

For all of the forgoing reasons, Parent Defendants respectfully request that this Honorable Court dismiss the Plaintiffs' Negligence claim against them with prejudice.    Further, to the extent the Plaintiffs' claim is not dismissed, Parent Defendants respectfully request that this Honorable Court order Plaintiffs to provide a more definitive statement of facts pursuant to F.R.C.P. 12(e) so that they may understand the basis of the claims against them adequately to prepare a defense.

Respectfully submitted,

Law Offices of Frank J. Santomauro, LLC
Frank J. Santomauro, Esquire
142 South Main Avenue
Scranton, PA 18504
(570) 342-7787

## <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.8</u>

This brief complies with Local Rule 7.8(b).  The brief contains 3,789 words.

Respectfully submitted,

Law Offices of Frank J. Santomauro, LLC
Frank J. Santomauro, Esquire
142 South Main Avenue
Scranton, PA 18504
(570) 342-7787

## <u>CERTIFICATE OF SERVICE</u>

I, Frank J. Santomauro, Esquire, hereby certify that, on the 16th day of July, 2024, I served a true and correct copy of the foregoing Brief in Support of Motion to Dismiss Plaintiffs' First-Amended Complaint Against Bryan Pica & Nicole Pica Pursuant to F.R.C.P. 12(b)(6) and 12(e) via ECF upon the following:

ROTHENBERG & CAMPELL
David W. Rothenberg, Esquire
Ryan P. Campbell, Esquire
Leah K. Popple
345 Wyoming Avenue, Suite 210
Scranton, PA  18503

Marshall Dennehey
William J. McPartland, Esquire
Rachel Insalaco, Esquire
50 Glenmaura National Boulevard
Moosic, PA  18507

Law Offices of Frank J. Santomauro, LLC
Frank J. Santomauro, Esquire
Attorney for Bryan and Nicole Pica