N THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, a minor, by her mother and natural guardian, Jennifer Nied, and JENNIFER NIED, individually, | : | Civ. No. 3:23-CV-1118 |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | (Chief Magistrate Judge Bloom) |
| | : | |
| RIVERSIDE SCHOOL DISTRICT, d/b/a Riverside Junior/Senior High School, et al., | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I. Introduction

This case comes before us for consideration of a motion to dismiss the plaintiffs' amended complaint filed by Defendants Bryan and Nicole Pica. (Doc. 56). Jennifer Nied filed this action on behalf of herself and her daughter Jane Doe, a minor student in the Riverside School District. (Doc. 1). The complaint alleged that Jane Doe was sexually assaulted off school grounds by A.P., the Picas' minor child, and that A.P. was permitted to attend school with Jane Doe following the assault. (*Id.*). The plaintiffs asserted claims of negligence and negligence *per se* against the

Picas, alleging that they knew of their son's ongoing harassment of Jane Doe following the assault and failed to stop the behavior. (*Id.*).

The Picas filed a motion to dismiss the complaint, which we granted.[1] (Docs. 20, 38, 39). We concluded that the complaint, as pleaded, failed to state a negligence claim against the Picas because the plaintiffs had failed to assert factual allegations from which we could infer that the Picas had knowledge of their son's conduct. (Doc. 38 at 15). However, we dismissed this negligence claim without prejudice to the plaintiffs endeavoring to amend their complaint.[2] (*Id.* at 16).

The plaintiffs have since filed an amended complaint, which is currently the operative pleading. (Doc. 45). In the amended complaint, the plaintiffs contend that the Picas knew of the ongoing harassment of Jane Doe by their son following the sexual assault and failed to intervene or take any action to stop the conduct. (*Id.*). Specifically, the amended complaint asserts that the Picas were informed of A.P.'s ongoing harassment of Jane Doe by both the District and the Juvenile Probation

---

[1] The District Defendants also filed a motion to dismiss, which we addressed through a separate Memorandum Opinion and Order. (Docs. 36, 37).

[2] We dismissed the negligence *per se* claim with prejudice. (Docs. 38, 39).

Office but failed to take action to stop the behavior. (Doc. 45 ¶¶ 120-21). The amended complaint further alleges that Nicole Pica took part in the harassment when she allegedly threatened or attempted to strike Jane Doe with her car in the school parking lot. (*Id.* ¶ 122). The plaintiffs allege that the Picas had the opportunity to stop this harassment by, at a minimum, removing A.P. from the school Jane Doe also attended. (*Id.* ¶ 125).

Thus, the amended complaint asserts a claim of negligence against the Picas. (Doc. 45 ¶¶ 118-31). The Picas filed a motion to dismiss, arguing that the amended complaint fails to state a claim against them. (Doc. 56). The motion is fully briefed and ripe for resolution. (Docs. 59-61). After consideration, the defendants' motion will be denied.

## II.  Background

The factual background of this Memorandum Opinion is taken from the well-pleaded facts alleged in the plaintiffs' amended complaint (Doc. 45), which we must accept as true for purposes of the instant motion to dismiss. The minor plaintiff, Jane Doe, was enrolled as a student in the Riverside School District ("the District") at Riverside Junior/Senior High School, located in Lackawanna County, Pennsylvania. (Doc. 45 ¶ 26).

Jane Doe was a student with a disability and had a 504 Service Agreement with the District that outlined the accommodations she required. (*Id.* ¶¶ 27-28).

In January and February of 2021, Jane Doe was sexually assaulted by A.P., a minor who was also enrolled at Riverside Junior/Senior High School. (Doc. 45 ¶¶ 34-35). The assaults occurred outside of the school setting. (*Id.*). Following the assaults, the Luzerne County District Attorney's Office filed a Petition Alleging Delinquency, claiming that A.P. raped and/or sexually assaulted Jane Doe. (*Id.* ¶ 36). After a hearing, the Court adjudicated A.P. delinquent of Felony 2 Sexual Assault pursuant to 18 Pa. Cons. Stat. § 3124.1. (*Id.* ¶ 37).

The amended complaint alleges that following this adjudication, A.P. was still permitted to attend the same school as Jane Doe. (Doc. 45 ¶ 40-41). The plaintiffs assert that A.P. continued to harass Jane Doe during school hours and on school grounds. (*Id.* ¶ 47). For example, the amended complaint asserts that in January of 2022, A.P. attended the semi-formal dance, during which he sat at a table next to Jane Doe and her friends and allegedly harassed and tormented her all night, claiming she "made the whole thing up." (*Id.* ¶¶ 55, 57). Additionally, the amended

complaint alleges that while passing Jane Doe in the hallway, A.P. mockingly shouted at her. (*Id.* ¶ 60). Jennifer Nied brought these issues to the District and requested a meeting with the principals and guidance counselor. (*Id.* ¶ 61). The meeting occurred on February 23, 2022. (*Id.* ¶ 62). During the meeting, Nied was told that nothing could be done and that if Jane Doe was having issues, she could move to a different school district. (*Id.*).

The plaintiffs allege that school continued to be a threatening and hostile environment for Jane Doe due to the District's failure to protect her from A.P. (Doc. 45 ¶¶ 53-54). Additionally, the amended complaint asserts that the Picas were made aware of A.P.'s harassing behavior toward Jane Doe, both by the District and the Juvenile Probation Office, but did nothing to intervene. (*Id.* ¶¶ 120-21). Further, the plaintiffs allege that Nicole Pica encouraged and took part in the ongoing harassment when she allegedly threatened or attempted to strike Jane Doe with her car in the school's parking lot. (*Id.* ¶ 122).

The plaintiffs filed their initial complaint on July 5, 2023. (Doc. 1). After the defendants' filed motions to dismiss, which we granted in part and denied in part, the plaintiffs then filed the amended complaint. (Doc.

45). As to the Pica Defendants, the amended complaint asserts one claim of negligence, alleging that they had a duty under state law to exercise control of their minor child to prevent him from harming others. (*Id.* Count III). The Picas have now filed a motion to dismiss the claim against them. (Doc. 56).

This motion is fully briefed and ripe for resolution. (Docs. 59-61). After consideration, the motion will be denied.

III. <u>Discussion</u>

A. <u>Motion to Dismiss - Standard of Review</u>

The defendants have filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

B. **The Motion to Dismiss will be Denied.**

As we have noted, the plaintiffs assert a negligence claim against the Picas. The amended complaint alleges that the Picas, as the parents of A.P., failed to intervene in the ongoing harassment of Jane Doe when they knew it was occurring. Specifically, the plaintiffs allege that the

Picas were informed by both the District and the Juvenile Probation Office that A.P. was engaging in tormenting and harassing behavior toward Jane Doe. It is further alleged that the Picas failed to take action to stop the behavior, including removing A.P. from the school. After consideration, we conclude that the amended complaint sufficiently states a negligence claim against the Picas.

To state a negligence claim, the plaintiffs must plead facts to establish: "(1) the defendant owed the plaintiff a duty or obligation recognized by law; (2) the defendant breached that duty; (3) a causal connection existed between the defendant's conduct and the resulting injury; and (4) actual damages occurred." *Sodders v. Fry*, 32 A.3d 882, 887 (Pa. Commw. Ct. 2011). A plaintiff asserting a negligence claim must show that "such negligence is the 'proximate' or 'legal' cause of the injury." *Id.* (citations omitted).

Generally, a parent-child relationship does not automatically impose liability on the parents for the acts of the child. *Condel v. Savo*, 39 A.2d 51, 52 (Pa. 1944). However, parents may be liable if their negligence makes the alleged injury possible. *J.H. ex rel. Hoffman v.*

*Pellak*, 764 A.2d 64, 66 (Pa. Super. Ct. 2000). Pennsylvania has adopted

the Restatement (Second) of Torts, which provides that:

> A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent
>
> > (a) knows or has reason to know that he has the ability to control his child, and
> > (b) knows or should know of the necessity and opportunity for exercising such control.

Restatement (Second) of Torts 316.

Thus, "parental liability is conditioned on the parent having (1)

notice of a specific type of harmful conduct; and (2) a meaningful

opportunity to interfere with it at the relevant time." *Keener v. Hribal*,

351 F. Supp. 3d 956, 966 (W.D. Pa. 2018) (citing *J.H. ex rel. Hoffman v.

Pellak*, 764 A.2d 64, 66 (Pa. Super. Ct. 2000)).  While these elements do

not require a parent to be physically present at the time of the tort, "there

must be some 'present ability to discipline.'" *Id.* (quoting *K.H. v. J.R.*, 826

A.2d 863, 875 (Pa. 2003)).

Here, the amended complaint asserts that the Picas were made

aware of both A.P.'s sexual assault and subsequent ongoing harassment

of Jane Doe. Specifically, the plaintiffs allege the Picas "were provided

with actual notice of A.P.'s deliberate actions toward Plaintiff Doe" by Jennifer Nied at A.P.'s probation hearing, the Taylor Police Department, the Juvenile Probation Office, and the District, including the school's football coaches. (Doc. 45 ¶¶ 120-21, 130). Accordingly, the plaintiffs have sufficiently pleaded that the Picas had "notice of a specific type of harmful conduct." *Keener*, 351 F. Supp. 3d at 966.

Moreover, we conclude that the amended complaint sufficiently alleges that the Picas had the opportunity to control A.P. at the relevant time. The amended complaint asserts that the Picas, at a minimum, had the opportunity to keep A.P. out of the same school as Jane Doe once they learned of the sexual assault and the subsequent harassment. (Doc. 45 ¶ 125). The amended complaint alleges that instead of acting to prevent further harm to Jane Doe, Nicole Pica participated in further harassment when she allegedly threatened to strike Jane Doe with her car in the parking lot. (*Id.* ¶ 122). Further, the plaintiffs allege that the Picas used Bryan Pica's status as a football coach to try to conceal or cover-up A.P.'s harassment of Jane Doe. (*Id.* ¶ 123(g)).

While the defendants contend that the allegations of notice and opportunity are not specific, specific and detailed factual allegations are

11

not required at the pleading stage. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). In our view, the allegations in the amended complaint are sufficient at this stage to state a plausible claim of negligence against the Picas. *See e.g.*, *Keener*, 351 F. Supp. 3d at 966 (finding allegations that the parents had the opportunity to control their child by taking him out of school prior to the alleged harmful incident sufficient to survive a motion to dismiss).

Accordingly, because we conclude that the amended complaint adequately alleges a claim of negligence against the Picas, we will deny the motion to dismiss.[3]

---

[3] We are constrained to comment on the defendants' final paragraph of their brief, which expresses their belief that the plaintiffs have made "scandalous, hurtful, harmful, and completely unsupported . . . vilifications" of their son, A.P., which outside of a judicial pleading, they believe would constitute defamation. (Doc. 59 at 10-11; Doc. 61 at 15-16). While the defendants may disagree with the plaintiffs' characterization of their son, A.P, this action stems from A.P.'s juvenile adjudication of felony sexual assault against Jane Doe.

## IV.  Conclusion

For the foregoing reasons, the defendants' motion to dismiss (Doc. 56) will be DENIED.

An appropriate order follows.

_s/ Daryl F. Bloom_
Daryl F. Bloom
Chief United States Magistrate Judge
