IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANE DOE, a minor, by her mother : Civ. No. 3:23-CV-1118
and natural guardian, Jennifer Nied, :
and JENNIFER NIED, individually, :
                              :
   Plaintiffs, :
                              :
      v. : (Chief Magistrate Judge Bloom)
                              :
RIVERSIDE SCHOOL DISTRICT, :
d/b/a Riverside Junior/Senior :
High School, et al., :
                              :
   Defendants. :

## MEMORANDUM OPINION

### I. Introduction

This case comes before us for consideration of a motion to dismiss the plaintiffs' amended complaint filed by several defendants—Riverside School District (the "District"), Robert Presley, Christopher Lazor, and Paul Brennan. (Doc. 48). Jennifer Nied filed this action on behalf of herself and her daughter Jane Doe, a minor student in the Riverside School District. (Doc. 1). The complaint alleged that Jane Doe was sexually assaulted off school grounds by another student, A.P., who attended the same school, and that following that student's adjudication of delinquency, the school failed to expel him or otherwise keep him away

from Jane Doe. (*See generally* Doc. 1). This, in turn, allegedly led to Jane Doe's abuser harassing her during school hours and at school functions. (*Id.*).

The original complaint asserted a host of claims against the School District and the School Board, as well as Paul Brennan, the Superintendent, and Robert Presley and Christopher Lazor, both of whom served as the principal of the school at some time during the alleged events. The defendants moved to dismiss the complaint, which we granted in part. (Docs. 36, 37). Specifically, we concluded that the plaintiffs' complaint adequately pleaded a claim for discrimination against the District under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681, *et seq.*, but that the remaining claims failed as pleaded. (*Id.*). We further dismissed the claims against the School Board. (*Id.*). We permitted the plaintiffs leave to amend their complaint against the School District and the individual District defendants. (*Id.*).

The plaintiffs have now filed their amended complaint, which is currently the operative pleading. (Doc. 45). The amended complaint asserts a Title IX discrimination claim, as well as claims brought

2

pursuant to 42 U.S.C. § 1983 alleging violations of the plaintiffs' Fourteenth Amendment rights. (*Id.*). Specifically, the plaintiffs allege that the individual defendants, as well as the District, were deliberately indifferent to the harassment perpetrated against Jane Doe by A.P. They assert that this conduct violated the plaintiffs' Equal Protection and Due Process rights. The District defendants have moved to dismiss the amended complaint, arguing that the amended complaint suffers from the same flaws as the original complaint, and thus, fails to state a claim against them.[1] (Doc. 48).

The motion is fully briefed and ripe for resolution. (Docs. 49, 57, 58). After consideration, the defendants' motion will be granted in part and denied in part as set forth below.

## II.  Background

The factual background of this Memorandum Opinion is taken from the well-pleaded facts alleged in the plaintiffs' amended complaint (Doc. 45), which we must accept as true for purposes of the instant motion to dismiss. The minor plaintiff, Jane Doe, was enrolled as a student in the

---

[1] Bryan and Nicole Pica, the remaining defendants, also filed a motion to dismiss the negligence claim brought against them, which we denied on December 4, 2024. (Docs. 62, 63).

Riverside School District ("the District") at Riverside Junior/Senior High School, located in Lackawanna County, Pennsylvania. (Doc. 45 ¶ 26). Jane Doe was a student with a disability and had a 504 Service Agreement with the District that outlined the accommodations she required. (*Id.* ¶¶ 27-28).

In January and February of 2021, Jane Doe was sexually assaulted by A.P., a minor who was also enrolled at Riverside Junior/Senior High School. (Doc. 45 ¶¶ 34-35). The assaults occurred outside of the school setting. (*Id.*). Following the assaults, the Luzerne County District Attorney's Office filed a Petition Alleging Delinquency, claiming that A.P. raped and/or sexually assaulted Jane Doe. (*Id.* ¶ 36). After a hearing, the Court adjudicated A.P. delinquent of Felony 2 Sexual Assault pursuant to 18 Pa. Cons. Stat. § 3124.1. (*Id.* ¶ 37).

The amended complaint alleges that following this adjudication, A.P. was permitted to continue to attend the same school as Jane Doe. (Doc. 45 ¶ 40-41). The plaintiffs assert that A.P. continued to harass Jane Doe during school hours and on school grounds. (*Id.* ¶ 47). For example, the amended complaint asserts that in January of 2022, A.P. attended the semi-formal dance, during which he sat at a table next to Jane Doe

and her friends and allegedly harassed and tormented her all night, claiming she "made the whole thing up." (*Id.* ¶¶ 55, 57). Additionally, the amended complaint alleges that while passing Jane Doe in the hallway, A.P. mockingly shouted at her. (*Id.* ¶ 60). Jennifer Nied brought these issues to the District and requested a meeting with the principals and guidance counselor. (*Id.* ¶ 61). The meeting occurred on February 23, 2022. (*Id.* ¶ 62). During the meeting, Nied was told that nothing could be done and that if Jane Doe was having issues, she could move to a different school district. (*Id.*).

The plaintiffs allege that school continued to be a threatening and hostile environment for Jane Doe due to the District's failure to protect her from A.P. (Doc. 45 ¶¶ 53-54). The plaintiffs assert that the individual defendants, and specifically Superintendent Brennan, were made aware of these instances of harassment and torment because Jennifer Nied corresponded with him directly. (*Id.* ¶ 40). The amended complaint further asserts that Jennifer Nied specifically informed Defendants Lazor and Presley of several incidents, including Jane Doe being ridiculed in front of her class by a teacher alleged to be a friend of the Pica defendants, as well as threats made to Jane Doe's friends regarding

removal from the football team after they spoke up on her behalf. (*Id.* ¶¶ 43-44).

The plaintiffs filed their initial complaint on July 5, 2023. (Doc. 1). After the defendants' filed a motion to dismiss, which we granted in part and denied in part, the plaintiffs then filed the amended complaint. (Doc. 45). As to the District defendants, the plaintiffs assert a Title IX discrimination claim, as well as Equal Protection and Due Process claims under § 1983. (*Id.*). The defendants have now moved to dismiss the amended complaint. (Doc 48).

This motion is fully briefed and ripe for resolution. (Docs. 49, 57, 58). After consideration, the motion will be granted as to the Due Process claim and denied in all other respects.

## III.   Discussion

### A. Motion to Dismiss - Standard of Review

The defendants have filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint

has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

## B. The Motion will be Granted in Part and Denied in Part.

As we have noted, the defendants have moved to dismiss all the claims against them, arguing that the plaintiffs have failed to state a claim upon which relief can be granted. As we will discuss below, we find that the plaintiffs have adequately pleaded a discrimination claim under Title IX. Additionally, we conclude that the plaintiffs have adequately stated an Equal Protection claim against the defendants, both against the individual defendants and the District under *Monell*. However, because the plaintiffs have failed to address the defendants' arguments regarding the Due Process claim, this claim will be dismissed.

### 1. Title IX

The plaintiffs assert a claim against the District under Title IX, alleging that the District discriminated against Jane Doe. The amended complaint alleges that Jane Doe was subjected to a hostile educational environment when the District was aware of and permitted sexual harassment against her by her abuser, A.P. The defendants challenged this claim in their initial motion to dismiss, and we found that the complaint adequately stated a claim for discrimination under Title IX. (Doc. 36 at 11-15). After a review of the amended complaint, we conclude

9

that the allegations are sufficient to state a Title IX discrimination claim against the District.

Title IX prohibits entities receiving federal financial assistance from discriminating against, excluding, or denying benefits of an educational program or activity to individuals on the basis of sex. 20 U.S.C. § 1681(a). Under Title IX, the School District may be liable for student-on-student sexual harassment if the District (1) had "substantial control over both the harasser and the context in which the harassment occurred"; (2) "had 'actual knowledge' of the harassment"; (3) "was 'deliberately indifferent' to the harassment"; and (4) the harassment was so severe or pervasive that it effectively deprived the victim of access to educational benefits and opportunities provided by the school. *Lockhart v. Willingboro High School*, 170 F. Supp. 3d 722, 736 (D.N.J. 2015) (quoting *Davis v. Monroe Cnty. Bd. of Education*, 526 U.S. 629, 645, 650 (1999)).

At the outset, it is undisputed that the District receives federal funds as required under § 1681. Further, the plaintiffs have pleaded that Jane Doe was subjected to sexual harassment. *See Goodwin v. Pennridge Sch. Dist.*, 389 F. Supp. 3d 304, 314 (E.D. Pa. 2019) (citing *C.S. v.*

*Southern Columbia Sch. Dist.*, 2013 WL 2371413, at *9 (M.D. Pa. May 21, 2013)) ("When a sexual assault triggers a course of harassment, the total course of events can be considered sexual harassment."). Accordingly, we conclude that the amended complaint sufficiently alleges that Jane Doe was subjected to sexual harassment.

We further conclude that the amended complaint adequately pleads that the District had knowledge of the harassment, had control over the harasser and the context in which the harassment occurred, and was deliberately indifferent to the harassment. Here, the plaintiffs allege that the District was informed by Jennifer Nied, as well as by A.P.'s juvenile probation officer, that A.P. was adjudicated delinquent of sexually assaulting Jane Doe. It is further alleged that A.P. harassed Jane Doe during school hours and at a school dance, and that Jennifer Nied informed the District of this harassment during a meeting with the principals and guidance counselor. The amended complaint asserts that even after the District was informed of the harassment, the District did nothing to prevent A.P. from further harassing Jane Doe; in fact, it is alleged that Jane Doe and A.P. were placed in the same lunch period, that Jane Doe was placed in a class taught by a friend of the Pica

defendants who ridiculed her in front of her peers, that A.P.'s picture was placed on a banner on her route to school, and that her friends were threatened with removal from the football team after they spoke up on her behalf.

The District argues that the plaintiffs have not alleged sufficient facts to establish that Jane Doe was deprived of educational benefits and opportunities. However, as we concluded with respect to the original complaint, in our view, the plaintiffs have sufficiently alleged facts to satisfy this element. Like the original complaint, the amended complaint asserts that, in addition to the physical and emotional harm Jane Doe suffered, she also suffered a decline in her grades and an increase in absences from school due to A.P.'s continued harassment and the District's failure to stop it. She further alleges that the District denied her request to transfer out of a class taught by a teacher who was hostile toward her. While a decline in grades, by itself, is not sufficient to prove a denial of educational opportunities, *Davis*, 526 U.S. at 652, in our view, the allegations taken together are sufficient at this stage to show that Jane Doe was denied educational benefits or opportunities. Accordingly, we find that the allegations in the amended complaint are sufficient to

state a claim for Title IX discrimination against the District, and this claim will proceed forward.

### 2. Section 1983 Claims

The plaintiffs also assert several claims against the District and the individual defendants pursuant to § 1983, alleging violations of their Fourteenth Amendment rights. Specifically, the plaintiffs assert an Equal Protection Claim, as well as a *Monell* claim against the District, and a Due Process claim. We will discuss each of these claims in turn.

### a. Equal Protection

The plaintiffs contend that the defendants' failure to respond to the ongoing harassment and torment of Jane Doe amounted to deliberate indifference and intentional discrimination in violation of the Equal Protection clause of the Fourteenth Amendment. The plaintiffs assert this claim pursuant to 42 U.S.C. § 1983.

> Section 1983 provides, in pertinent part, as follows:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*See* 42 U.S.C. § 1983.  Therefore, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *See Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *See id.* (citation omitted).

The Fourteenth Amendment provides that no state may "deny to any person within its jurisdiction equal protection of the laws." U.S. Const. amend. XIV § 1. A plaintiff alleging an Equal Protection claim based on student-on-student harassment "must allege that she 'was subjected to the discriminatory peer harassment.'" *Zavada v. East Stroudsburg Univ.*, 2024 WL 4311492, at *9 (M.D. Pa. Sept. 26, 2024) (quoting *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 702 (4th Cir. 2018) (citation omitted)). Further, the plaintiff must show that school officials "responded to the discriminatory peer harassment with deliberate indifference, i.e. in a manner clearly unreasonable in light of the known circumstances." *Id.* (quoting *Feminist Majority Found.*, 911

14

F.3d at 702) (internal quotation marks omitted)). As one court in this district has noted, while "[t]he United States Supreme Court and the Third Circuit Court of Appeals . . . have not addressed whether the Equal Protection Clause protects students from a school's deliberate indifference to student-on-student harassment[,]" there is "a robust consensus of persuasive authority" that such a right exists. *L.S. v. Hanover Area Sch. Dist.*, 2024 WL 2393038, at *22 (M.D. Pa. May 23, 2024) (Munley, J.) (collecting cases).

Here, we conclude that the amended complaint sufficiently alleges that Jane Doe was subject to discriminatory peer harassment, and that the individual defendants knew of the harassment and responded in an unreasonable manner in violation of the Equal Protection clause. As we have discussed with respect to the Title IX claim, the alleged harassment of Jane Doe by A.P. arose out of a prior sexual assault. Such an allegation is sufficient to establish that Jane Doe was subjected to discriminatory peer harassment. *See Goodwin*, 389 F. Supp. 3d at 314 (citing *C.S.*, 2013 WL 2371413, at *9 ("When a sexual assault triggers a course of harassment, the total course of events can be considered sexual harassment.")).

Additionally, the plaintiffs' amended complaint sufficiently alleges that the individual defendants knew of the ongoing harassment and responded unreasonably considering the circumstances. Unlike the initial complaint, the amended complaint sets forth specific instances in which Jennifer Nied informed the individuals defendants of A.P.'s ongoing torment of Jane Doe. Specifically, the amended complaint alleges that Jennifer Nied informed Defendants Presley and Lazor that Jane Doe was ridiculed in front of her class by a teacher alleged to be a friend of the Pica defendants, as well as an instance in which threats were made to Jane Doe's friends regarding removal from the football team after they spoke up on her behalf. (Doc. 1 ¶¶ 43-44). The amended complaint also alleges that Jennifer Nied directly informed Superintendent Brennan of the ongoing harassment, as the "District's Discrimination Policy requires the Superintendent to be informed of complaints of discrimination[.]" (*Id.* ¶ 40). The plaintiffs assert that rather than respond to and investigate these complaints of harassment, the defendants intentionally placed Jane Doe in a class taught by a friend of the Pica defendants, who was also a football coach and who allegedly ridiculed Jane Doe in front of her peers (*id.* ¶ 50); placed Jane Doe in the same lunch period as A.P. (*id.* ¶

16

52); permitted A.P. to attend the semi-formal dance and sit at a table directly next to Jane Doe (*id.* ¶¶ 55-56); and placed a banner with A.P.'s photograph on Jane Doe's route to school. (*Id.* ¶ 58).

At the motion to dismiss stage, where we must accept these factual allegations as true, we conclude that the plaintiffs have sufficiently alleged that Jane Doe was subjected to discriminatory peer harassment, and that the individual defendants were deliberately indifferent to this student-on-student harassment in violation of the Equal Protection clause. *See e.g.*, *Zavada*, 2024 WL 4311492, at *10. Accordingly, the motion to dismiss this claim will be denied.

### b. Monell

We further conclude that the plaintiffs have adequately pleaded a *Monell* claim against the District regarding the alleged Equal Protection violation. A municipal entity may be liable for a constitutional violation under § 1983 if the violation was a direct result of the entity's policy, custom, or practice. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 695 (1978). However, an entity may not be held liable "solely because injuries were inflicted by its agents or employees." *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir.

2007). Rather, a plaintiff must demonstrate a "direct causal link" between the alleged constitutional violation and the municipal policy or custom. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

The Supreme Court has recognized four categories of municipal policies or customs—(1) formally approved rules, (2) unofficial widespread customs, (3) actions of municipal policymakers, and (4) deliberate indifference by a municipal entity. *Monell*, 436 U.S. at 691; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003). A formally approved rule is one issued by a decisionmaker who has final authority to establish municipal policy. *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019). By contrast, an unofficial custom is a "persistent and widespread" practice that, though uncodified, is "so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)). Finally, a municipality is deliberately indifferent only if a "municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty, Okl. v. Brown*, 520 U.S. 397, 410 (1997).

Here, the plaintiffs have alleged that the District, specifically through its Title IX coordinator Superintendent Brennan, failed to implement adequate nondiscrimination policies and failed to adequately address the complaints of sexual harassment. The amended complaint asserts that Superintendent Brennan was made aware of the complaints of harassment directly by Jennifer Nied, and that he failed to investigate the complaints or take any action to quell the ongoing harassment. The plaintiffs allege that this failure by the District resulted in her injuries. In our view, the amended complaint sufficiently states a *Monell* claim against the District regarding its policies, or lack thereof, concerning discrimination and harassment. *See e.g.*, *S.M. v. Tamaqua Area Sch. Dist.*, 2023 WL 2332251, at *4 (M.D. Pa. Mar. 2, 2023) (finding that the complaint's allegations concerning the school district's failure to enforce its policies were sufficient to state a *Monell* claim).

Accordingly, the motion to dismiss the *Monell* claim against the District will be denied.

### c. Due Process

The plaintiffs also appear to assert a Due Process claim against the defendants, alleging that the defendants denied Jane Doe her legitimate

entitlement to a public education as a property right under the Fourteenth Amendment by permitting the ongoing harassment by A.P. and creating a hostile educational environment.

In the brief in support of their motion to dismiss, the defendants characterize this claim as one alleging substantive Due Process and contend that the plaintiffs have not adequately pleaded a substantive Due Process violation. (Doc. 49 at 18-21). For their part, the plaintiffs' brief does not address any of the defendants' arguments regarding the Due Process claim. (*See* Doc. 57). Thus, we conclude that the plaintiff's failure to oppose the defendants' arguments with respect to this claim constitutes an abandonment of this claim. *See Levy-Tatum v. Navient Solutions, Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (collecting cases) (finding that the plaintiff "abandoned those claims upon which she failed to make an substantive arguments" in opposition to a motion to dismiss); *see also Booker v. Central Loan Admin. & Reporting*, 2024 WL 4826053, at *4 (D.N.J. Nov. 19, 2024) (concluding that the plaintiff's failure to address arguments in opposing a motion to dismiss constituted an abandonment of such claims). Accordingly, the plaintiffs' Due Process claim will be dismissed.

Finally, we note that the plaintiffs have requested leave to amend their complaint. Rule 15 of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course, if amended within a particular timeframe, and with either consent of the opposing party or leave of court in all other cases. Fed. R. Civ. P. 15(a). Leave to amend should be freely given "when justice so requires." *Id.* However, the decision to grant a party's request to amend a pleading lies within the discretion of the court. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A court may deny a party's request to amend if amendment would result in undue delay, is motivated by bad faith, would prejudice the nonmoving party, or would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the plaintiffs have already amended their complaint once. Further, the plaintiffs had the opportunity to defend the merits of this Due Process claim and chose not to do so in their opposition to the instant motion. (*See* Doc. 57). Thus, in our view, permitting amendment would result in prejudice to the defendants, who have already expended time and resources arguing against the merits of this claim, both in the instant motion and in the previous motion to dismiss. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("[P]rejudice to the non-moving party is

the touchstone for the denial of an amendment.") (internal quotation marks and citations omitted). Accordingly, the plaintiffs' request for leave to amend will be denied.

## IV.    Conclusion

For the foregoing reasons, the defendants' motion to dismiss (Doc. 48) will be GRANTED IN PART and DENIED IN PART as follows:

1. The motion will be GRANTED with respect to the plaintiffs' Due Process claim;

2. The motion will be DENIED with respect to the Title IX claim against the District, the Equal Protection claim against the individual defendants, and the *Monell* claim against the District; and

3. The plaintiffs' request for leave to amend will be DENIED.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: December 23, 2024