## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, A MINOR, by her Mother and | : | CIVIL ACTION |
| Natural Guardian, JENNIFER NIED, and | : | |
| JENNIFER NIED, Individually, | : | |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| RIVERSIDE SCHOOL DISTRICT d/b/a | : | |
| RIVERSIDE JUNIOR SENIOR HIGH | : | |
| SCHOOL, ROBERT PRESLEY, in his | : | |
| individual and official capacity, | : | |
| CHRISTOPHER LAZOR, in his individual | : | NO. 3:23-cv-01118 |
| and official capacity, PAUL M. BRENNAN,| : | |
| in his individual and official capacity, and | : | |
| BRYAN PICA &  NICOLE PICA, as the | : | (Magistrate Judge Bloom) |
| Parents and Natural Guardians of A.P., a | : | |
| minor, | : | |
| Defendants | : | |

### DEFENDANTS RIVERSIDE SCHOOL DISTRICT'S, ROBERT PRESLEY'S, CHRISTOPHER LAZOR'S, AND PAUL M. BRENNAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

### THE PARTIES

1.      Admitted in part, denied in part. It is admitted that Plaintiff Jane Doe is a minor female. Any further characterization of events in this paragraph is denied.

2.      Admitted.

3.      Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted in part, denied in part. It is admitted that Defendant Presley was employed as the principal of Riverside Junior/Senior High School during the relevant time period. Any further characterization of events in this paragraph is denied.

7.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

8.     Admitted.

9.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

10.     Admitted in part, denied in part. It is admitted that Defendant Lazor was employed as the principal of Riverside Junior/Senior High School during the relevant time period. Any further characterization of events in this paragraph is denied.

11.     Admitted.

12.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

13.     Admitted in part, denied in part. It is admitted that Defendant Brennan was employed as the superintendent of Riverside School District during the relevant time period. Any further characterization of events in this paragraph is denied.

14.     Admitted.

15.     Denied. The allegations of this paragraph are denied.

16.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

17.     Admitted.

18.     Admitted.

19.     Denied. The allegations of this paragraph are denied.

20.     Denied. The allegations of this paragraph are denied.

## JURISDICTION AND VENUE

21.     Admitted.

22.    Admitted.

23.    Admitted.

24.    Admitted.

25.    Admitted.

## FACTUAL BACKGROUND

26.    Admitted.

27.    Admitted.

28.    Admitted.

29.    Admitted.

30.    Admitted.

31.    Admitted.

32.    Admitted.

33.    Admitted.

34.    Denied. The allegations of this paragraph are denied as legal
conclusions to which no response is required. To the extent a response is deemed
necessary, the same are denied, and strict proof thereof is demanded at the time of
trial.

35.    Denied. The allegations of this paragraph are denied as legal
conclusions to which no response is required. To the extent a response is deemed

necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

36.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

37.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

38.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

39.    Denied. The allegations of this paragraph are denied.

40.    Denied. The allegations of this paragraph are denied.

41.    Denied. The allegations of this paragraph are denied.

42.    Denied. The allegations of this paragraph are denied.

43.    Denied. The allegations of this paragraph are denied.

44.    Denied. The allegations of this paragraph are denied.

45.     Denied. The allegations of this paragraph are denied.

46.     Denied. The allegations of this paragraph are denied.

47.     Denied. The allegations of this paragraph are denied.

48.     Denied. The allegations of this paragraph are denied as legal

conclusions to which no response is required. To the extent a response is deemed

necessary, the same are denied, and strict proof thereof is demanded at the time of

trial.

49.     Denied. The allegations of this paragraph are denied.

50.     Denied. The allegations of this paragraph are denied.

51.     Denied. The allegations of this paragraph are denied.

52.     Denied. The allegations of this paragraph are denied.

53.     Denied. The allegations of this paragraph are denied.

54.     Denied. The allegations of this paragraph are denied.

55.     Denied. The allegations of this paragraph are denied.

56.     Denied. The allegations of this paragraph are denied.

57.     Denied. The allegations of this paragraph are denied.

58.     Denied. The allegations of this paragraph are denied.

59.     Denied. The allegations of this paragraph are denied.

60.     Denied. The allegations of this paragraph are denied.

61.     Denied. The allegations of this paragraph are denied.

62.     Denied. The allegations of this paragraph are denied.

63.     Denied. The allegations of this paragraph are denied.

64.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

65.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

66.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

67.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

68.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed

necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

69.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

70.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

71.     Admitted.

## 20 U.S.C. § 1681 "TITLE IX of the EDUCATION AMENDMENTS OF 1972"

72.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

73.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

74.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

## COUNT I: DISCRIMINATION PURSUANT TO TITLE IX (20 U.S.C. § 1681, et. seq.)
### PLAINTIFFS v. RIVERSIDE SCHOOL DISTRICT

75.    Defendants hereby incorporate Paragraphs 1-74 as though fully set forth at length.

76.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

77.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

78.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

79.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

80.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

81.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

82.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

83.     Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

84.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

85.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

86.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

87.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

88.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

89.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

90.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

91.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

92.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

93.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

94.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

95.    Denied. The allegations of this paragraph are denied as legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

## COUNT II: VIOLATION OF PLAINTIFF JANE DOE'S CONSTITUTIONAL RIGHTS (42 U.S.C. § 1983) PLAINTIFFS v. RIVERSIDE SCHOOL DISTRICT and ROBERT PRESLEY, CHRISTOPHER LAZOR, and PAUL M. BRENNAN

96.    Defendants hereby incorporate Paragraphs 1-95 as though fully set forth at length.

97.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

98.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed

necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

99.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

100.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

101.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim

against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

102.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

103.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

104.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

105.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

106.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

107.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

108.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed

necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

109.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

110.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

111.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim

against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

112.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

113.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

114.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

115.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

116.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

117.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial. By way of further response, insofar as this Count asserts a Due Process claim against Defendants, the same was denied by the Court's Order dated December 23, 2024. (Doc. Nos. 64, 65).

## COUNT III: NEGLIGENCE
### PLAINTIFFS v. BRYAN PICA and NICOLE PICA

118.   Defendants hereby incorporate Paragraphs 1-117 as though fully set forth at length.

119.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

120.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

121.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

122.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

123. (a-i).   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is

deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

124.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

125.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

126.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

127.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

128.    Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed

necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

129.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

130.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

131.   Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the same are denied, and strict proof thereof is demanded at the time of trial.

## <u>AFFIRMATIVE DEFENSES</u>

1.   Plaintiffs' Complaint fails to state a claim on which relief may be granted.

2.   Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

3.   Plaintiffs' claims are *de minimis*.

4.    Plaintiffs' claims are barred by the doctrine of waiver.

5.    Plaintiffs' claims are barred, in whole or in part, by *res judicata*.

6.    Plaintiffs' claims are barred, in whole or in part, by collateral estoppel.

7.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention.

8.    Defendants are immune from suit.

9.    Plaintiffs are not entitled to any damages in this matter.

10.    Defendants are entitled to qualified immunity.

11.    Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust administrative remedies.

12.    Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

MARSHALL  DENNEHEY, P.C.

By:_____
        William J. McPartland, Esquire
        Attorney I.D. No:  PA 94214
        P.O. Box 3118
        Scranton, PA  18505-3118
        (570) 496-4600
        WJMcPartland@mdwcg.com

## **CERTIFICATE OF SERVICE**

I, William J. McPartland, Esquire, hereby certify that on January 10, 2025, I

served  a true and correct copy of Defendants' Answer and Affirmative Defenses

via ECF upon the following:

Ryan Campbell, Esq.
Dave W. Rothenberg, Esq.
345 Wyoming Ave., Ste. 210
Scranton, PA 18503
*Counsel for Plaintiffs*

                    MARSHALL  DENNEHEY, P.C.

By:_____
                    William J. McPartland, Esquire
                    Attorney I.D. No:  PA 94214
                    P.O. Box 3118
                    Scranton, PA  18505-3118
                    (570) 496-4600
                    WJMcPartland@mdwcg.com