# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, A MINOR, by her Mother and Natural Guardian, JENNIFER NIED, and JENNIFER NIED, Individually, | : : : : | CIVIL ACTION |
| Plaintiffs | : : | JURY TRIAL DEMANDED |
| v. | : : | |
| RIVERSIDE SCHOOL DISTRICT d/b/a RIVERSIDE JUNIOR SENIOR HIGH SCHOOL, ROBERT PRESLEY, in his individual and official capacity, CHRISTOPHER LAZOR, in his individual and official capacity, PAUL M. BRENNAN, in his individual and official capacity, and BRYAN PICA & NICOLE PICA, as the Parents and Natural Guardians of A.P., a minor, | : : : : : : : : : : : | NO. 3:23-cv-01118 (Magistrate Judge Bloom) |
| Defendants | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BRYAN PICA AND NICOLE PICA TO PLAINTIFFS' AMENDED COMPLAINT

AND NOW, come the Defendants, Bryan Pica and Nicole Pica as the Parents and Natural Guardians of A.P., a minor, (**"Parent Defendants"**) by and through their attorney, Frank J. Santomauro, Esquire and hereby answer Plaintiffs' Amended Complaint as follows:

## THE PARTIES

1. Admitted and denied. It is admitted that Jane Doe is a minor female individual; however, any further characterization is denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

7. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

8. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

9. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

10. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

11. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

12. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

13. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

14. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

15. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

16. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

17. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

18. Admitted.

19. Denied as stated. It is specifically denied that the Parent Defendants enjoy a favoritism status within the Riverside School District for any reason.

20. Denied as stated. It is specifically denied that the Parent Defendants enjoy a favoritism status within the Riverside School District for any reason.

## JURISDICTI ON AND VENUE

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

## FACTUAL BACKGROUND

26. Admitted.

27. Denied. Parent Defendants are without sufficient knowledge to form a belief as to the truth of said averment and strict proof of the same is demanded at time of trial.

28. Denied. Parent Defendants are without sufficient knowledge to form a belief as to the truth of said averment and strict proof of the same is demanded at time of trial.

29. Denied. Parent Defendants are without sufficient knowledge to form a belief as to the truth of said averment and strict proof of the same is demanded at time of trial.

30. Denied. Parent Defendants are without sufficient knowledge to form a belief as to the truth of said averment and strict proof of the same is demanded at time of trial.

31. Denied. Parent Defendants are without sufficient knowledge to form a belief as to the truth of said averment and strict proof of the same is demanded at time of trial.

32. Denied. Parent Defendants are without sufficient knowledge to form a belief as to the truth of said averment and strict proof of the same is demanded at time of trial.

33. Denied. Parent Defendants are without sufficient knowledge to form a belief as to the truth of said averment and strict proof of the same is demanded at time of trial.

34. Admitted and Denied. It is admitted that Jane Doe and A.P. were both students enrolled in Riverside School District in January of 2021. The remaining allegations are denied as conclusions of law to which no response is required. By way of further answer, the Juvenile Adjudication speaks for itself, requiring no further answer.

35. Denied. Such is a conclusion of law to which no response is required. By way of further answer, the Juvenile Adjudication speaks for itself, requiring no further answer.

36. Denied. Such is a conclusion of law to which no response is required. By way of further answer, the Petition Alleging Delinquency speaks for itself, requiring no further answer.

37. Denied. The Juvenile Adjudication speaks for itself, requiring no further answer.

38. Denied. The Juvenile Adjudication speaks for itself, requiring no further answer.

39. Denied. Parent Defendants are without sufficient knowledge to form a belief as to the truth of said averment and strict proof of the same is demanded at time of trial.

40. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

41. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

42. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

43. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

44. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

45. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

46. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

47. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

48. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

49. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

50. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

51. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

52. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

53. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

54. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer. To the extent an answer can be provided, the allegations of A.P.'s conduct towards Jane Doe are denied and strict proof of the same is demanded at the time of trial.

55. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

56. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer. To the extent an answer can be provided, the

allegations of A.P.'s conduct towards Jane Doe are denied and strict proof of the same is demanded at the time of trial.

57. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer. To the extent an answer can be provided, the allegations that A.P. was present for the entirety of the evening, of A.P.'s conduct while present and that Jane Doe spent the majority of the night crying in the bathroom are denied and strict proof of the same is demanded at the time of trial.

58. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

59. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

60. Admitted and Denied. It is admitted that A.P. may have walked down a hallway making a statement of that nature at some time; however, any implication that A.P. directed such a statement to Jane Doe is specifically denied.

61. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

62. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

63. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

64. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer. To the extent the allegation may be considered as directed to Parent Defendants, it is denied and strict proof of the same is demanded at time of trial.

65. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer. To the extent the allegation may be considered as directed to Parent Defendants, it is denied and strict proof of the same is demanded at time of trial.

66. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

67. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

68. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

69. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

70. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

71. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

**<u>20 U.S.C. § 1681 "TITLE IX of the EDUCATION AMENDMENTS OF 1972"</u>**

72. Denied. Such is a recitation of law related to Plaintiffs' claims against a Defendant other than Parent Defendants to which no response is required.

73. Denied. Such is a recitation of law related to Plaintiffs' claims against a Defendant other than Parent Defendants to which no response is required.

74. Denied. Such is a recitation of law related to Plaintiffs' claims against a Defendant other than Parent Defendants to which no response is required.

**<u>COUNT I: DISCRIMINATION PURSUANT TO TITILE IX</u>**
**<u>(20 U.S.C. § 168, et seq.)</u>**
**<u>PLAINTIFFS V. RIVERSIDE SCHOOL DISTRICT</u>**

75. All of the foregoing paragraphs hereof are incorporated herein as though the same were fully set forth at length.

76. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

77. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

78. Denied. Such is a conclusion of law related to an allegation directed to a Defendant other than Parent Defendants and requires no answer.

79. Denied. The allegation insofar as based upon the conduct of A.P. is denied.

80. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

81. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

82. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

83. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer. By way of further answer, the allegation insofar as based upon the conduct of A.P. is denied.

84. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

85. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

86. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

87. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

88. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

89. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

90. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

91. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer. By way of further answer, the allegation insofar as based upon the conduct of A.P. is denied.

92. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

93. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

94. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

95. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

**COUNT II: VIOLATION OF PLAINTIFF JANE DOE'S CONSTITUTIONAL RIGHTS (42 U.S.C. § 1983)**
**PLAINTIFFS V. RIVERSIDE SCHOOL DISTRICT and ROBERT PRESLEY, CHRISTOPHER LAZOR, and PAUL M. BRENNAN**

96. Admitted and denied as aforestated.

97. Denied. Such is a statement of law which requires no response.

98. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

99. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

100. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

101. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

102. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

103. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

104. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

105. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer. By way of further answer, the allegations of A.P.'s conduct are denied.

106. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

107. Denied. Such is a statement of law which requires no response.

108. Denied. Such is a conclusion of law which requires no response.

109. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer. By way of further answer, the allegations of A.P.'s conduct are denied.

110. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

111. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

112. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer. By way of further answer, the allegation regarding the existence of a preferential status of A.P. or Parent Defendants is denied.

113. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer. By way of further answer, the allegation regarding the existence of a preferential status of A.P. or Parent Defendants is denied.

114. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

115. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer. By way of further answer, it is denied that A.P. harassed, threatened or ridiculed Jane Doe in school.

116. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

117. Denied. The allegation is directed to a Defendant other than Parent Defendants and requires no answer.

### COUNT III: NEGLIGENCE
### PLAINTIFFS V. BRYAN PICA & NICOLE PICA

118. Admitted and denied as aforesaid.

119. Denied. Such is a conclusion of law which requires no response.

120. Denied. It is specifically denied that Parent Defendants had the knowledge alleged or that they were advised of any ongoing conduct of A.P. at school and strict proof is demanded at time of trial.

121. Denied. It is specifically denied that Parent Defendants had the knowledge alleged or that they were advised of any ongoing conduct of A.P. at school and strict proof is demanded at time of trial.

122. Denied. It is specifically denied that Nicole Pica attempted to strike and/or attempted to threaten Jane Doe with her vehicle and strict proof is demanded at time of trial.

123. Denied. Subparagraphs a - i are denied as follows:

a. Denied. It is denied that Parent Defendants engaged in conduct putting Jane Doe in reasonable fear of imminent bodily harm and strict proof is demanded at time of trial.

b. Denied. It is denied that Parent Defendants engaged in conduct putting Jane Doe in reasonable fear of imminent psychological harm and strict proof is demanded at time of trial.

c. Denied. It is denied that Parent Defendants failed to act reasonably and strict proof is demanded at time of trial.

d. Denied. It is denied that Parent Defendants harassed, annoyed or alarmed Jane Doe and/or that A.P. tormented, harassed or ridiculed Jane Doe and strict proof is demanded at time of trial.

e. Denied. It is denied that Parent Defendants ever knew of any such conduct of A.P. towards Jane Doe and/or that A.P. engaged in any such conduct and strict proof is demanded at time of trial.

f. Denied. It is denied that Parent Defendants engaged in outrageous conduct and strict proof is demanded at time of trial.

g. Denied. It is denied that Parent Defendants ever utilized or enjoyed any preferential status with the Riverside School District, covered up any conduct of A.P. or that A.P. engaged in any of the alleged conduct towards Jane Doe in school and strict proof is demanded at time of trial.

    h.     Denied. It is denied that Parent Defendants harassed Jane Doe or knew of any conduct of A.P. in school that would cause any injury to Jane Doe and strict proof is demanded at time of trial.

    i.     Denied.

124. Admitted. It is admitted that Parent Defendants had knowledge of the juvenile proceeding that resulted from Jane Doe's accusations against A.P. and that Jane Doe was a student at Riverside High School.

125. Denied. It is specifically denied that Parent Defendants had the ability to control A.P.'s actions at school and/or that A.P. engaged in any conduct of the nature alleged by Plaintiffs in school or exhibited dangerous tendencies and strict proof is demanded at time of trial.

126. Denied. It is specifically denied that Parent Defendants were negligent or that A.P. engaged in any conduct of the nature alleged by Plaintiffs towards Jane Doe in school and strict proof is demanded at time of trial.

127. Denied. It is specifically denied that any injuries suffered by Jane Doe in school were foreseeable by Parent Defendants and it is specifically denied that A.P. engaged in any conduct of the nature alleged by Plaintiffs towards Jane Doe in school and strict proof is demanded at time of trial.

128. Denied. It is specifically denied that Parent Defendants knew of any such tendencies of A.P. at any time or that A.P. engaged in any conduct of the

nature alleged by Plaintiffs towards Jane Doe in school and strict proof is demanded at time of trial.

129. Denied. It is specifically denied that Parent Defendants had any such knowledge or that A.P. engaged in any conduct of the nature alleged by Plaintiffs towards Jane Doe in school or posed a risk to Jane Doe and strict proof is demanded at time of trial.

130. Denied. It is specifically denied that Parent Defendants were ever informed by any party of any problematic behavior of A.P. towards Jane Doe in school and strict proof is demanded at time of trial.

131. Denied. Such are conclusions of law which require no response.

WHEREFORE, Parent Defendants respectfully request that this Honorable Court dismiss Plaintiffs' Amended Complaint and grant any other relief that this Court deems necessary.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs have failed to set forth a cause of action against Parent Defendants upon which relief can be granted.

2. The Plaintiffs have suffered no actionable damages by any alleged conduct of A.P. or negligence or conduct by Parent Defendants.

3. Plaintiffs' claims may be barred by the applicable statute of limitations.

4. Plaintiffs' claims are barred by res judicata.

5. Plaintiffs' claims are barred by collateral estoppel.

Respectfully submitted,

_____
Law Offices of Frank J. Santomauro, LLC
Frank J. Santomauro, Esquire
142 South Main Avenue
Scranton, PA 18504
(570) 342-7787
frank@fjsantolaw.com

**CERTIFICATE OF SERVICE**

I, Frank J. Santomauro, Esquire, hereby certify that, on the 17th day of February, 2025, I served a true and correct copy of the foregoing Answer to Plaintiffs' First-Amended Complaint and Affirmative Defenses via ECF upon the following:

ROTHENBERG & CAMPELL
David W. Rothenberg, Esquire
Ryan P. Campbell, Esquire
Leah K. Popple
345 Wyoming Avenue, Suite 210
Scranton, PA 18503

Marshall Dennehey
William J. McPartland, Esquire
Rachel Insalaco, Esquire
50 Glenmaura National Boulevard
Moosic, PA 18507

_____
Law Offices of Frank J. Santomauro, LLC
Frank J. Santomauro, Esquire
Attorney for Bryan and Nicole Pica